IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAXIE MCNABB, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION NO: 2:06cv664-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| SANDERS LEAD COMPANY, INC. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## COMPLAINT

**I.   JURISDICTION**

1. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4), 2201, 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as the "The Age Discrimination in Employment Act," as amended, 29 U.S.C. Section 621, et seq., 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §2000e-3(a). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights providing for relief against age discrimination and retaliation.

2. The discriminatory employment actions complained of herein were committed, and are being committed, within the State of Alabama.

**II.   ADMINISTRATIVE EXHAUSTION**

3. The Plaintiff Maxie McNabb ( "McNabb) filed a Charge of Discrimination(420-2006-01686) on or about March 31, 2006, with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, Sanders Lead Company Inc. ("Sanders Lead"), within 180 days of the occurrence of the last discriminatory act. Plaintiff has also filed a Charge of Discrimination (420-2006-03864) alleging retaliation by Sanders Lead.  This charge was filed on July 14, 2006 and McNabb has not received a right to sue regarding it. McNabb was issued a Notice of Right to Sue by the EEOC on June 6, 2006.  McNabb is filing this lawsuit less than ninety (90) days after receving

his Notice of Right to Sue.

### III. PARTIES

4. Plaintiff, Maxie McNabb, is a citizen of the United States over the age of 19 and a resident of the State of Alabama. McNabb is over the age of forty (40).

5. Defendant, Sanders Lead Company Inc., is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq.; the "Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq.; and the Alabama Age Discrimination in Employment Act Code of Alabama § 25-1-22 et. seq. Sanders Lead employs over fifteen employees.

### IV. FACTS

6. The Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. McNabb is currently fifty-four (54) years old. McNabb was employed by Sanders Lead from August of 1992 to January 2006 in the Casting/Alloy Department. McNabb always performed his duties and responsibilities in a satisfactory manner.

8. On or around January 5, 2006, McNabb was laid off as part of a "reduction in force."

9. There were three other individuals affected by this "reduction in force" in the Casting/Alloy Department, however, all except one of them has been called back to work. The individual not called back is believed to be incarcerated. All of the employees called back are considerably younger than McNabb.

10. In March 2006, Sanders Lead advertised in the local newspaper for positions in the Casting/Alloy Department on at least two separate occasions. McNabb notified his former supervisor

that he was interested in resuming his old position in the company, however, he was informed that the advertisements were incorrect.

11. McNabb later observed another advertisement in the local newspaper regarding positions in the Casting/Alloy Department and on March 31, 2006 filed an EEOC charge.

12. After filing the March 31, 2006 EEOC charge, McNabb visited the company and met with the personnel manager. This individual informed McNabb that there were indeed openings that he could fill with Sanders Lead, however, McNabb never heard from this company official again.

13. Upon information and belief, Sanders Lead continued to hire younger less qualified applicants.

## V. CAUSES OF ACTION

**COUNT I:    AGE DISCRIMINATION IN EMPLOYMENT**

14. The Plaintiff re-alleges and incorporates by reference paragraphs 1-13 above with the same force and effect as if fully set out in specific detail hereinbelow.

15. Plaintiff was subjected to unequal treatment regarding his employment because of his age. Defendant discriminates on the basis of age in hiring and other terms and conditions of employment.

16. As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

**COUNT II:    RETALIATION**

17. The Plaintiff re-alleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail hereinbelow.

18. McNabb has been retaliated against for opposing discrimination in employment. After filing his EEOC charge on March 31, 2006, McNabb reapplied for a position with Sanders Lead and was denied a position which a Sanders Lead had represented was open. Moreover, Sanders Lead continued to hire younger less qualified applicants.

19. As a consequence and effect of this unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

20. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of this retaliatory, demeaning, and unlawful conduct.

21. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by The Age Discrimination in Employment Act," as amended, 29 U.S.C. Section 621, et seq., 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §2000e-3(a).

2. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

3. Enter an Order requiring the Defendant to make the Plaintiff whole by granting him appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, liquidated damages, punitive damages, and other benefits of employment.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**[PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY]**

Respectfully submitted,

Roderick T. Cooks,
ASB-5819-078R
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS**:
Maxie McNabb
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS**:
Wiley C. Sanders Jr., President
Sanders Lead Company, Inc.
1 Sanders Rd.
Troy, AL 36079