IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAXIE MCNABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06cv664-MHT |
| | ) |
| SANDERS LEAD COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES

Defendant Sanders Lead Company, Inc., hereinafter referred to as Defendant, by counsel, hereby responds to Plaintiff, Maxie McNabb, as follows:

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. Defendant denies the allegations of paragraph 3.  Defendant specifically denies and particularly denies that Plaintiff timely filed his complaint with the EEOC and did not timely file this complaint within 90 days of his receipt of the right-to-sue letter.

4. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 4.

5. The allegations of paragraph 5 are admitted.

6. Defendant re-alleges its responses to paragraphs 1-5.

7. Defendant admits that Plaintiff was employed with the Defendant but denies all other allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant re-alleges its responses to paragraphs 1-13.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant re-alleges its responses to paragraphs 1-17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to exhaust his Administrative Remedies as required by law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the there was a legitimate nondiscriminatory reason for the employment action taken.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred in whole or in part because any discrimination was not intentional.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Plaintiff cannot establish a prima facie case of discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because a discriminatory animus did not play a significant or substantial role in the employment decision.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's EEOC Charge and his complaint

were not filed within the applicable Statute of Limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any other affirmative defenses that may become available during the course of discovery on this matter.

WHEREFORE, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's claims with prejudice.

2. Award Defendant its reasonable attorneys' fees, costs, expenses to the extent permitted by law.

3. Grant Defendant such other relief as this Court may deem just and proper.

Respectfully submitted this the 16th day of November, 2006.

s/ Grady A. Reeves
Grady A. Reeves (REE042)
N.J. Cervera (CER001)
Frank P. Ralph (RAL002)
Matthew M. Baker (BAK017)
Attorneys for Defendant

OF COUNSEL:
CERVERA, RALPH, & REEVES, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
phone (334) 566-0116
fax     (334) 566-4073

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by placing the same in the U.S. Mail, postage prepaid and properly addressed to:

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The Penick Building

319 17th Street North
Birmingham, Alabama 35203

this the 16th day of November, 2006.

                                                                s/ Grady A. Reeves
                                                                OF COUNSEL