**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **MAXIE MCNABB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 2:06cv664-MHT** |
| ) | |
| **SANDERS LEAD COMPANY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

_____

**DEFENDANT'S BRIEF IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**
_____

COMES NOW, Defendant Sanders Lead Company, Inc. ("Sanders Lead"),by and through the undersigned counsel of record, and moves this Honorable Court to enter summary judgment in Defendant's favor pursuant to Rule 56 of the *Federal Rules of Civil Procedure.* As grounds therefore, Sanders Lead submits the following Brief in Support of its Motion for Summary Judgment. Sanders Lead alleges that no genuine issues of material fact exist and Defendant is entitled to judgment as a matter of law. Accordingly, Sanders Lead states as follows:

**I.     INTRODUCTION**

In his complaint, Plaintiff, Maxie McNabb, attempts to bring claims against Sanders Lead under "the Age Discrimination in Employment Act," (ADEA) as amended, 29 U.S.C. § 621, et seq., 29 U.S.C. §§ 215 and 216, and 42 U.S.C. §2000e-3 (a) and a retaliation claim for Sanders Lead allegedly not rehiring him months after he was discharged. As shown below, however, Mr. McNabb cannot present the Court sufficient evidence to

support his claims against Sanders Lead.  Consequently, Sanders Lead is entitled to summary judgment on each and every claim asserted against it by Mr. McNabb.

## II     STATEMENT OF FACTS

According to Plaintiff Maxie McNabb, he began working for Sanders Lead as a laborer in the Casting and Alloy Department in August of 1992.  *See Plaintiff's Complaint, p. 2, ¶ 7.*  Mr. McNabb remained a laborer for most of his career at Sanders Lead with the exception of a period of time in 1998 to 1999 when he worked in the laundry department. *See Exhibit 1 the Affidavit of Edgar Fannin, p. 1, ¶ 5.*  At no time during his employment, was he ever under an employment contract.

Over the course of his employment, Mr. McNabb received several disciplinary warnings from his supervisors.  On April 21, 1997, Mr. McNabb received a notice for extending break periods.  *See attached exhibit 2.*  On May 17, 1997, Mr. McNabb received a notice for an unexcused absence.  *See attached exhibit 2.*  On September 28, 1997, Mr. McNabb received another notice for an unexcused absence.  *See attached exhibit 3.*  On October 11 and October 22, Mr. McNabb received a notice for two other unexcused absences. *See attached exhibit 3.*  On March 4, 1998, he received a notice for failure to see a required training film.  *See attached exhibit 4.*  On April 4, 1998, Mr. McNabb received a notice improperly doing his job that included a remark about the seriousness of this violation.  *See attached exhibit 5.*  On April 27, 1998, Mr. McNabb received a notice for an unexcused absence.  *See attached exhibit 5.*  On June 29, 1998, Mr. McNabb received a notice for an unexcused absence and was suspended for three days. *See attached exhibit 6.* On August 24, 1998, he received a warning for loitering during working

-2-

hours. *See attached exhibit 6.* On November 22, 1998, he received a warning for another unexcused absence. *See attached exhibit 7.* On November 27, 1998, he received another warning for an unexcused absence. *See attached exhibit 8.* On March 1, 1999 he received a warning for leaving his assigned work station without permission. *See attached exhibit 9.* On March 15, 1999 he received a warning for arriving late for his assigned shift. *See attached exhibit 9.* On September 4, 1999, he received a warning for excessive tardiness. *See attached exhibit 7.* On September 6, 1999, he received another warning for excessive tardiness. *See attached exhibit 8.* On January 21, 2000, Mr. McNabb received a notice for not calling in or coming in to work on the previous day. *See attached Exhibit 10.* On March 24, 2000, Mr. McNabb received another notice for not calling in or coming in to work on the previous day. *See attached Exhibit 11.* On June 18, 2000, Mr. McNabb received yet another notice for not calling in or coming in to work. *See attached Exhibit 11.* On November 27, 2000, he received a warning for tardiness. *See attached Exhibit 12.* On December 28, 2000, he received another warning for an unexcused absence. *See attached Exhibit 12.* On January 25, 2001 he received another warning for an unexcused absence. *See attached Exhibit 13.* On March 27, 2001, Mr. McNabb received a warning for insubordination and misconduct. *See attached Exhibit 13.* On March 29, 2001, Mr. McNabb received another warning for insubordination and misconduct. *See attached Exhibit 14.* On May 7, 2001, Mr. McNabb received another notice for not calling in or coming in to work on the previous day. *See attached Exhibit 14.* On July 26, 2001, Mr. McNabb received a warning for being late to work. *See attached Exhibit 15.* On August 4, 2001, Mr. McNabb received another warning for being

late to work. *See attached Exhibit 15.* On March 7, 2002, he received another warning for an unexcused absence. *See attached Exhibit 16.* On May 1, 2002, he received yet another warning for an unexcused absence and was suspended for three days without pay. *See attached Exhibit 17.* On May 31, 2002, Mr. McNabb received a warning for being late to work. *See attached Exhibit 18.* On October 15, 2002, he received another warning for an unexcused absence. *See attached Exhibit 18.* On November 19, 2002, Mr. McNabb received a warning for being late to work. *See attached Exhibit 19.* On December 11, 2002, Mr. McNabb received a warning for smoking in the bathroom and was sent home. *See attached Exhibit 19.* On November 19, 2002, Mr. McNabb received another warning for being late to work. *See attached Exhibit 20.* On May 5, 2003, he received another warning for an unexcused absence. *See attached Exhibit 20.* On May 15, 2003, Mr. McNabb received a warning for failing to go for his six month arsenic physical. *See attached Exhibit 21.* On May 18, 2003, Mr. McNabb received another warning for being late to work. *See attached Exhibit 21.* On July 6, 2003, he received another warning for an unexcused absence. *See attached Exhibit 22.* On August 22, 2003, Mr. McNabb received a warning for an unexcused absence and falsification of documents. *See attached Exhibit 22.* On September 25, 2003, he received another warning for an unexcused absence. *See attached exhibit 23.* On November 15, 2003, Mr. McNabb received a warning for not coming to work. *See attached exhibit 24.* On January 14, 2004, he received another warning for an unexcused absence. *See attached exhibit 24.* On February 8, 2004, Mr. McNabb received another warning for excessive tardiness. *See attached exhibit 25.* On April 10, 2004, he received another warning for an unexcused

absence. *See attached exhibit 25.* On May 13, 2004, he received yet another warning for an unexcused absence. *See attached exhibit 26.* On June 7, 2004 Mr. McNabb received another warning for unexcused absences on June 5 and June 6 of 2004. *See attached exhibit 26.* On July 8, 2004, he received a warning for being late. *See attached exhibit 27.* On July 18, 2004, Mr. McNabb received a notice for excessive absenteeism and was suspended for three days without pay. *See attached exhibit 28.* On October 7, 2004 Mr. McNabb received another notice for excessive absenteeism and was again suspended for three days without pay. *See attached exhibit 27.* On March 1, 2005, he received a notice for being absent without cause. A note concerning his bad attitude was made by Edgar Fannin. *See attached exhibit 29.* On March 30, 2005, he received a notice for misconduct and he was sent home. *See attached exhibit 29.* On May 2, 2005 Mr. McNabb received a notice for poor workmanship and negligence that could lead to a work stoppage. Another note was made regarding Mr. McNabb being a problem employee. *See attached exhibit 30.* In addition to the several warning notices given to Mr. McNabb, Edgar Fannin, the departmnet head of casting and alloy, also held several discussions where he warned Mr. McNabb his behavior, work ethic, attendance, insubordination, and tardiness. *See Affidavit of Edgar Fannin, p. 3, ¶ 12.*

In January of 2006, management of Sanders Lead instituted a work force reduction in order to reduce expenses. *See Exhibit 31, Affidavit of Bart Sanders, p.1, ¶ 3.* Employees who had discipline problems, poor work ethic, and/or unsatisfactory production were looked at first. *See Affidavit of Bart Sanders, p.1, ¶ 4, and also Affidavit of Edgar Fannin, p.1, ¶ 6.* Mr. McNabb's characteristics fit in all three categories and he was subsequently

discharged. *See Affidavit of Edgar Fannin, p. 1, ¶ 5.* Prior to the reduction, Edgar Fannin, Mr. McNabb's supervisor, approached Mr. McNabb and discussed the situation with him. Mr. McNabb was agreeable to the discharge due to the difficulty he had in performing the job. *See Affidavit of Edgar Fannin, p. 2, ¶ 7.* Additionally, three other laborers in Mr. McNabb's department weredischarged. Of those employees, one was 19 and one was 21. *See Affidavit of Edgar Fannin, p. 2, ¶ 8.*

Mr. McNabb states in his complaint that he was terminated because of his age, simply because he claims he "always performed his duties and responsibilities in a satisfactory manner." *See Plaintiff's Complaint, p. 2, ¶ 7.* Mr. McNabb does not have any other evidence to support his claim he was terminated because of his age. On or about March 31, 2006, Mr. McNabb filed a complaint for age discrimination with the EEOC. *See Plaintiff's Complaint, p. 3, ¶ 11.* That complaint was dismissed by the EEOC on June 6, 2006 as the EEOC was unable to conclude that the information obtained established any violation of the statute. *See attached Exhibit 32, EEOC Dismissal and Notice of Rights.*

On May 24, 2006, Mr. McNabb visited Sam Kitchens, the personnel manager of Sanders Lead, and discussed the possibility of coming back to work. *See Exhibit 33, Affidavit of Sam Kitchens, p. 2, ¶ 9.* At that time, Sanders Lead was not hiring, and due to Mr. McNabb's previous work history, he would not likely have been hired even if Sanders Lead was hiring. *See Affidavit of Sam Kitchens, p. 2, ¶ 12, and also Affidavit of Edgar Fannin, p. 2, ¶ 11.* In Mr. McNabb's complaint, he alleges that he "reapplied for a position with Sanders Lead and was denied a position which [sic] Sanders Lead had represented was open." *See Plaintiff's Complaint, p. 4, ¶ 18.* The representation Mr. McNabb is

referring to is an advertisement placed in the Troy Messenger, Troy's local newspaper, that states Sanders Lead was seeking employees for the furnace department and the casting and alloy department. That ad was placed March 10, 2006, two months and two weeks prior to Mr. McNabb applying for a job. *See Affidavit of Sam Kitchens, p. 2, ¶ 12.* Mr. McNabb does not have any other evidence to support his claim he was retaliated against by Sanders Lead not rehiring him after he reapplied.

