**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MAXIE MCNABB,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-0664-MHT** |
| **v.** | ) | |
| | ) | |
| **SANDERS LEAD COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, the Plaintiff, Maxie McNabb, and respectfully moves this Honorable Court to compel the Defendant, Sanders Lead Company, Inc., to produce documents requested by the Plaintiff in Plaintiff's First Request for Production of Documents. Plaintiff is seeking such relief from the Court because despite numerous phone conversations and written correspondence, the Defendant has not responded adequately to Plaintiff's Request for Production No.8 seeking basic comparator information from employee personnel files . As grounds for this Motion to Compel, the Plaintiff states as follows:

**I.    PROCEDURAL HISTORY**

1.    Plaintiff McNabb, fifty-four years old at the time of the decisions at issue, filed the above styled employment discrimination lawsuit alleging that the Defendant failed to recall and/or rehire him because of his age and that it retaliated against him on for opposing and reporting age discrimination. McNabb, a former employee, sought to be re-hired after a reduction in force.

2.    On January 17, 2007, McNabb served Plaintiff's First Interrogatories and Request for Production of Documents on the Defendant. (Ex. 1). Defendant responded on February 16, 2007. (Ex. 2).

3. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, McNabb requested by letter dated June 8, 2007, that the Defendant supplement its discovery responses by June 15, 2007. (Ex. 3).

4. Defendant agreed to supplement its responses to each issue outlined in McNabb's letter of June 8, 2007, except Request for Production No. 8.

5. Request for Production No. 8 reads as follows:

> 8. All documents reflecting personnel information of all defendant's employees, wherever kept, who have been hired, transferred or promoted to vacant positions within the division or section where the plaintiff worked from October 2005 to the present. This should include, but not be limited to, file jacket(s), medical records, payroll records, time cards, absentee and tardiness records, discipline records, etc., and any other documents relating to the terms and conditions of employment.

6. The Defendant produced the applications of individuals who were hired into the department where McNabb was qualified to work from October 5, 2006 to the present, however, it has refused to provide any other personnel information for such persons- such as disciplines and attendance records.

7. By email dated June 13, 2007, Plaintiff McNabb offered to narrow his request to seek only information related to discipline, attendance, and tardiness received by individuals hired, transferred or promoted to vacant positions within the division or section where he worked from October 2005 to the present. (Ex. 4).

8. The information about comparators is important because Sanders Lead Company Inc. argued in its Brief In Support of Its Motion for Summary Judgment that: "Sanders Lead discharged Mr. McNabb as part of a work force reduction for the following reasons: (1) discipline

problems (2) poor work ethic and (3) unsatisfactory production."[1]  Thus, McNabb's work performance as compared to other employees is directly relevant to issues in the case.

9.  Plaintiff McNabb explained that he could forego receiving any information regarding pay, medical records, health benefits, or any thing to do with salary, but that he needed, the aforementioned information because of the comparator issue.

10. Moreover, from the application documents the Defendant has produced, it appears that approximately forty individuals outside of McNabb's protected category were hired into his department after his being laid off. (Ex. 5). Approximately twenty-eight of those persons were under the age of thirty when hired. (Id.). Some of these individuals were former employees who had been terminated by the Defendant in the past for offenses such as falling asleep at work and tardiness.

11. By email dated June 14, 2007, the Defendant expressed skepticism with regard to producing the information sought by McNabb as it believed the request was not narrowly tailored and violative of, *inter alia*, HIPPA and other unspecified employee privacy acts.[2] (Ex. 6). Defendant further stated that it would let the Plaintiff know by June 15, 2007, whether it would produce the requested information. Defendant has refused to produce the requested documents.

12. By its actions the Defendant has unilaterally and unreasonably limited the Plaintiff's access to documents and information that are critically relevant to the prosecution of Plaintiff's case. These tactics are improper and fly in the face of **established case law** and the liberal discovery rules.

---

[1] Likewise, in its statement of facts, the Defendant cites to numerous instances of absenteeism and misconduct on the part of McNabb. (See Doc.#10, Def. Br. pp. 2-7).

[2] McNabb is unsure what employees privacy act the defendant refers to. The redacted portion of this exhibit concerns confidential settlement negotiations.

Unless the requested information is compelled by this Court, the Defendant's unilateral discovery limitation will result in prejudice to the Plaintiff.

13. Additionally, although the Defendant recently provided signed responses to McNabb's First Interrogatories Production of Documents, the interrogatories were not sworn to by the Defendant under oath as required by Federal Rule Civil Procedure 33(b)(1).

## II. THE STANDARD FOR DISCOVERY

As this Court is well aware, the Federal Rules of Civil Procedure allow for liberal discovery. Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may discover:

> **"any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." (emphasis added).**

On June 12, 2007, the Eleventh Circuit restated this bedrock principle of federal litigation, in *Adkins v. Christie,* 2007 WL 1673510 (11th Cir. 2007).