## III    STANDARD OF REVIEW

On a motion for summary judgment, the court must assess the proof in order to determine whether there is a genuine need for a trial. *See Mulhall v. Advance Security, Inc.,* 19 F.3d 586, 590 (11th Cir. 1994). Summary Judgment is appropriate only if the record shows that there is no genuine issue as to any material fact. *See id.;* Fed R. Civ. P. 56(c). "Material facts are those that might affect the outcome of the suit under governing law." *Id.* "All justifiable inferences about the facts must be resolved in favor of the non-movant." *Id.* (citations omitted). "Where the record taken as a whole could not lead a rationale trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

Rule 56(c) of the *Federal Rules of Civil Procedure* "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Beck v. City of Haleyville*, *Alabma*, 127 F. Supp. 2d 1197, 1205 (N.D. Ala 2001)(quoting *Celotex Corp. v.*

-7-

*Catrett*, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  "In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.*

## IV    ARGUMENT AGAINST PLAINTIFF'S AGE DISCRIMINATION CLAIM

The plaintiff in an ADEA case "bears the ultimate burden of proving by a preponderance of the evidence that age was a determining factor in the employer's decision to dismiss him." *Zaben v. Air Product Chemicals, Inc.,* 129 F.3d 1453, 1457 (11th Cir. 1997)(citing *Clark v.Coats & Clark, Inc.* 990 F.2d 1217, 1226 (11th Cir. 1993)).  To survive a motion for summary judgment, a plaintiff bringing an ADEA claim "must first establish a prima facie case of age discrimination" either "by presenting direct evidence of discriminatory intent, such as age-biased statements made by the decision-maker . . . [or] by presenting circumstantial evidence which complies with the test set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)."  *Id.* (other citations omitted).

If a plaintiff is successful in establishing a prima facie case, "the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the plaintiff's discharge." *Id.* (citing *Clark,* 990 F.2d at 1227).  If the employer meets this burden of production, "the burden shifts back to the plaintiff to 'introduce significantly probative evidence showing that the asserted reason is merely pretext for discrimination.'" *Id.* (quoting *Clark*, 990 F.2d at 1228).

In this case, Plaintiff has not presented any direct evidence of age discrimination.

**A.    Because Mr. McNabb cannot establish a prima facie case of age discrimination, Sanders Lead is entitled to summary judgment as a matter of law.**

To establish a prima facie case of age discrimination, a plaintiff must establish four elements: (1) he was a member of the protected class; (2) he was qualified to do the job; (3) he was discharged; and (4) he was replaced by someone outside of the protected group. *Zaben*, 129 F.3d at 1457 (citing *Castle v. Sangamo Weston. Inc.,* 837 F.2d 1550, 1558 (11th Cir. 1980)).  Plaintiff's case fails because he cannot establish the second and fourth elements.

Sanders Lead stipulates that Mr. McNabb was a member of the protected group and that he was discharged.  However, Sanders Lead states that Mr. McNabb was no longer qualified to do the job.  At one time, Mr. McNabb was qualified to do the job.  However, over the years of his employment, Plaintiff developed discipline problems, poor work ethic, and unsatisfactory production. *See Affidavit of Edgar Fannin, p. 1, ¶ 5.*

Even if Plaintiff was qualified to do the job, he still cannot establish a prima facie case of age discrimination because he was not replaced by someone outside the protected group.  In fact, Mr. McNabb was not replaced at all.  Mr. McNabb's discharge was a result of a work force reduction enforced by the plant manager. *See Affidavit of Bart Sanders, p.1, ¶ 5, and also p.2, ¶ 11.*

**B.    Mr. McNabb cannot establish that Sanders Lead's legitimate, nondiscriminatory reason for his termination is pretextual.**

Even assuming *arguendo,* that Plaintiff can establish a prima facie case of age discrimination, his claim is still subject to dismissal on summary judgment because he has no evidence that Sanders Lead's legitimate nondiscriminatory reasons for its decision to

terminate his employment are pretextual.

In order to survive summary judgment where, as here, the employer has proffered a legitimate nondiscriminatory reason for discharge, Plaintiff "must create a genuine issue of material fact as to whether the reasons advanced by [Sanders Lead] are pretextual." *Holiness v. Moore-Handley, Inc.,* 114 F.Supp.2d 1176, 1182 (N.D. Ala. 1999)(citing *Bogle v. Orange County Bd. Of County Com'rs,* 162 F.3d 653, 658 (11th Cir. 1998)). "In other words, [Mr. McNabb] must provide sufficient evidence to allow a reasonable fact finder to conclude that the proffered reasons were not actually the motivation for his discharge." *Id.* (citing *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) *cert denied* 522 U.S. 1045 (1998)). Mr. McNabb may do this : "(1) by showing that the legitimate nondiscriminatory reasons should not be believed; or (2) by showing that, in light of all of the evidence, discriminatory reasons more likely motivated the decision than the proffered reasons." *Id.* (citations omitted).

In evaluating an employer's reason for terminating a plaintiff, courts note that "establishing pretext is not merely demonstrating that the employer made a mistake [in its assessment of an employee's job performance or conduct], but that the employer did not give an honest account of its behavior ." *Id.* (citation omitted). "[An] employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Holiness,* 114 F.Supp.2d at 1183 (quoting *Nix v. WLCY Radio/Rahll Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984)).

The fact that an employee disagrees with a decision is irrelevant because an

employee's "perception of himself . . . is not relevant.  It is the perception of the decision maker which is relevant."  *Webb v. R&B Holding Company, Inc.*, 992 F.Supp. 1382, 1387 (S.D.Fla. 1998)(citing *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980)).   "The fact that an employee disagrees with an employer's evaluation of him does not prove pretext."  *Id.* (citations omitted).  Finally, "even if [a] [court agreed with [a plaintiff]" regarding his behavior, courts do not "substitute [their] own business judgment for that of the employer." *Id.* (citing *Alphin v. Sears Roebuck & Co.*, 940 F.2d 1497, 1501 (11th Cir. 1991)).

### 1.   Plaintiff has not presented sufficient evidence to dispute the basis for Sanders Lead's legitimate nondiscriminatory reasons for terminating him.

In *Holiness*, *supra*, the plaintiff claimed that he had been terminated because of his race in violation of Title VII of the Civil Rights Act 42 U.S.C. §2000e et seq.  The defendant-employer asserted that it terminated the plaintiff, in part, because of the customer and co-worker complaints about the plaintiff.  In support of his claim that the proffered reason was pretextual, the plaintiff offered his own statement that "he called the vendors with whom he dealt on a regular basis and they allegedly told him that they were satisfied with him."  *Id.* at 1182.  However the plaintiff failed to offer "substantial evidence indicating that [the defendant] did not actually receive complaints about him or that [the defendant] did not base its employment decision on such complaints . . ." *Id.*  Instead, the plaintiff merely submitted "his assertions of his own good performance . . . [which were] insufficient to show that [the defendant's] proffered reasons [were] pretextual."  *Id.* (citing *Holifiled v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997)).  Accordingly, the court concluded that summary judgment for the defendant-employer was appropriate.

-11-

Similarly, in *Webb, supra,* the employer asserted that it had discharged the plaintiff based on her insubordination as demonstrated by several complaints the employer received from customers and co-workers. *Webb*, 992 F.Supp. At 1387. The plaintiff did not dispute that the complaints were made, but claimed that the underlying contentions of the complaints, such as that she acted in a rude manner, were untrue. The court stated that this was insufficient to establish pretext, because it was nothing more than the "plaintiff's perception of [herself]" which "is not relevant." *Id.* Therefore summary judgment was awarded to the employer. *Id.*

In this case Sanders Lead discharged Mr. McNabb as part of a work force reduction for the following reasons: (1) discipline problems (2) poor work ethic and (3) unsatisfactory production. *See Affidavit of Edgar Fannin, p. 1, ¶ 5.* Mr. McNabb has only offered a statement in his complaint that "[he] always performed his duties and responsibilities in a satisfactory manner." *See Plaintiff's Complaint, p. 2, ¶ 7.* That statement is nothing more than "plaintiff's perception of [himself]" which "is not relevant." *Webb*, 992 F.Supp. At 1387. Thus Mr. McNabb cannot dispute his discipline problems, his poor work ethic and his unsatisfactory production and therefore has absolutely no evidence that Sanders Lead's legitimate nondiscriminatory reasons for his discharge were pretextual.

Sanders Lead has come forward with legitimate nondiscriminatory reasons for Mr. McNabb's discharge supported by sworn declarations. Mr. McNabb has no evidence to dispute the facts contained in the declarations concerning the discipline problems, poor work ethic and unsatisfactory production that led to his discharge. Accordingly, Mr. McNabb has no evidence of pretext and summary judgment should be awarded in favor

of Sanders Lead.