In *Adkins*, an African-American physician appealed a decision by the district court recognizing a privilege for certain medical documents and improperly limiting the scope of discovery. During discovery, Adkins requested documents relating to the peer review of all physicians at the hospital during the seven years he was a member of the hospital staff. The defendants filed a motion for protective order, arguing that the information sought was protected by the Georgia medical review privilege. (Id. at p. 2). This so called "medical peer review privilege"

sought to protect from discovery and disclosure records containing performance reviews and assessments of physicians by their peers, primarily in connection with their practices at hospitals. (Id. at p. 1).

The district court held that the privilege applied to federal civil rights actions and ordered the defendants to provide Adkins with descriptions of the incidents giving rise to peer review, without disclosing the documents themselves. Moreover, the district court limited production to peer review documents covering physicians it deemed similarly situated to Adkins, i.e. those that worked in his department for the previous five years, rather than to all physicians with staff privileges at the hospital during the seven years that Adkins worked there. (Id. at p. 2). At the close of discovery, with these limitations in place, the district court then granted defendant's motion for summary judgment. (Id.).

On appeal, the Court stated that the: "documents that HMC (the defendants) seek to protect are critical to Adkins' discrimination claims. The only way that Adkins can demonstrate the existence of disparate treatment in his case against the hospital is to compare his peer review with the peer review files of other physicians at HMC." (Id. at p. 4). After balancing the interest of the defendants in keeping such information out of the public domain and the competing interest of rooting out invidious discrimination, the Court sided with the plaintiff and declined to recognize the medical peer review privilege. As to scope of the discovery issue, the Court held that the limitations placed on the plaintiff were improper and that he should be able to place his case within the context of the larger disciplinary processes of the hospital and any thing less placed an excessive burden on his ability to pursue his claim. The district court's decision was vacated and remanded.

In the case at bar, McNabb is not seeking any information regarding any issue that could

remotely be described as privileged or confidential. McNabb is not seeking confidential medical information. McNabb stated as much through his attorney of record in the June 13, 2007 email mentioned above.

Defendant cannot realistically state that the discovery of disciplinary records, absentee records, and tardiness records are deserving of some type of protection when they themselves assert these issues as a basis for the actions they took regarding McNabb. Denying McNabb these documents excessively narrows the scope of the discovery needed for him to pursue his claims. This was deemed improper in *Adkins* and is equally improper here.

Furthermore, as this Court is well aware, the scope of discovery is not limited to issues raised in the pleadings, "for discovery itself is designed to help define and clarify the issues." *Lyoch v. Anheuser-Busch Co.,* 164 F.R.D. 62 (E.D.Mo. 1995) (quoting *Flanagan v. Travelers Ins.Co.,* 111 F.R.D. 42, 45 (W.D.N.Y. 1986). Moreover, the liberal standards governing discovery in discrimination cases are well established. *See, Lyoch v. Anheuser-Busch Co.,* 164 F.R.D. 62 (E.D.Mo. 1995). In fact, in *Wards Cove Packing Company v. Atonio,* 490 U.S. 642, 657 (1989), the Supreme Court held that a Plaintiff in a Title VII lawsuit may employ "liberal civil discovery rules" to obtain "broad access to employer's records." By its actions the Defendant in this case is attempting to unilaterally limit the Plaintiff's discovery to only issues it deems are relevant which is highly improper.

A plaintiff bringing an individual claim of discrimination must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a discriminatory decision. The information and documents requested by the Plaintiff, in the instant action, are necessary to assist the Plaintiff in establishing his

claims of age discrimination and retaliation. Request for Production No. 8, in its pared down state, is reasonably calculated to secure or lead to relevant information regarding employment practices at the Defendant's organization.

Sanders Lead Company Inc.'s refusal to provide the work records of other employees while citing McNabb's work record as the reason he was not re-hired goes against the case law concerning proof of discrimination. Sander's Lead injected work performance into this re-hiring and/or recall case and put the employee work records at issue. As the Circuit stated in *Adkins\*5* and Federal Rules of Civil Procedure 26(b)(1) provide, "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

### IV.  CONCLUSION

The Defendant's refusal to fully respond to the Requests For Production No. 8 has prejudiced the Plaintiff's ability to prepare a response to summary judgment and proceed with discovery. Wherefore, the Plaintiff respectfully moves this Honorable Court to Order the Defendant, Sanders Lead Company, Inc., to produce the discovery specified in this motion at the Plaintiff's attorney's offices in Birmingham, Alabama, within seven days of entry of an Order compelling the Defendant to produce the overdue discovery. Further, Sanders Lead Company should be required to provide sworn interrogatory responses as provided by Federal Rule of Civil Procedure 33(b)(1).

        Respectfully submitted,

        /s/Roderick T. Cooks
        Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and/or U. S. Mail, postage prepaid and addressed to them as follows:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
(334) 566-4703 fax

Done this the 18th day of June, 2007.

                                                    s/Roderick T. Cooks
                                                  Of Counsel