**2.     All of the evidence supports the fact that Sanders Lead's decision to discharge Mr. McNabb was based on  legitimate nondiscriminatory reasons.**

Mr. McNabb has presented no relevant evidence to dispute the fact that he developed discipline problems, poor work ethic and unsatisfactory production during his employment at Sanders Lead.  Mr. McNabb also cannot establish that in light of all the evidence, discriminatory reasons more likely motivated the decision to discharge him than Sanders Lead's proffered reasons.  Indeed, all of the evidence in this case firmly supports Sanders Lead's position.

First, there has been no evidence presented that Sanders Lead ever made any specific remarks or comments about Mr. McNabb's age.  Further, Mr. McNabb cannot dispute the fact that Sanders Lead was aware he was over 40 years of age when they hired him on September 8, 1992 and rehired him on November 16, 1992.  Mr. McNabb's date of birth is August 30, 1951.  *See attached exhibit 34, Mr. McNabb's Employment Eligibility Verification Form.*  Mr. McNabb was hired on September 8, 1992 by Sanders Lead. *See attached exhibit 35.*  Mr. McNabb quit working at Sanders Lead on October 15, 1992.  *See attached exhibit 36.*  Sanders Lead rehired Mr. McNabb on November 16, 1992.  *See attached exhibit 37.*  Mr. McNabb was subsequently discharged in January 2006.   At both times of hire, Mr. McNabb was 41 years of age.   Mr. McNabb was subsequently discharged in January 2006 by Bart Sanders, Sam Kitchens and Edgar Fannin. The fact that Sanders Lead hired and fired Plaintiff with full knowledge of his status as a member of the protected class cuts against any claim that age discrimination played

a role in Mr. McNabb's termination.   *See Kossow v. St. Thomas University Inc.,* 42 F.Supp.2d 1312, 1316 (S.D.Fla. 1999); *see also Proud v. Stone*, 945 F.2d 796,797 (4th Cir. 1991); *Brown v. CSC Logic, Inc.,* 82 F.3d 651, 658 (5th Cir. 1996); *EEOC v. Our Lady of Resurrection Med. Ctr.,* 77 F.3d 145, 152 (7th Cir. 1996); *Lowe v. J.B. Hunt Transport, Inc.,* 963 F.2d 173, 174-175 (8th Cir. 1992); *Bradley v. Harcourt Brace and Co.,* 104 F.3d 267, 270-71 (9th Cir. 1996).   Additionally, Mr. McNabb was one of numerous employees at Sanders Lead.  Of those employees, several are over the age of 40 presently and at the time they were hired, as Mr. McNabb was.  *See Affidavit of Sam Kitchens, p. 2, ¶ 11.*

Further, in Mr. McNabb's complaint, he states that "[u]pon information and belief, Sanders Lead continued to hire younger less qualified applicants." *See Plaintiff's Complaint, p. 3, ¶ 13.* There has been no evidence presented by the Plaintiff at any time to support this contention.  The only evidence presented of Sanders Lead attempting to hire anyone, let alone a younger employee to replace Mr. McNabb, is a classified ad placed in the local newspaper on March 10, 2006 that stated the company was hiring employees for the furnace department and the casting and alloy department.   As stated previously, one element Mr. McNabb must prove in an ADEA action is that he was replaced by someone outside of the protected group.  *Zaben*, 129 F.3d at 1457 (citing *Castle v. Sangamo Weston. Inc.,* 837 F.2d 1550, 1558 (11th Cir. 1980)).   The advertisement only shows that Sanders Lead was looking to hire employees more than two months after a work force reduction.  There is no evidence that infers Sanders Lead was looking for replacement employees for the workers that were discharged during the work force reduction.   Instead, Sanders Lead was looking for replacement employees for

employees who had left the company after the work force reduction.  *See Affidavit of Bart Sanders, p. 2, ¶ 11 and also see Affidavit of Sam Kitchens, p. 1, ¶ 8.*

All of the facts in this case support Sanders Lead's position that it terminated Mr. McNabb for legitimate nondiscriminatory reasons.  Plaintiff has no evidence that these reasons were false or that the real reason was unlawful age discrimination.  Accordingly, Sanders Lead is entitled to a summary judgment as a matter of law.

## V    ARGUMENT AGAINST PLAINTIFF'S RETALIATION CLAIM

In order to establish a *prima facie* case for retaliation under Title VII, Mr. McNabb must show: "that (1) [he] engaged in ... statutorily protected expression; (2) [he] suffered an adverse employment action; and (3) there is a causal [connection] between the two events." *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 715 (11th Cir.2002) (citation omitted). Once "a plaintiff makes out a *prima facie* case of retaliation, the burden shifts to the defendant to produce legitimate reasons for the adverse employment action." *Id.* (citation omitted). "If the defendant does so, the plaintiff must show that the reasons the defendant gave were pretextual." *Id.*

In this case, Mr. McNabb has not presented sufficient evidence to establish a prima facie case of retaliation.

### A.    Because Mr. McNabb cannot establish a prima facie case of retaliation, Sanders Lead is entitled to summary judgment as a matter of law.

To establish a prima facie case of retaliation, a plaintiff must establish three elements: (1) he engaged in statutorily protected expression; (2) he suffered adverse employment action; and (3) there was a causal connection between the two. *Shannon v.*

-15-

*Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 715 (11th Cir.2002) (citation omitted). Plaintiff's case fails because he cannot establish the third element.

Sanders Lead stipulates that Mr. McNabb engaged in statutorily protected expression and that not rehiring him in May of 2006 was an adverse employment action. However, Mr. McNabb has not provided any evidence that there was any connection to the two. At the time Mr. McNabb applied for a position, Sanders Lead was not hiring. Further, even if Sanders Lead was hiring, it is unlikely that Mr. McNabb would have been considered due to his past work performance which included discipline problems, poor work ethic and unsatisfactory production. Accordingly, Mr. McNabb has no evidence of a causal connection between his filing of a complaint with the EEOC and Sanders Lead not rehiring him. Therefore, because Mr. McNabb cannot establish a prima facie case of retaliation summary judgment should be awarded in favor of Sanders Lead.

### B. Mr. McNabb cannot establish that Sanders Lead's legitimate, nondiscriminatory reason for not rehiring him is pretextual.

Again, even assuming *arguendo,* that Plaintiff can establish a prima facie case of retaliation, his claim is still subject to dismissal on summary judgment because he has no evidence that Sanders Lead's legitimate nondiscriminatory reasons for its decision to not rehire him are pretextual.

An employer need only produce a neutral reason for not rehiring a previously terminated employee. *Smith v. State of Georgia*, 749 F.2d 683, 687 (11th Cir. 1985). Mr. McNabb applied for employment at Sanders Lead on May 24, 2006. At that time, Sanders Lead was not hiring people in the casting and alloy department.

Additionally, Mr. McNabb was discharged in January of 2006 as part of a work force

-16-

reduction mandated by the management of Sanders Lead. *See Affidavit of Bart Sanders, p. 2, ¶ 8 and also see Affidavit of Edgar Fannin, p. 1, ¶ 7.* Sanders Lead discharged Mr. McNabb as part of the work force reduction for the following reasons: (1)  discipline problems (2) poor work ethic and (3) unsatisfactory production. *see Affidavit of Edgar Fannin, p. 2, ¶ 7.*  Mr. McNabb has only offered a statement in his complaint that "[he] always performed his duties and responsibilities in a satisfactory manner." *See Plaintiff's Complaint, p. 2, ¶ 7.* That statement is nothing more than "plaintiff's perception of [himself]" which "is not relevant." *Webb v. R&B Holding Company, Inc.*, 992 F.Supp. 1382, 1387 (S.D.Fla. 1998)(citing *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980)).   Thus Mr. McNabb cannot dispute that he had discipline problems, a poor work ethic and unsatisfactory production towards the latter part of his employment at Sanders Lead.

Those same reasons for Mr. McNabb's discharge, together with the fact that Sanders Lead was not hiring at the time Mr. McNabb applied for employment are the reasons Mr. McNabb was not rehired.  *See Affidavit of Sam Kitchens, p. 2, ¶ 12 and also see Affidavit of Edgar Fannin, p. 2, ¶ 11.* Therefore, Mr. McNabb has absolutely no evidence that Sanders Lead's legitimate nondiscriminatory reasons for not rehiring him are pretextual.

Sanders Lead has come forward with legitimate nondiscriminatory reasons for Mr. McNabb's not being rehired supported by sworn declarations.  Mr. McNabb has no evidence to dispute the facts contained in the declarations concerning the discipline problems, poor work ethic and unsatisfactory production that led to his original discharge. Further, Mr. McNabb has no evidence to dispute the fact contained in Sam Kitchens'

declaration that at the time Mr. McNabb sought to be rehired, Sanders Lead was not hiring anyone. Accordingly, Mr. McNabb has no evidence of pretext and summary judgment should be awarded in favor of Sanders Lead as to the retaliation claim.

**C.    All of the evidence supports the fact that Sanders Lead's decision to discharge Mr. McNabb was based on legitimate nondiscriminatory reasons.**

The only evidence Mr. McNabb has produced since the beginning of this case that Sanders Lead was even hiring employees for the casting and alloy department is an advertisement placed in the Troy Messenger, Troy's local newspaper, that states Sanders Lead was seeking employees for the furnace department and the casting and alloy department. That ad was placed March 10, 2006, two months and two weeks prior to Mr. McNabb applying for a job. *See Affidavit of Sam Kitchens, p. 2, ¶ 9.* As stated previously, at the time Mr. McNabb applied for a position, Sanders Lead was not hiring. Further, even if Sanders Lead was hiring, it is unlikely that Mr. McNabb would have been considered due to his past work performance. *See Affidavit of Edgar Fannin, p. 2, ¶ 11.* Mr. McNabb does not have any other evidence to support his claim he was retaliated against by Sanders Lead not rehiring him after he reapplied.

Mr. McNabb has presented no relevant evidence to dispute the fact that he developed discipline problems, poor work ethic and unsatisfactory production during his employment at Sanders Lead. Mr. McNabb also cannot establish that in light of all the evidence, discriminatory reasons more likely motivated the decision to not rehire him than Sanders Lead's proffered reasons. Indeed, all of the evidence in this case firmly supports Sanders Lead's position.

All of the facts in this case support Sanders Lead's position that it did not rehire Mr. McNabb for legitimate nondiscriminatory reasons. Plaintiff has no evidence that these reasons were false or that the real reason was unlawful retaliation. Accordingly, Sanders Lead is entitled to a summary judgment as a matter of law.

**VI    CONCLUSION**

Based upon the foregoing, it is evident Mr. McNabb cannot carry his burden of proving the essential elements to each and every cause of action asserted against Sanders Lead in his Complaint. Therefore, Sanders Lead respectfully requests this Honorable Court enter summary judgment in its favor as to all claims asserted against it by Mr. McNabb.

WHEREFORE, ABOVE-PREMISES CONSIDERED, because Plaintiff cannot present sufficient evidence to support his claims for age discrimination or retaliation, Defendant respectfully requests this Honorable Court grant summary judgment as to each and every claim asserted against Defendant by Plaintiff in this matter and that it dismiss Plaintiff's claims with prejudice.

Respectfully submitted this the 25th day of May, 2007.

s/ N.J. Cervera
N.J. Cervera (CER001)

s/ Frank P. Ralph
Frank P. Ralph (RAL002)

s/ Grady A. Reeves
Grady A. Reeves (REE042)

s/ Matthew M. Baker
Matthew M. Baker (BAK017)

OF COUNSEL:
CERVERA, RALPH, & REEVES, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
phone (334) 566-0116
fax    (334) 566-4073

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by placing the same in the U.S. Mail, postage prepaid and properly addressed to:

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

this the 25th day of May, 2007.

s/ N.J. Cervera_____
OF COUNSEL



**STATE OF ALABAMA** )
**COUNTY OF PIKE** )

<u>**AFFIDAVIT OF EDGAR FANNIN**</u>

Personally appeared before me, the undersigned attesting officer duly authorized

by law to administer oaths, Edgar Fannin, who is known to me, after being first duly sworn,

deposes and under oath states as follows:

1.      My name is Edgar Fannin.  I am a resident and citizen of the State of

Alabama, and I am over twenty-one years of age.  I have personal

knowledge of the facts contained in this affidavit.

2.      I have been employed at Sanders Lead Company, Inc. for over 28 years and

for the last 14, I have been employed as the department supervisor for the

casting and alloy department at Sanders Lead Company, Inc.

3.      As department supervisor, I am in charge of overseeing all personnel, their

production and the day to day operations in the casting and alloy

department.

4.      I personally know Mr. Maxie McNabb and have personal knowledge of the

events surrounding his termination.

5.      I have been the department head for Mr. McNabb's department for over 14

years.  Over time, Mr. McNabb's work ethic lessened and his discipline

problem grew.  Also, in the months proceeding his discharge, his work

production sank to an unsatisfactory level.

6.      In late December of 2005, Mr. Bart Sanders, our plant manager, instructed

me to implement a work force reduction in my department.  He told me to

look at employees who were not meeting production, had a poor work ethic

or had discipline problems.

7.  I discharged four employees from the casting and alloy department. Mr. McNabb was one of them. He displayed all three characteristics described by my plant manager. I even discussed the discharge with Mr. McNabb before it happened and he was in agreement, stating that the job was just getting too difficult for him.

8.  Along with Mr. McNabb, three other employees were discharged as part of the work force reduction. There ages were 19, 24 and 41 at the time of their discharge. They were selected for the same reasons as Mr. McNabb. In my opinion, at the time of their discharge, they all had poor work ethic, disciplinary problems or unsatisfactory production.

9.  Maxie McNabb's employment was terminated as part of a work force reduction plan implemented by the company. He was selected because he had poor work ethic, poor production and discipline problems.

10.  Mr. McNabb was not terminated because of his age. Mr. McNabb's age played no part whatsoever in the decision to terminate his employment.

11.  I was unaware that Mr. McNabb filed an application to be rehired. At the time he filed the application, the casting and alloy department was at full capacity. However, had I known he was seeking to be rehired and we had open positions, I would not have recommended him for rehire due to the poor work ethic, unsatisfactory production and discipline problems he developed in the latter stages of his employment, along with his admission to me that the reason for his problems was the difficulty of the work.

12.   In addition to the warning notices contained in Mr. McNabb's personnel file, I have had numerous discussions with him concerning the same matters over the course of his employment. These became more numerous in the last two years of his employment.

13.   Sanders Lead Company, Inc. does not discriminate in anyway whatsoever. Any form of discrimination including, but not limited to, race, color, sex religion, national origin, age, physical or mental disability, or veteran status is not tolerated. Mr. McNabb was not discriminated against because of his age.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _23rd_ day of May, 2007.


_Edgar Fa_____
Edgar Fannin, Affiant

STATE OF ALABAMA    )
COUNTY OF PIKE       )

    Before me, the undersigned authority, in and for said State and County, personally appeared Edgar Fannin, who being by me first duly sworn, deposes and says that the facts alleged in the foregoing affidavit are true and correct to the best of his knowledge and belief.

    Sworn to and subscribed to before me this 23rd day of May, 2007

_Brenda B. Lunn_____
Notary Public
My Commission Expires: 9-28-2010

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

EXHIBIT
2

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_     Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑  Inefficiency ☐   Neglect ☑

or etc. _Absent - no check in_

Remarks _Maxie knows that he must check in and present acceptable_
_documents to be excused_

Offense ☑ 1st   ☐ 2nd   ☐ 3rd     Penalty _Written warning this time_

Date _5-17-97_                Dept. Head _McGriss_

Signature of Recipient _Maxie McNabb_

---

# SANDERS LEAD COMPANY

10:45 - 11:30

## <u>WARNING NOTICE TO EMPLOYEE</u>

BREAK TIME IS
11:00 - 11:30

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_     Name _MAXIE McNABB_

This is to notify you of disobedience to Company rules ☐  Inefficiency ☐   Neglect ☐

or etc. _____

Remarks _EXTENDING BREAK PERIODS_

Offense ☑ 1st   ☐ 2nd   ☐ 3rd     Penalty _WARNING_

Date _4-21-97_                Dept. Head _C.P._

Signature of Recipient _Maxie McNabb_

**EXHIBIT 3**

## SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. *1751*    Name *MAXIE McNABB*

This is to notify you of disobedience to Company rules ☒    Inefficiency ☐    Neglect ☐

or etc. _____

Remarks *UNEXCUSED Absent*

Offense ☒ 1st    ☒ 2nd    ☒ 3rd    Penalty _____

Date *9-28-97*    Dept. Head *C.P. BEAN*

Signature of Recipient *Maxie McNabb*

---

## SANDERS LEAD COMPANY

*cc: Jim*

OCT 23 1997

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. *1751*    Name *MAXIE McNABB*

This is to notify you of disobedience to Company rules ☒    Inefficiency ☐    Neglect ☐

or etc. _____

Remarks *CONTINUAL UNEXCUSED Absent*

Offense ☒ 1st    ☒ 2nd    ☒ 3rd    Penalty _____

Date *10-11-97*
*10-22-97*    Dept. Head *C.P. BEAN*

Signature of Recipient x *Maxie McNabb*

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

EXHIBIT
4

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _____ Name  Maxie McNabb

This is to notify you of disobedience to Company rules ☑  Inefficiency ☐    Neglect ☐

or etc.  Failure to see Required training film

Remarks _____

_____

Offense  ☑ 1st    ☐ 2nd    ☐ 3rd    Penalty  Written Warning

Date  3-4-98 _____    Dept. Head  Mitch Jones

Signature of Recipient  Maxie McNabb

## SANDERS LEAD COMPANY

EXHIBIT
5

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751    Name Maxie McNabb

This is to notify you of disobedience to Company rules ☑    Inefficiency ☐    Neglect ☑

or etc. Absent without sufficient cause

Remarks Maxie knows that He is to call in and talk to
the foreman to verify an excused Absence. This is the way it must be

Offense ☑ 1st    ☐ 2nd    ☐ 3rd    Penalty written warning

Date 4-27-98    Dept. Head Art Gunn

Signature of Recipient Maxie McNabb

---

## SANDERS LEAD COMPANY

*A Very Serious Safty Violation. they all know Better.*

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751    Name MAXIE McNABB

This is to notify you of disobedience to Company rules ☑    Inefficiency ☐    Neglect ☐

or etc.

Remarks WARNING FOR Bulldoging Pot 4 + adding Whole
BAGS

Offense ☑ 1st    ☐ 2nd    ☐ 3rd    Penalty WARNING

Date 4-4-98    Dept. Head C.P. BEAN

Signature of Recipient MAXIE McNABB



EXHIBIT
6

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☑    Neglect ☑

or etc. _loitering during working hours._

Remarks _____

Offense ☑ 1st    ☑ 2nd    ☐ 3rd    Penalty _Written Warning_

Date _8-24-98_    Dept. Head _____

Signature of Recipient _Maxie McNabb_

---

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☐    Neglect ☑

or etc. _Absent without notification and Unexcused absence_

Remarks _Maxie's Attendance is starting to get Bad_

Offense ☑ 1st    ☑ 2nd    ☑ 3rd    Penalty _3 Day Suspension_

Date _6-29-73_    Dept. Head _M. Giles_

Signature of Recipient _Maxie McNabb_

EXHIBIT 7

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751 Name MAXIE McNABB

This is to notify you of disobedience to Company rules ☒ Inefficiency ☐ Neglect ☒

or etc.

Remarks UNEXCUSED Absent

Offense ☒ 1st ☒ 2nd ☒ 3rd Penalty WARNING

Date 11-22-98 Dept. Head C.P. BEAN

Signature of Recipient X Maxie McNabb

---

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751 Name Maxie McNabb

This is to notify you of disobedience to Company rules ☑ Inefficiency ☑ Neglect ☑

or etc.

Remarks Excessive Tardiness - Arriving Late For Assigned Shift On 4 Sep 1999 - 3 hrs Late

Offense ☐ 1st ☐ 2nd ☑ 3rd Penalty Verbal Warning

Date 4 Sep 1999 Dept. Head [illegible]

Signature of Recipient Maxie McNabb

EXHIBIT 8

## SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_     Name _MAXIE McNABB_

This is to notify you of disobedience to Company rules ☑     Inefficiency ☐     Neglect ☑

or etc. _____

Remarks _UNEXCUSED ABSENT_

Offense   ☑ 1st   ☑ 2nd   ☑ 3rd     Penalty _WARNING_

Date _11-27-98_     Dept. Head _C.P. BEAN_

Signature of Recipient _Maxie McNabb_

---

## SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_     Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑     Inefficiency ☑     Neglect ☑

or etc. _____

Remarks _Excessive Tardiness_

Offense   ☐ 1st   ☐ 2nd   ☑ 3rd     Penalty _3 Days off_

Date _6 Sep 1999_     Dept. Head _Thomas L. Harris_
Due Back _13 Sep 1999_

Signature of Recipient _Maxie McNabb_



EXHIBIT 9

SANDERS LEAD COMPANY

WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1351 Name Maxie McNabb

This is to notify you of disobedience to Company rules ☑ Inefficiency ☐ Neglect ☐

or etc. Leaving Assigned Work Location Without

Remarks Permission of Immediate Supervisor

Offense ☑ 1st ☑ 2nd ☐ 3rd Penalty

Date 1 March 1999 Supv. Dept. Head [signature]

Signature of Recipient [signature]

SANDERS LEAD COMPANY

WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1351 Name Maxie McNabb

This is to notify you of disobedience to Company rules ☐ Inefficiency ☑ Neglect ☐

or etc.

Remarks Arriving Late For Assigned Shift On 14 Mar. 1999

Offense ☐ 1st ☑ 2nd ☐ 3rd Penalty

Date 15 Mar. 1999 Supv. Dept. Head [signature]

Signature of Recipient [signature]

EXHIBIT
10

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

**WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR**

No. 1751  Name Maxie Mc Nabb

This is to notify you of disobedience to Company rules ☑  Inefficiency ☐  Neglect ☑

or etc.  Remarks For not calling in or coming to work on 1-20-00

Offense ☑ 1st  ☐ 2nd  ☐ 3rd  Penalty Written warning

Date 1-21-00  Dept. Head Ray C. Blair

Signature of Recipient Maxie McNabb

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

EXHIBIT
11

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751          Name Maxie McNabb

This is to notify you of disobedience to Company rules ☑  Inefficiency ☐    Neglect ☑

or etc. (6-18-00) For not calling in or coming to work.

Remarks _____

Offense ☑ 1st    ☐ 2nd    ☐ 3rd    Penalty _____

Date 6-20-00 _____    Dept. Head John Murdix

Signature of Recipient Maxie McNabb

---

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751    Name Maxie McNabb

This is to notify you of disobedience to Company rules ☐  Inefficiency ☐    Neglect ☐

or etc. For not calling in or coming

Remarks to work on 3-23-00.

Offense ☑ 1st    ☐ 2nd    ☐ 3rd    Penalty Written warning

Date 3-24-00 _____    Dept. Head Ray C. Blair

Signature of Recipient Maxie McNabb



EXHIBIT 12

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑  Inefficiency ☐  Neglect ☑

or etc. _For not coming to work 12-27-00 and not bringing a doctors_

Remarks _excuse_

Offense  ☑ 1st  ☐ 2nd  ☐ 3rd    Penalty _Written Warning_

Date _12-28-00_    Dept. Head _John Murdix_

Signature of Recipient _Maxie McNabb_

---

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑  Inefficiency ☑  Neglect ☑

or etc. _Coming to work late, needs to come to work on time._

Remarks _____

Offense  ☑ 1st  ☐ 2nd  ☐ 3rd    Penalty _Written Warning_

Date _11-27-00_    Dept. Head _John Murdix_

Signature of Recipient _____

EXHIBIT 13

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY to PERSONNEL
PINK to DEPT. SUPERVISOR

No. __1751__    Name __Maxie McNabb__

This is to notify you of disobedience to Company rules ☑  Inefficiency ☑  Neglect ☑

or etc. __Misconduct, Insubordination, Mr. McNabb has an attitude__

Remarks __problem he need to resolve quick. Has a problem following__
__instructions__

Offense  ☑ 1st  ☑ 2nd  ☐ 3rd    Penalty __Final Warning / Sent Home__

Date __3-27-01__    Dept. Head __John Murphy__

Signature of Recipient __Maxie McNabb__

---

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY to PERSONNEL
PINK to DEPT. SUPERVISOR

No. __1751__    Name __Maxie McNabb__

This is to notify you of disobedience to Company rules ☑  Inefficiency ☑  Neglect ☑

or etc. __A.B.__

Remarks __IF you expect to keep your job on casting,__
__you had better come to work.__

Offense  ☑ 1st  ☑ 2nd  ☑ 3rd    Penalty __Written Warning__

Date __1-25-01__    Dept. Head _____

Signature of Recipient __Maxie McNabb__

# SANDERS LEAD COMPANY

# <u>WARNING NOTICE TO EMPLOYEE</u>



EXHIBIT
14

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. __1751__     Name __Maxie McNabb__

This is to notify you of disobedience to Company rules ☑     Inefficiency ☑     Neglect ☑

or etc. __For not calling or coming to work on 5-6-01.__

Remarks _____

Offense ☑ 1st   ☑ 2nd   ☑ 3rd     Penalty __Final Warning/3 days off without pay. Return on 5-12-01__

Date __5-7-01__     Dept. Head __John Murphy__

Signature of Recipient __Maxie McNabb__

---

# SANDERS LEAD COMPANY

# <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. __1751__     Name __Maxie McNabb__

This is to notify you of disobedience to Company rules ☑     Inefficiency ☑     Neglect ☑

or etc. __After your latest warning for misconduct,__
Remarks __insubordination, and attitude I will warn you__
__one more of these and I will Fire you.__

Offense ☑ 1st   ☒ 2nd   ☒ 3rd     Penalty __Only warning__

Date __3/29/01__     Dept. Head _____

Signature of Recipient __Maxie McNabb__

## SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

EXHIBIT
15

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _____ Name _Maxie McNabb_____

This is to notify you of disobedience to Company rules ☐   Inefficiency ☐   Neglect ☐

or etc. _late for work_____

Remarks _____

Offense ☐ 1st  ☒ 2nd  ☐ 3rd    Penalty _Written warning_

Date _8-4-07_____    Dept. Head _Mitch Jones_

Signature of Recipient _Maxie McNabb_

---

## SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _____ Name _Maxie McNabb_____

This is to notify you of disobedience to Company rules ☐   Inefficiency ☐   Neglect ☐

or etc. _late for work_____

Remarks _____

Offense ☒ 1st  ☐ 2nd  ☐ 3rd    Penalty _Written warning_

Date _7-26-07_____    Dept. Head _Mitch Jones_

Signature of Recipient _Maxie McNabb_



EXHIBIT
16

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1718_     Name _Maxie Mc Nabb_

This is to notify you of disobedience to Company rules ☑   Inefficiency ☑   Neglect ☑

or etc. _Absent without notice on 3-5-02_

Remarks _____

Offense   ☑ 1st   ☐ 2nd   ☐ 3rd    Penalty _Written Warning_

Date _3-7-02_      Dept. Head _John Mundy_

Signature of Recipient _Maxie McNabb_



EXHIBIT
17

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

**WHITE to EMPLOYEE**
**CANARY to PERSONNEL**
**PINK to DEPT. SUPERVISOR**

No. _1751_     Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☐   Inefficiency ☐   Neglect ☐

or etc. _Absent without notice_

Remarks _____

_____

Offense   ☐ 1st   ☐ 2nd   ☑ 3rd     Penalty _3 days off without pay_

Date _5-102_                    Dept. Head _John Mundy_

Signature of Recipient _Maxie McNabb_

**SANDERS LEAD COMPANY**

EXHIBIT 18

**WARNING NOTICE TO EMPLOYEE**

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑   Inefficiency ☑   Neglect ☑

or etc. _Absent without a valid doctors excuse on 10-14-02._

Remarks _____

_____

Offense ☑ 1st   ☑ 2nd   ☑ 3rd   Penalty _Final Warning_

Date _10-15-02_    Dept. Head _John Mundix_

Signature of Recipient _Maxie McNabb_

---

**SANDERS LEAD COMPANY**

**WARNING NOTICE TO EMPLOYEE**

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑   Inefficiency ☑   Neglect ☑

or etc. _For being late for work on 5-28-02_

Remarks _____

_____

Offense ☑ 1st   ☐ 2nd   ☐ 3rd   Penalty _Written Warning_

Date _5-31-02_    Dept. Head _John Mundix_

Signature of Recipient _Maxie McNabb_

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

EXHIBIT
19

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☑    Neglect ☑

or etc. _Smoking in bathroom, caught by security guard._

Remarks _Obeyed the order of the security guard._

Offense ☐ 1st  ☐ 2nd  ☐ 3rd    Penalty _Sent Home_

Date _12-11-02_    Dept. Head _John Murphy_

Signature of Recipient _Maxie McNabb_

---

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. ____    Name _Maxie Mc Nabb_

This is to notify you of disobedience to Company rules ☐    Inefficiency ☐    Neglect ☐

or etc. _late for work_

Remarks ____

Offense ☐ 1st  ☒ 2nd  ☐ 3rd    Penalty _Written Warning_

Date _11-19-02_    Dept. Head _Mitch Jones_

Signature of Recipient _Maxie McNabb_

EXHIBIT
20

SANDERS LEAD COMPANY

WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _____ Name _____

This is to notify you of disobedience to Company rules ☐  Inefficiency ☐  Neglect ☐

or etc. _____

Remarks _____

Offense  ☐ 1st  ☑ 2nd  ☐ 3rd    Penalty _____

Dept. Head _____  3-20-03

# SANDERS LEAD COMPANY

# WARNING NOTICE TO EMPLOYEE

**WHITE to EMPLOYEE**
**CANARY TO PERSONNEL**
**PINK to DEPT. SUPERVISOR**

No. __175/__ Name __Maxie McNabb__

This is to notify you of disobedience to Company rules ☑  Inefficiency ☑  Neglect ☑

or etc. __Absent without notice. 5-4-03__

Remarks _____

Offense  ☑ 1st  ☑ 2nd  ☐ 3rd    Penalty __Written Warning__

Date __5-5-03__    Dept. Head __John M____

Signature of Recipient _____

EXHIBIT
21

## SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

**WHITE** to EMPLOYEE
**CANARY** TO PERSONNEL
**PINK** to DEPT. SUPERVISOR

No. _1751_     Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑   Inefficiency ☑   Neglect ☑

or etc. _Tardiness_

Remarks _____

Offense  ☑ 1st   ☐ 2nd   ☐ 3rd     Penalty _Written Warning_

Date _5-18-03_     Dept. Head _John Mundy_

Signature of Recipient _Maxie McNabb_

---

## SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

**WHITE** to EMPLOYEE
**CANARY** TO PERSONNEL
**PINK** to DEPT. SUPERVISOR

_New Date_

_May. 28_
_8:00 AM_

_Don't miss_
_this one_

No. _1751_     Name _Maxie Mc Nabb_

This is to notify you of disobedience to Company rules ☒   Inefficiency ☒   Neglect ☒

or etc. _Failed to go For Six mo. Arsenic Phy._

Remarks _Will not be Able to work if he_
_misses this new phy._

Offense  ☐ 1st   ☐ 2nd   ☒ 3rd     Penalty _____

Date _5-15-03_     Dept. Head _____

Signature of Recipient _Maxie McNabb_

EXHIBIT
22

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑  inefficiency ☑  Neglect ☑

or etc. _Absent without notice. Extending an approved leave of absence_

Remarks _without prior approval. "Intolerable Offense". If this behavior_

_doesn't end you will be "Fired."_

Offense ☑ 1st  ☑ 2nd  ☐ 3rd    Penalty _Written Warning_

Date _7-6-03_    Dept. Head _John Mundie_

Signature of Recipient _Maxie McNabb_

---

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑  inefficiency ☑  Neglect ☑

or etc. _Absent without notice on 8-16-03. Falsification of document to_

Remarks _be excused from work dated 8-17-03. For bring a false doctors excuse_

_8-17-03 to be excused from being absent 8-16-03. Next time you will be "FIRED."_

Offense ☑ 1st  ☑ 2nd  ☑ 3rd    Penalty _Only Warning_

Date _M/ght McNabb_    Dept. Head _John Mundie_

_8-22-03_

Signature of Recipient _____

EXHIBIT
23

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _____1751_____ Name __Maxie McNabb__

This is to notify you of disobedience to Company rules ☑  Inefficiency ☑  Neglect ☑

or etc. __Absent on 9-24-03__

Remarks _____

Offense  ☑ 1st   ☑ 2nd   ☐ 3rd    Penalty __Written Warning__

Date __9-25-03__           Dept. Head __John Murdy__

Signature of Recipient __Mave McNabb__


EXHIBIT 24

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

**WHITE to EMPLOYEE**
**CANARY TO PERSONNEL**
**PINK to DEPT. SUPERVISOR**

No. _____ Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑  Inefficiency ☐  Neglect ☐

or etc. _Didn't come to work_

Remarks _____

_____

Offense ☐ 1st  ☒ 2nd  ☐ 3rd    Penalty _Written Warning_

Date _11-15-03_    Dept. Head _Mitch Jones_

SLC-KW-WN9-2002    Signature of Recipient _Maxie McNabb_

---

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

**WHITE to EMPLOYEE**
**CANARY TO PERSONNEL**
**PINK to DEPT. SUPERVISOR**

No. _1751_    Name _Maxie Mc Nabb_

This is to notify you of disobedience to Company rules ☑  Inefficiency ☑  Neglect ☐

or etc. _Absent/ Needs to come to work and be on time._

Remarks _"Next time 3 days off without pay"_

_____

Offense ☑ 1st  ☑ 2nd  ☑ 3rd    Penalty _Final Warning_

Date _1-14-04_    Dept. Head _MJ_

SLC-KW-WN9-2002    Signature of Recipient _Maxie McNabb_

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>



EXHIBIT
25

**WHITE to EMPLOYEE**
**CANARY TO PERSONNEL**
**PINK to DEPT. SUPERVISOR**

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☐    Inefficiency ☐    Neglect ☑

or etc. _Late too much_

Remarks _____

Offense ☑ 1st   ☐ 2nd   ☐ 3rd    Penalty _Written Warning_

Date _2-8-04_    Dept. Head _JMK_

Signature of Recipient _____

SLC-KW-WN9-2002

---

# SANDERS LEAD COMPANY

## <u>WARNING NOTICE TO EMPLOYEE</u>

**WHITE to EMPLOYEE**
**CANARY TO PERSONNEL**
**PINK to DEPT. SUPERVISOR**

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☑    Neglect ☑

or etc. _Absent without a valid doctor's excuse on 4-5-04._

Remarks _Next time you will be suspended without pay._

Offense ☑ 1st   ☑ 2nd   ☑ 3rd    Penalty _Final Warning_

Date _4-10-04_    Dept. Head _John Munch_

Signature of Recipient _____

SLC-KW-WN9-2002

## SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

EXHIBIT
26

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☑    Neglect ☑

or etc. _Absent on 6-5-04, 6-6-04._

Remarks _____

Offense  ☑ 1st  ☑ 2nd  ☑ 3rd    Penalty _Final Warning_

Date _6-7-04_    Dept. Head _John M_____

Signature of Recipient _____

SLC-KW-WN9-2002

---

## SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☑    Neglect ☑

or etc. _Absent without notice on 5-12-04. Come to work if you want to_

Remarks _keep your job._

Offense  ☑ 1st  ☑ 2nd  ☑ 3rd    Penalty _Final Warning_

Date _5-13-04_    Dept. Head _John M_____

Signature of Recipient _____

SLC-KW-WN9-2002

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

EXHIBIT 27

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☑    Neglect ☑

or etc. _Late_

Remarks _____

Offense    ☑ 1st    ☑ 2nd    ☐ 3rd    Penalty _Written Warning_

Date _7-8-04_    Dept. Head _John Mundix_

Signature of Recipient _Maxie McNabb_

SLC-KW-WN9-2002

---

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_    Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑    Inefficiency ☑    Neglect ☑

or etc. _Excessive Absenteeism, Absent without notice on_

Remarks _10-6-04._

Offense    ☑ 1st    ☑ 2nd    ☑ 3rd    Penalty _3 days off / No Pay_

Date _10-7-04_    Dept. Head _John Mundix_

Signature of Recipient _Maxie McNabb_

SLC-KW-WN9-2002



EXHIBIT
28

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_   Name _Maxie Mc Nabb_

This is to notify you of disobedience to Company rules ☐   Inefficiency ☑   Neglect ☑

or etc. _Excessive Absenteeism_

Remarks _____

Offense   ☐ 1st   ☑ 2nd   ☐ 3rd   Penalty _3 days / No Pay_

Date _7-18-04_   Dept. Head _John Mundia_

Signature of Recipient _Maxie McNabb_

SLC-KW-WN9-2002

Hot # 135

# SANDERS LEAD COMPANY

EXHIBIT 29

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751 Name Maxie McNabb

This is to notify you of disobedience to Company rules ☒ Inefficiency ☒ Neglect ☒

or etc. AB - 2-28-05

Remarks Dr said he could come to work with no Restrictions but Maxie laid out.

this man has a bad attitude.

Offense ☒ 1st ☒ 2nd ☒ 3rd Penalty last warning 5 days next time then

Date 3-1-05

Dept. Head [signature]

SLC-KW-WN9-2002

Signature of Recipient Maxie McNabb

SANDERS LEAD COMPANY

WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. 1751 Name Maxie McNabb

This is to notify you of disobedience to Company rules ☑ Inefficiency ☑ Neglect ☑

or etc. Misconduct, Sent Home.

Remarks

Offense ☑ 1st ☑ 2nd ☑ 3rd Penalty Daily Warning

Date 3-30-05

Dept. Head [signature]

SLC-KW-WN9-2002

Signature of Recipient Maxie McNabb

**EXHIBIT 30**

# SANDERS LEAD COMPANY

## WARNING NOTICE TO EMPLOYEE

WHITE to EMPLOYEE
CANARY TO PERSONNEL
PINK to DEPT. SUPERVISOR

No. _1751_ Name _Maxie McNabb_

This is to notify you of disobedience to Company rules ☑ Inefficiency ☑ Neglect ☑

*this man is a problem + has been.*

or etc. _Poor workmanship, Negligence, that can possibly lead to work_

Remarks _Stoppage or interruption of work. Allowing pigs to build up_
_under backend table, allow pigs to flip over and not turning them upright._

Offense ☑ 1st ☑ 2nd ☑ 3rd Penalty _Daily Warning / 3 days off_
_No play_

Date _5-2-05_ Dept. Head _John Martin_

SLC-KW-WN9-2002 Signature of Recipient _M. McNabb_



EXHIBIT
31

STATE OF ALABAMA    )
COUNTY OF PIKE       )

## <u>AFFIDAVIT OF BART SANDERS</u>

Personally appeared before me, the undersigned attesting officer duly authorized by law to administer oaths, Bart Sanders, who is known to me, after being first duly sworn, deposes and under oath states as follows:

1.    My name is Bart Sanders.  I am a resident and citizen of the State of Alabama, and I am over twenty-one years of age.  I have personal knowledge of the facts contained in this affidavit.

2.    I am employed as the Plant Manager at Sanders Lead Company, Inc.  As Plant Manager, I am in charge of all physical operations for Sanders Lead.

3.    In December of 2005, I implemented a work force reduction at the company.

4.    I began the process by discussing with the supervisors that a work force reduction would be taking place.  They were to choose employees who had poor work ethic, poor production or discipline problems to be discharged.

5.    Edgar Fannin, the Department Head of Casting and Alloy, chose Maxie McNabb to be part of the work force reduction because he met all three criteria.

6.    Along with Maxie McNabb, three other employees in the casting and alloy department were chosen for similar criteria.

7.    I gave the go ahead and instructed Edgar Fannin to dismiss all four employees.

8.    Maxie McNabb's employment was terminated as part of a work force reduction plan implemented by the company.  He was selected because he

had poor work ethic, poor production and discipline problems.

9.    Mr. McNabb was not terminated because of his age.  Mr. McNabb's age played no part whatsoever in the decision to terminate his employment.

10.    Approximately two months later, our work force had dropped to below acceptable limits.  I instructed Sam Kitchens to place an advertisement with the Troy Messenger to recruit employees for the casting and alloy department and the furnace department.

11.    These were not replacement employees for the employees discharged during the work force reduction, rather employees to replace those that had left or been terminated since the reduction.

12.    Sam Kitchens followed through and we were back at acceptable employment capacity shortly thereafter.

13.    Sanders Lead Company, Inc. does not discriminate in anyway whatsoever.  Any form of discrimination including, but not limited to, race, color, sex religion, national origin, age, physical or mental disability, or veteran status is not tolerated.

14.    Further, Sanders Lead Company, Inc. does not retaliate against employees who have filed complaints with the EEOC in any way whatsoever and no such retaliation took place against Mr. McNabb.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __23__ day of May, 2007.

_____
Bart Sanders, Affiant

STATE OF ALABAMA          )
COUNTY OF PIKE            )

Before me, the undersigned authority, in and for said State and County, personally appeared Bart Sanders, who being by me first duly sworn, deposes and says that the facts alleged in the foregoing affidavit are true and correct to the best of his knowledge and belief.

Sworn to and subscribed to before me this _2 3 rd_ day of <u>May</u>, 2007

_Brenda B Dunn_
Notary Public
My Commission Expires: _9-28-2010_

EXHIBIT
32

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Maxie McNabb**<br>**109 Crowe Street**<br>**Troy, AL 36081** | From: | **EEOC**<br>**1130 - 22nd Street, South**<br>**Suite 2000**<br>**Birmingham, AL 35205** |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 01686 | **Jeanne Walker** | **(205) 212-2055** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough, District Director

06/06/2006
*(Date Mailed)*

Enclosure(s)

McNabb v. Sanders Lead
Company, Inc
0011

EXHIBIT 33

**STATE OF ALABAMA**      )
**COUNTY OF PIKE**        )

## AFFIDAVIT OF SAM KITCHENS

Personally appeared before me, the undersigned attesting officer duly authorized by law to administer oaths, Sam Kitchens, who is known to me, after being first duly sworn, deposes and under oath states as follows:

1.  My name is Sam Kitchens.  I am a resident and citizen of the State of Alabama, and I am over twenty-one years of age.  I have personal knowledge of the facts contained in this affidavit.

2.  I am employed as the personnel manager at Sanders Lead Company, Inc. and have been for approximately six years.  As personnel manager, I am in charge of recruiting, managing, and training the employees of Sanders Lead Company, Inc.

3.  One of the aspects of my job is to fill vacant positions at the company.  How this works is prospective employees come in and fill out an application.  If they are qualified and I have something available, I fill the position.  A vacancy is filled on a first come, first serve basis.  Accordingly, most vacant positions are filled very early in the week.

4.  I personally know Mr. Maxie McNabb and have personal knowledge of the events surrounding his termination and him not being rehired.

5.  In December of 2005, a work force reduction was discussed at the company and it was implemented in January of 2006.  As part of that work force reduction, Maxie McNabb was discharged.

6.  Maxie McNabb's employment was terminated as part of a work force

reduction plan implemented by the company. He was selected because he had poor work ethic, poor production and discipline problems.

7.   Mr. McNabb was not terminated because of his age. Mr. McNabb's age played no part whatsoever in the decision to terminate his employment.

8.   In March of 2006, I placed an advertisement with the Troy Messenger that ran in the March 10 edition seeking employees for the casting and alloy department and the furnace department. This was to replace a number of employees who had left after the work force reduction was instituted.

9.   On May 24, 2006, Mr. Maxie McNabb came to my office and filled out an application for employment. He asked if I had any available positions and I told him we did not.

10.  That was my only conversation with Mr. McNabb regarding him wishing to return to work.

11.  Mr. McNabb not being rehired had nothing at all to do with his age, race, or the fact that he filed a complaint with the EEOC. Several employees at Sanders Lead Company, Inc. are over the age of 40 currently and at the time they were hired. Age is not a factor in determining whether someone is hired or discharged.

12.  He was simply not rehired because we had no positions available at the time he applied.

13.  Even if we had positions available at the time he applied, I would have had to discuss the rehire with the department head Edgar Fannin before any decision regarding him returning to work was made.

14.    Sanders Lead Company, Inc. does not discriminate in anyway whatsoever. Any form of discrimination including, but not limited to, race, color, sex religion, national origin, age, physical or mental disability, or veteran status is not tolerated.  Mr. McNabb was not discriminated against because of his age.

15.    Further, Sanders Lead Company, Inc. does not retaliate against employees who have filed complaints with the EEOC in any way whatsoever and no such retaliation took place against Mr. McNabb.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _23_ day of May, 2007.

_____
Sam Kitchens, Affiant

STATE OF ALABAMA    )
COUNTY OF PIKE        )

    Before me, the undersigned authority, in and for said State and County, personally appeared Sam Kitchens, who being by me first duly sworn, deposes and says that the facts alleged in the foregoing affidavit are true and correct to the best of his knowledge and belief.

    Sworn to and subscribed to before me this _23rd_ day of _May_, 2007

_____
Notary Public
My Commission Expires: _9-28-2010_

EXHIBIT 34

**U.S. Department of Justice**
Immigration and Naturalization Service

OMB No. 111...
Employmen...

Please read instructions carefully before completing this form. The instructions must be available during completion of this form. ANTI-DISCRIMINATION NOTICE. It is illegal to discriminate against work eligible individuals. Employers CANNOT specify which document(s) they will accept from an employee. The refusal to hire an individual because of a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Verification.** To be completed and signed by employee at the time employment begins

| Print Name: Last | First | Middle Initial | Maiden Name |
|---|---|---|---|
| McNabb | Makie | | |

| Address (Street Name and Number) | Apt. # | Date of Birth (month/day/year) |
|---|---|---|
| 1041 Arrowhead Ala Dr~ | | 30 Aug 5~ |

| City | State | Zip Code | Social Security # |
|---|---|---|---|
| Troy | ALA | 36081 | 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 |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following):
☑ A citizen or national of the United States
☐ A Lawful Permanent Resident (Alien # A
☐ An alien authorized to work until ___/___/___
(Alien # or Admission #

| Employee's Signature | Date (month/day/year) |
|---|---|
| Makie McNabb | 8-8-92 |

Preparer and/or Translator Certification. (To be completed and signed if Section 1 is prepared by a person other than the employee.) I attest, under penalty of perjury, that I have assisted in the completion of this form and that to the best of my knowledge the information is true and correct.

| Preparer's/Translator's Signature | Print Name |
|---|---|
| | |

| Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|
| | |

**Section 2. Employer Review and Verification.** To be completed and signed by employer. Examine one document from List A OR examine one document from List B and one from List C as listed on the reverse of this form and record the title, number and expiration date, if any, of the document(s)

| List A | OR | List B | AND | List C |
|---|---|---|---|---|
| Document title: | | DL | | SSC |
| Issuing authority: | | AL | | |
| Document #: | | 6069043 | | |
| Expiration Date (if any): ___/___/___ | | 9/95 | | |
| Document #: | | | | |
| Expiration Date (if any): ___/___/___ | | | | ___/___/___ |

CERTIFICATION - I attest, under penalty of perjury, that I have examined the document(s) presented by the above-named employee, that the above-listed document(s) appear to be genuine and to relate to the employee named, that the employee began employment on (month/day/year) ___/___/___ and that to the best of my knowledge the employee is eligible to work in the United States. (State employment agencies may omit the date the employee began employment.)

| Signature of Employer or Authorized Representative | Print Name | Title |
|---|---|---|
| | J. L. Coughlin | Personnel Manager |

| Business or Organization Name | Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|---|
| Sanders Lead Co. and ☒ Plastics | Sanders Road, Troy, AL 36081 | 8 Sep 92 |

**Section 3. Updating and Reverification.** To be completed and signed by employer

| A. New Name (if applicable) | B. Date of rehire (month/day/year) (if applicable) |
|---|---|
| | |

C. If employee's previous grant of work authorization has expired, provide the information below for the document that establishes current employment eligibility.

| Document Title: | Document #: | Expiration Date (if any): ___/___/___ |
|---|---|---|

I attest, under penalty of perjury, that to the best of my knowledge, this employee is eligible to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Date (month/day/year) |
|---|---|
| | |

Form I-9 (Rev. 11-21-91) N

EXHIBIT

# CHANGE OF EMPLOYEE STATUS

EMPLOYEE'S NAME _____ Mc Nabb, Maxie _____

CLASSIFICATION _____

DEPARTMENT OR LOCATION _____ SHIFT _2_

TIME CARD OR PAYROLL NUMBER _____

TODAY'S DATE _____

## RATE CHANGE

PRESENT RATE _____

PERCENT RAISE _____

INCREASE AMOUNT _____

NEW RATE _____

NEW CLASSIFICATION _____

EFFECTIVE DATE OF ACTION _____

DATE OF LAST RAISE _____

PLUS $.102 - AL%

## VACATION REQUEST

Date Vacation Starts _____ Vacation Ends _____

Pay For – – – – – – Days Vacation – – – Issue Vacation Check on (Date) _____

Other Information _____

## ATTENDANCE RECORD

TOTAL DAYS OUT IN LAST SIX MONTHS _____

NUMBER OF DAYS EXCUSED _____

NUMBER OF DAYS SICK _____

NUMBER OF DAYS UNEXCUSED _____

NUMBER OF DAYS LATE _____

BLOOD LEAD _____

COMMENTS _____

Signature of Sup. _____ Title _____ Date _____

Approved _____ Title _____ Date _____

Approved _____ Date _____

## EMPLOYMENT SEPARATION

| | NUMBER OF DAYS | DATE SUSPENSION STARTS | SUSPENSION DATE EMPLOYEE IS TO RETURN | REASON |
|---|---|---|---|---|

### TERMINATION

☐ Lay Off    ☐ Fired

☐ Quit    ☐ Death

Give Company _____ Days Notice

Effective Date _____

### REASON FOR TERMINATION

☐ Smoking in Prohibited Area ☐ Insubordination
☐ Horseplay ☐ Pay Dissatisfaction
☐ Refusal to Work ☐ Medical Recommendation
☐ Poor Workmanship ☐ Moving From Area
☐ Absent Without Notice ☐ Lack of Work
☐ Misconduct ☐ Company Relocation
☐ Extending Break Periods ☐ Company Reorganization
☐ Quitting Before Time Agreed ☐ Labor Dispute
☐ Failure to Report Injury ☐ Retirement
☐ Wage Garnishment ☐ Excessive Absenteeism
☐ Alcoholism ☐ Tardiness
☐ Found Better Job ☐ Other
☐ Looking for Another Job ☐ Other

Additional Comments: _____

## EMPLOYMENT RECOMMENDATIONS

| | Very Good | Average | Below Average | Poor |
|---|---|---|---|---|
| Attendance | | | | |
| Attitude | | | | |
| Job Knowledge | | | | |
| Quality of Work | | | | |
| Production Rate | | | | |
| Leadership | | | | |
| Decision Making | | | | |
| Getting Along With Fellow Workers | | | | |

Eligible for Rehire This Job?  Yes ☐  No ☐

Other Position With Company  Yes ☐  No ☐

SL 99A FMC

EXHIBIT
36

SL 99A FMC

# CHANGE OF EMPLOYEE STATUS

S NAME __Martie McNabb__   CLASSIFICATION ____

DEPARTMENT OR LOCATION ___0000__   SHIFT __3 2 8__

TIME CARD OR PAYROLL NUMBER __1751__   TODAY'S DATE __10-13__

## WAGE RATE CHANGE

PRESENT RATE ____
PERCENT RAISE ____
INCREASE AMOUNT ____
NEW RATE ____

EFFECTIVE DATE OF ACTION ____

DATE OF LAST RAISE ____

## VACATION REQUEST

Date Vacation Starts ____   Vacation Ends ____
Pay For ____ Days Vacation ____   Issue Vacation Check on (Date) ____
Other Information ____

## ATTENDANCE RECORD

TOTAL DAYS OUT IN LAST SIX MONTHS ____

NUMBER OF DAYS EXCUSED ____

NUMBER OF DAYS SICK ____

NUMBER OF DAYS UNEXCUSED ____

NUMBER OF DAYS LATE ____

FLOOD LEAD ____

COMMENTS ____

Signature of Sup. __Rays C. Blair__   Date __10-5-92__
Approved ____   Title ____   Date ____
Approved ____   Title ____   Date ____
Approved ____   Title ____   Date ____

## EMPLOYMENT SEPARATION

| NUMBER OF DAYS | DATE SUSPENSION STARTS | SUSPENSION DATE EMPLOYEE IS TO RETURN | REASON |
|---|---|---|---|

### TERMINATION
Effective Date __10-15-92__

☐ Lay-Off   ☐ Fired
☒ Quit   ☐ Death
Gave Company ____ Days Notice

### REASON FOR TERMINATION

☐ Smoking in Prohibited Area
☐ Horseplay
☐ Refusal to Work
☐ Poor Workmanship
☐ Absent Without Notice
☐ Misconduct
☐ Extending Break Periods
☐ Quitting Before Time Agreed
☐ Failure to Report Injury
☐ Wage Garnishment
☐ Alcoholism
☐ Found Better Job
☐ Looking for Another Job

☐ Insubordination
☐ Pay Dissatisfaction
☐ Medical Recommendation
☐ Moving From Area
☐ Lack of Work
☐ Company Relocation
☐ Company Reorganization
☐ Labor Dispute
☐ Retirement
☐ Excessive Absenteeism
☐ Tardiness
☐ Other
☐ Other

Additional Comments: ____

## EMPLOYMENT RECOMMENDATIONS

| | Very Good | Average | Below Average | Poor |
|---|---|---|---|---|
| Attendance | ✓ | | | |
| Attitude | ✓ | | | |
| Job Knowledge | ✓ | | | |
| Quality of Work | ✓ | | | |
| Production Rate | ✓ | | | |
| Leadership | ✓ | | | |
| Decision Making | | | | |
| Getting Along With Fellow Workers | | | | |

Eligible for Rehire This Job?   Yes ☐   No ☐
Other Position With Company   Yes ☐   No ☐

# CHANGE OF EMPLOYEE STATUS

E'S NAME _Maxie McClabb_

CLASSIFICATION _laborer_

DEPARTMENT OR LOCATION _Alloy_

SHIFT _1st_

TIME CARD OR PAYROLL NUMBER

TODAY'S DATE _11-16-92_

**WAGE RATE CHANGE**

PRESENT RATE _5.50_

PERCENT RAISE _____

INCREASE AMOUNT _____

NEW RATE _____

NEW CLASSIFICATION _____

EFFECTIVE DATE OF ACTION _11-17-92_

DATE OF LAST RAISE _____

**VACATION REQUEST**

Date Vacation Starts _____  Vacation Ends _____

Pay For _____ Days Vacation _____  Issue Vacation Check on (Date) _____

Other Information _____

**ATTENDANCE RECORD**

TOTAL DAYS OUT IN LAST SIX MONTHS _____

NUMBER OF DAYS EXCUSED _____

NUMBER OF DAYS SICK _____

NUMBER OF DAYS UNEXCUSED _____

NUMBER OF DAYS LATE _____

BLOOD LEAD _____

COMMENTS _____

Signature of Supv. _____ Date _11-16-92_

Approved _____ Title _____ Date _____

Approved _____ Title _____ Date _____

**EMPLOYMENT SEPARATION**

| NUMBER OF DAYS | DATE SUSPENSION STARTS | SUSPENSION DATE EMPLOYEE IS TO RETURN | REASON |
|---|---|---|---|
| | | | |

**TERMINATION**

TYPE    □ Lay-Off    □ Fired    □ Quit    □ Death

Effective Date _____  Gave Company _____ Days Notice

**REASON FOR TERMINATION**

□ Smoking in Prohibited Area  □ Insubordination
□ Horseplay  □ Pay Dissatisfaction
□ Refusal to Work  □ Medical Recommendation
□ Poor Workmanship  □ Moving From Area
□ Absent Without Notice  □ Lack of Work
□ Misconduct  □ Company Relocation
□ Extending Break Periods  □ Company Reorganization
□ Quitting Before Time Agreed  □ Labor Dispute
□ Failure to Report Injury  □ Retirement
□ Wage Garnishment  □ Excessive Absenteeism
□ Alcoholism  □ Tardiness
□ Found Better Job  □ Other
□ Looking for Another Job  □ Other

Additional Comments: _____

**EMPLOYMENT RECOMMENDATIONS**

| | Very Good | Average | Below Average | Poor |
|---|---|---|---|---|
| Attendance | | | | |
| Attitude | | | | |
| Job Knowledge | | | | |
| Quality of Work | | | | |
| Production Rate | | | | |
| Leadership | | | | |
| Decision Making | | | | |
| Getting Along With Fellow Workers | | | | |

Eligible for Rehire This Job?    Yes □    No □

Other Position With Company    Yes □    No □