IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAXIE MCNABB, | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-0664-MHT** |
| v. | ) | |
| | ) | |
| SANDERS LEAD COMPANY, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**PLAINTIFF'S MOTION TO COMPEL**</u>

COMES NOW, the Plaintiff, Maxie McNabb, and respectfully moves this Honorable Court to compel the Defendant, Sanders Lead Company, Inc., to produce documents requested by the Plaintiff in Plaintiff's First Request for Production of Documents.  Plaintiff is seeking such relief from the Court because despite numerous phone conversations and written correspondence, the Defendant has not responded adequately to Plaintiff's Request for Production No.8 seeking basic comparator information from employee personnel files .  As grounds for this Motion to Compel, the Plaintiff states as follows:

I.    <u>**PROCEDURAL HISTORY**</u>

1.    Plaintiff McNabb,  fifty-four years old at the time of the decisions at issue,  filed the above styled employment discrimination lawsuit alleging that the Defendant failed to recall and/or rehire him because of his age and that it retaliated against him on for opposing and reporting age discrimination.   McNabb, a former employee, sought to be re-hired after a reduction in force.

2.    On January 17, 2007, McNabb served Plaintiff's First Interrogatories and Request for Production of Documents on the Defendant.  (Ex. 1).  Defendant responded on February 16, 2007. (Ex. 2).

3.      Pursuant to Rule 37 of the Federal Rules of Civil Procedure, McNabb requested by letter dated June 8, 2007, that the Defendant supplement its discovery responses by June 15, 2007. (Ex. 3).

4.      Defendant agreed to supplement its responses to each issue outlined in McNabb's letter of June 8, 2007, except Request for Production No. 8.

5.      Request for Production No. 8 reads as follows:

> 8.      All documents reflecting personnel information of all defendant's employees, wherever kept, who have been hired, transferred or promoted to vacant positions within the division or section where the plaintiff worked from October 2005 to the present. This should include, but not be limited to, file jacket(s), medical records, payroll records, time cards, absentee and tardiness records, discipline records, etc., and any other documents relating to the terms and conditions of employment.

6.      The Defendant produced the applications of individuals who were hired into the department where McNabb was qualified to work from October 5, 2006 to the present, however, it has refused to provide any other personnel information for such persons- such as disciplines and attendance records.

7.      By email dated June 13, 2007, Plaintiff McNabb offered to narrow his request to seek only information related to discipline, attendance, and tardiness received by individuals hired, transferred or promoted to vacant positions within the division or section where he worked from October 2005 to the present. (Ex. 4).

8.      The information about comparators is important because   Sanders Lead Company Inc. argued in its Brief In Support of Its Motion for Summary Judgment that: "Sanders Lead discharged Mr. McNabb as part of a work force reduction for the following reasons: (1) discipline

problems (2) poor work ethic and (3) unsatisfactory production."[1]    Thus, McNabb's work performance as compared to other employees is directly relevant to issues in the case.

9.    Plaintiff McNabb explained that he could forego receiving any information regarding pay, medical records, health benefits, or any thing to do with salary, but that he needed, the aforementioned information because of the comparator issue.

10.    Moreover, from the application documents the Defendant has produced, it appears that approximately forty individuals outside of McNabb's protected category were hired into his department after his being laid off.  (Ex. 5).  Approximately twenty-eight of those persons were under the age of thirty when hired.  (Id.).  Some of these individuals were former employees who had been terminated by the Defendant in the past for offenses such as falling asleep at work and tardiness.

11.    By email dated June 14, 2007, the Defendant expressed skepticism with regard to producing the information sought by McNabb as it believed the request was not narrowly tailored and violative of, *inter alia*, HIPPA and other unspecified employee privacy acts.[2]  (Ex. 6).  Defendant further stated that it would let the Plaintiff know by June 15, 2007, whether it would produce the requested information.   Defendant has refused to produce the requested documents.

12.    By its actions the Defendant has unilaterally and unreasonably limited the Plaintiff's access to documents and information that are critically relevant to the prosecution of Plaintiff's case.  These tactics are improper and fly in the face of **established case law** and the liberal discovery rules.

---

[1]Likewise, in its statement of facts, the Defendant cites to numerous instances of absenteeism and misconduct on the part of McNabb. (See Doc.#10, Def. Br. pp. 2-7).

[2] McNabb is  unsure what employees privacy act the defendant refers to.  The redacted portion of this exhibit concerns confidential settlement negotiations.

Unless the requested information is compelled by this Court, the Defendant's unilateral discovery limitation will result in prejudice to the Plaintiff.

13.    Additionally, although the Defendant recently provided signed responses to McNabb's First Interrogatories Production of Documents, the interrogatories were not sworn to by the Defendant under oath as required by Federal Rule Civil Procedure 33(b)(1).

## II.    <u>THE STANDARD FOR DISCOVERY</u>

As this Court is well aware, the Federal Rules of Civil Procedure allow for liberal discovery. Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may discover:

> **"any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." (emphasis added).**

On June 12, 2007, the Eleventh Circuit restated this bedrock principle of federal litigation, in *Adkins v. Christie,* 2007 WL 1673510 (11th Cir. 2007).

In *Adkins*, an African-American physician appealed a decision by the district court recognizing a privilege for certain medical documents and improperly limiting the scope of discovery. During discovery, Adkins requested documents relating to the peer review of all physicians at the hospital during the seven years he was a member of the hospital staff. The defendants filed a motion for protective order, arguing that the information sought was protected by the Georgia medical review privilege. (Id. at p. 2). This so called "medical peer review privilege"

sought to protect from discovery and disclosure records containing performance reviews and assessments of physicians by their peers, primarily in connection with their practices at hospitals. (Id. at p. 1).

The district court held that the privilege applied to federal civil rights actions and ordered the defendants to provide Adkins with descriptions of the incidents giving rise to peer review, without disclosing the documents themselves. Moreover, the district court limited production to peer review documents covering physicians it deemed similarly situated to Adkins, i.e. those that worked in his department for the previous five years, rather than to all physicians with staff privileges at the hospital during the seven years that Adkins worked there. (Id. at p. 2). At the close of discovery, with these limitations in place, the district court then granted defendant's motion for summary judgment. (Id.).

On appeal, the Court stated that the: "documents that HMC (the defendants) seek to protect are critical to Adkins' discrimination claims. The only way that Adkins can demonstrate the existence of disparate treatment in his case against the hospital is to compare his peer review with the peer review files of other physicians at HMC." (Id. at p. 4). After balancing the interest of the defendants in keeping such information out of the public domain and the competing interest of rooting out invidious discrimination, the Court sided with the plaintiff and declined to recognize the medical peer review privilege. As to scope of the discovery issue, the Court held that the limitations placed on the plaintiff were improper and that he should be able to place his case within the context of the larger disciplinary processes of the hospital and anything less placed an excessive burden on his ability to pursue his claim. The district court's decision was vacated and remanded.

In the case at bar, McNabb is not seeking any information regarding any issue that could

remotely be described as privileged or confidential. McNabb is not seeking confidential medical information. McNabb stated as much through his attorney of record in the June 13, 2007 email mentioned above.

Defendant cannot realistically state that the discovery of disciplinary records, absentee records, and tardiness records are deserving of some type of protection when they themselves assert these issues as a basis for the actions they took regarding McNabb. Denying McNabb these documents excessively narrows the scope of the discovery needed for him to pursue his claims. This was deemed improper in *Adkins* and is equally improper here.

Furthermore, as this Court is well aware, the scope of discovery is not limited to issues raised in the pleadings, "for discovery itself is designed to help define and clarify the issues." *Lyoch v. Anheuser-Busch Co.,* 164 F.R.D. 62 (E.D.Mo. 1995) (quoting *Flanagan v. Travelers Ins.Co.,* 111 F.R.D. 42, 45 (W.D.N.Y. 1986). Moreover, the liberal standards governing discovery in discrimination cases are well established. *See, Lyoch v. Anheuser-Busch Co.,* 164 F.R.D. 62 (E.D.Mo. 1995). In fact, in *Wards Cove Packing Company v. Atonio,* 490 U.S. 642, 657 (1989), the Supreme Court held that a Plaintiff in a Title VII lawsuit may employ "liberal civil discovery rules" to obtain "broad access to employer's records." By its actions the Defendant in this case is attempting to unilaterally limit the Plaintiff's discovery to only issues it deems are relevant which is highly improper.

A plaintiff bringing an individual claim of discrimination must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a discriminatory decision. The information and documents requested by the Plaintiff, in the instant action, are necessary to assist the Plaintiff in establishing his

6

claims of age discrimination and retaliation. Request for Production No. 8, in its pared down state, is reasonably calculated to secure or lead to relevant information regarding employment practices at the Defendant's organization.

Sanders Lead Company Inc.'s refusal to provide the work records of other employees while citing McNabb's work record as the reason he was not re-hired goes against the case law concerning proof of discrimination. Sander's Lead injected work performance into this re-hiring and/or recall case and put the employee work records at issue. As the Circuit stated in *Adkins\*5* and Federal Rules of Civil Procedure 26(b)(1) provide, "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

## IV.    <u>CONCLUSION</u>

The Defendant's refusal to fully respond to the Requests For Production No. 8 has prejudiced the Plaintiff's ability to prepare a response to summary judgment and proceed with discovery. Wherefore, the Plaintiff respectfully moves this Honorable Court to Order the Defendant, Sanders Lead Company, Inc., to produce the discovery specified in this motion at the Plaintiff's attorney's offices in Birmingham, Alabama, within seven days of entry of an Order compelling the Defendant to produce the overdue discovery. Further, Sanders Lead Company should be required to provide sworn interrogatory responses as provided by Federal Rule of Civil Procedure 33(b)(1).

Respectfully submitted,

/s/Roderick T. Cooks
Attorney for the Plaintiff

7

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and/or U. S. Mail, postage prepaid and addressed to them as follows:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
(334) 566-4703 fax

Done this the 18th day of June, 2007.

s/Roderick T. Cooks
Of Counsel

EXHIBIT #1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MAXIE MCNABB,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-0664-MHT** |
| **v.** | ) | |
| | ) | |
| **SANDERS LEAD COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S FIRST INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, the plaintiff propounds these interrogatories and request for production to the defendant and its officers, attorneys, agents, contractors, and employees having any information or documents which are available to the defendant. These interrogatories and document requests are to be answered separately and severally by the defendant in the manner and form provided by law and the rules of court.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, defendant should so state and specifically identify and describe the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or portion thereof by actual knowledge, or upon information and belief, it hall state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or portions thereof.

Answers to these interrogatories and document request shall be responsive to the date on which the answers are filed and shall be continuing in character and require the filing of supplemental answers if further or different information on documents relative thereto becomes known before trial. Where knowledge or information of the defendant is requested, such request

includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

## DEFINITIONS

A.     As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; e-mails; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bid records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.     As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.     As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association or business entities.

D.     As used herein, the term "you," "company," or "defendant" means the named defendant in this action and the officers, attorneys, agents and employees of such defendant having information available to the defendant within the meaning of Rule 33(a).

E.     "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his

or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known home address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

      F.    "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 33 and of Rule 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

      a.    date the document bears, or if none, under the date it was written;

      b.    name and address of each person who wrote it or participated in the writing of it;

      c.    name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

      d.    name and address of each person who received a copy of the document;

      e.    description of the document, as for instance, a letter or memorandum;

      f.    its present location or custodian of each copy, or if unknown, its last known location or custodian;

      g.    if any document is no longer in defendant's possession, or subject to defendant' control state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of them.

When used with reference to an oral communication, "identify" means to includes the following:

3

     a.     all persons participating in such oral communication;

     b.     date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

     c.     a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

     d.     name of each person who was present, other than the participants;

     e.     substance of the oral communication.

G.     As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

H.     "Personnel File" shall include data or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, absences, tardiness, educational level, selection, job assignment, performance, training, qualifications, validation of tests, promotion, health, and/or safety, vacancies, job applications, test results, marital status, sex, age, race, family status, recruitment, discipline, counseling, supervisors notes, supervisors files, etc.

I.     As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

J.     As used herein, the term "termination" shall include any one or more of the following

4

actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, terminated, fired, etc.

K.    User means a person who has access to a computer or in any manner uses or directs another to use any information stored in or generated by a computer.

L. Computer or Computer Equipment  means all data processing equipment, including but not limited to, central processing units, tape drives, drum and disk storage devices, control units, input devices, and output devices; all unit record equipment, including but not limited to, accumulators, calculators, and sorters; all record storage and retrieval equipment, including but not limited to, microfilm storage and retrieval apparatus, and audio/visual storage and retrieval apparatus.

M.    Computer System means an assembly of computer operations and procedures, persons, equipment, and hardware and software, united by some form of regulated interaction to form an organized whole.

N.    Computer or Electronic Information or Data or Database means all written or numerical information or data that is inputted, processed, or contained in the Computer System for any purpose.

O.    Computer Program means a set of instructions or steps, usually in symbolic form, that generates machine instructions and tells the computer how to handle a problem or sort information.

P.    Computer Application means a program that performs a specific task or function including, email messaging, word processing, or spread sheets.

Q.    Defendant's Computer System means any and all Computer Equipment or Computer

Systems located at the defendant's premises or accessible for use by defendant.

      R.     Email means an electronic messaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

      S.     Operating System means an organized collection of programs for operating a computer, usually part of a software package defined to simplify housekeeping such as input/output procedures, sort merge generators, and so on.

      T.     Back-Up Tapes means magnetic tape storage or archiving of Electronic Information originally contained on a Computer System.

      U.     Computer Log means Computer System usage records such as a listing of electronically stored information, and may include title, subject matter, or first line of the document information and the date of the document.

      V.     Computer System Media means the type of material used for storage of electronic information and includes floppy disks, hard drives, and magnetic tapes.

      W.     Purge means to periodically or randomly delete or take off of the Computer Systems Email messages and transfer this information to Back-Up Tapes to restore or make usable computer memory.

## INTERROGATORIES

1.     Please identify each and every position Maxie McNabb held with the respondent from his date of hire to the present, including job title, rate of pay, and time in position.

2.     Please identify by age, name, job title, rate of pay and date of hire each and every employee that has worked in the defendant's Furnace Department and Casting & Alloy Department from October 2005 to the present. Please include in your answer the dates these employees were hired

6

into the Furnace Department and/or Casting & Alloy Department and whether they are current employees.

3.     Do you alleged or contend that Maxie McNabb was unqualified to work in the Furnace Department and/or the Casting & Alloy Department?  If so, please state each and every reason for your allegation.


4.     Please identify each individual by age, name, and job title who evaluated McNabb's performance during his term of employment with the defendant.  Please include in your answer the results of any such evaluations.

5.     Please identify each and every individual by name, age, job title, rate of pay and date of hire who was hired  into the Furnace Department and/or the Casting & Alloy Department from October 2005 to the present.

6.     Please state whether defendant is covered by employment practices liability insurance.

7.     Please state whether you have any information that would in any way relate to plaintiff's veracity, character, or morality, and if so, describe.

8.     Do you deny that the defendant was plaintiff's employer?  If your answer is no, please identify the correct name of plaintiff's employer.

9.     Describe in detail the organizational structure for the division or section of the defendant's operation wherein the plaintiff was employed, identifying each officer, executive, or higher management employee and their responsibilities.

10.     Describe in detail the defendant's personnel procedures regarding discharge, reductions in force, call backs to work and re-hire, identifying each person responsible for establishing and

carrying out the procedures. Identify any documents which support your response.

11.    If you contend that plaintiff's performance of his duties and responsibilities were in any way deficient, please state the specific details of all such deficiencies.  Identify any documents which support your answer.

12.    Do you contend that plaintiff was unable to perform successfully all the duties and responsibilities of his position(s)?

13.    From October 2002 to the present, did you discuss or engage in communications concerning the consequences surrounding the plaintiff's discharge from the defendant, including oral, written, or electronic discussions and communications?

14.    If your answer to Interrogatory 13 is yes, describe fully the substance of each non-privileged discussion or communication, including the date, time, place and form of each such discussion or communication.

15.    If your answer to Interrogatory 13 is yes, identify every person who was present at each such discussion or communication, including the recipients and sender of the communication and any person to whom the communication was directed.

16.    If your answer to Interrogatory 13 is yes, Identify all Documents, including electronic documents, that contain the discussions or communications.

17.    From October 2005 to the present , please state whether Back-Up Tapes were made of any Computer System Email messages, word processing documents, and correspondence relating to the Plaintiff's claims in this case.

18.    If your answer to Interrogatory 17 is yes, state:

(a) The custodian of those tapes;

8

(b) Identification numbers or the system for identification for those tapes; and

(c) The location of those tapes.

19.    From October 2005 to the present, state whether a periodic or random Purge of Email messaging was performed.

20.    If your answer to Interrogatory 19 is yes, state when that purge occurred and identify the back-up tape the electronic information was transferred to.

21.    State whether you deleted or "trashed" email messages regarding plaintiff's termination.

22.    If your answer to Interrogatory 21 is yes, state:

(a) The substance of those deleted or "trashed" email messages;

(b) The sender and recipients of those messages, and

(c) The date and time of those messages.

## REQUESTS FOR PRODUCTION

Plaintiff requests that the defendant copy and produce, unless over 200 pages per request, within the time provided by Rule 34, Federal Rules of Civil Procedure, at the offices of plaintiff's attorney the requested documents. If any request is over 200 pages, please contact plaintiff's counsel before reproducing.

1.    Please produce all documents identified or used in responding to Plaintiff's First and Interrogatories and Requests For Production.

2.    Please produce the complete personnel file of Maxie McNabb, including records pertaining to job duties, salary, promotions, evaluations, discipline, benefits, promotions, discharge and reassignments, wherever kept, and all communications, e-mails, memos, forms or documents

pertaining to the plaintiff

3.     Please provide any and all documents relating to any previous EEOC charges and/or lawsuits alleging discrimination on the basis of age and/or retaliation which have been filed against the defendant, including, but not limited to, the charge filed by the named plaintiff from October 2005 to the present.

4.     All documents which reflect the breakdown of the workforce by age for the departments in which the plaintiff was employed from October 2005 to the present.

5.     Please provide a copy of defendant's policies and procedures manual, if such exist, that was in effect from October 2005 to the present.

6.     Please provided all documents which would identify vacancies with defendant from October 2005 to the present date.

7.     Please provide all advertisements and job postings placed by defendant from October 2005 to the present date and all documents which show or tend to show applicant flow data of the applicants who applied for employment, promotions or transfers into jobs in the Furnace Department and/or the Casting & Alloy Department from October 2005 to the present.

8.     All documents reflecting personnel information of all defendant's employees wherever kept, who have been hired, transferred or promoted to vacant positions within the division or section where the plaintiff worked from October 2005 to the present.  This should include, but not be limited to, file jacket(s), medical records, payroll records, time cards, absentee and tardiness records, discipline records, etc., and any other documents relating to the terms and conditions of employment.

9.     Please provide all documents which describe policies, practices, procedures, rules or criteria used in hiring, discharging, promoting and transferring employees which have been effect from

October 2005 to the present.

10.     Please provide all documents relating to the complete personnel file, including time sheets or daily attendance records, wherever kept, of the person(s) who subsequently assumed the job duties and responsibilities of the plaintiff.

11.     Please provide any or all documents and/or tables which show the organization of the defendant from October 2005 to the present.

12.     Please provide any and all tape recording, tape, transcript, note, diary, journal, calender, or other document that in any way relates to, or pertains to, the allegations in the Complaint or Charge filed with the EEOC.

Respectfully submitted,

/s/Roderick T. Cooks
Counsel for Plaintiff

**OF COUNSEL**:
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

11

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and/or U. S. Mail, postage prepaid and addressed to them as follows:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
(334) 566-4703 fax


Done this the 17th day of January, 2007.


s/Roderick T. Cooks
Of Counsel

12

EXHIBIT #2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **MAXIE MCNABB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:06cv664-MHT** |
| | ) | |
| **SANDERS LEAD COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT SANDERS LEAD COMPANY, INC'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW the Defendant in the above-styled cause and answers the following interrogatories and request for production propounded by Plaintiff Maxie McNabb.

### GENERAL OBJECTIONS

Defendant objects to each of Plaintiff's interrogatories to the extent that each is overly broad, vague, unduly burdensome, seeks information not designed nor reasonably calculated to lead to the discovery of relevant evidence; and, purports to request information protected by the attorney/ client privilege or work product doctrine or seeks information taken and/ or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure.

Defendant objects to each interrogatory to the extent each seeks documents or things which constitute confidential, proprietary information, or to which Defendant has a duty or obligation of confidentiality with respect to persons or entities not parties to this

1

litigation. This objection is made specifically, but without limitation, with respect to any request which entails disclosure of the identities or other confidential information of persons not parties to this litigation, whose privacy rights would be violated by such disclosure.

## ANSWERS TO INTERROGATORIES

1.  See change of employee status forms in the attached personnel file.

2.  Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Notwithstanding said objection, Defendant states that the information requested is contained within the attached documents.

3.  As far as Defendant knows, Plaintiff was physically able to perform his job duties. A medical doctor would provide a mor definitive answer.

4.  See employee evaluation forms in the attached personnel file.

5.  Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome and not reasonably designed or calculated to lead to relevant and admissible discovery. Notwithstanding said objection, Defendant states that the information requested is contained within the attached documents.

5a. Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome and not reasonably designed or calculated to lead to relevant and admissible discovery. Notwithstanding said objection, Defendant states that the information requested is contained within the attached documents.

6.  Defendant is not covered by any employment practices liability insurance.

7.  Defendant's personnel file, which is attached.

8.  Plaintiff was employed with Defendant in the casting and alloy depratment.

9.  Bart Sanders is the plant manager. Ricky Brewer is the assistant plant manager. Edgar Fannin is the Department head. Leon Bennett is the shift supervisor.

10. Any personnel procedures would be established by the plant manager, Bart Sanders and Sam Kitchens would carry out said procedures.

11. Plaintiff was excessively absent without notification, excessively late to work and was insubordinate at times.

2

12.    Defendant is without sufficient knowledge to answer this question.

13.    Defendant objects to this interrogatory as the information sought is protected by attorney client privilege.

14.    Defendant objects to this interrogatory as the information sought is protected by attorney client privilege.

15.    Defendant objects to this interrogatory as the information sought is protected by attorney client privilege.

16.    Defendant objects to this interrogatory as the information sought is protected by attorney client privilege.

17.    There were none.

18.    a.    See response to number 17.

       b.    See response to number 17.

       c.    See response to number 17.

19.    There were none.

20.    See response to 19.

21.    No.

22.    a.    See response to number 21.

       b.    See response to number 21.

       c.    See response to number 21.

23.    No.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1.    Attached.

2.    Attached.

3.    No

4.    Attached.

5.    Attached.

6.    None.

7.    Attached.

8.    Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Notwithstanding said objection, employee hirings are included in the attached documents.

9.    Attached.

10.    Plaintiff was part of a reduction in force on the part of the Defendant. Nobody has replaced the Plaintiff.

11.    None.

12.    Attached.

13.    Attached.

14.    None, any communication was oral.

15.    Attached.

16.    None, any communication was oral.

17.    None.

Respectfully submitted this the 16th day of February, 2007.

Matthew M. Baker (BAK017)
N.J. Cervera (CER001)
Frank P. Ralph (RAL002)
Grady A. Reeves (REE042)
Attorneys for Defendant

4

OF COUNSEL:
Cervera, Ralph & Reeves, LLC
P. O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 fax

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Federal Express properly addressed to:

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

this the 16th day of February, 2007.

OF COUNSEL

5

EXHIBIT #3

The Penick Building
319 17th Street North
Birmingham, AL 35203

Facsimile: (205) 251-0231

Lee Winston
(205) 502-0940

Roderick T. Cooks
(205) 502-0970

# THE LAW OFFICES

OF

# WINSTON COOKS

A Limited Liability Company

June 8, 2007



**VIA U.S. MAIL & EMAIL**
Matthew Baker, Esq.
CERVERA, RALPH & REEVES, L.L.C.
Post Office Box 325
914 South Brundidge Street
Troy, Alabama 36081

> *Re:   McNabb v. Sanders Lead Company, Inc.,*
> *CV-2:06-00664*

Dear Matt:

Please, find enclosed *Plaintiff's Responses to Defendant's First Interrogatories and Request for Production of Documents.* The interrogatories are not signed but we anticipate having a signed copy to you shortly. Also, we are in receipt of the Defendant's responses to *Plaintiffs' First Interrogatories and Request for Production of Documents.* First, we would ask that the Defendant provide us with a signed copy of its interrogatories. Second, upon review of the Defendant's responses, I note the following deficiencies:

### PLAINTIFFS' FIRST INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

13.    From October 2002 to the present, did you discuss or engage in communications concerning the consequences surrounding the plaintiff's discharge from the defendant, including oral, written, or electronic discussions and communications?

14.    If your answer to Interrogatory 13 is yes, describe fully the substance of each non-privileged discussion or communication, including the date, time, place and form of each such discussion or communication.

15.    If your answer to Interrogatory 13 is yes, identify every person who was present at

## Roderick Cooks

**From:**      Roderick Cooks [rcooks@winstoncooks.com]
**Sent:**      Wednesday, June 13, 2007 3:21 PM
**To:**        'Matt Baker'
**Cc:**        'Lee Winston'
**Subject:**   RE: depo notices


Matt, that is fine we will do them in Troy and I will get you the notices on tomorrow.  I will only need June 20 not the 21st.  Also, at this time I am again asking that the defendant supplement its response to Request for Production No. 8.  We can agree to not seek pay, medical records, health benefit information, or any thing to do with salary.

However, the discipline, attendance, and tardiness records are very relevant since you all claim that is part of the reason Mr. McNabb was not rehired.  I will need these documents by Friday, June 15, 2007 or we will have to file a motion to compel the production of this basic comparator information on Monday June 18, 2007.

With regard to taking Maxie's depo, I am clear on June 28 or  29.

Thanks

Roderick T. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 - 17th Street North, Suite 200
Birmingham AL 35203
Contact:   (205) 502-0970
Cellular:  (205) 616-3349
Fax:       (205) 251-0231
Email:     rcooks@winstoncooks.com


This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person or persons to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message.


-----Original Message-----
From: Matt Baker [mailto:mbaker@troycable.net]
Sent: Wednesday, June 13, 2007 10:57 AM
To: Roderick Cooks
Subject: RE: depo notices

Rod:

Unfortunately, we will not be able to have the depositions in Montgomery.  The people you are deposing need to miss as little work as possible.  In order to do this, the depositions will need to be in Troy.

Additionally, we would like to depose Mr. McNabb.  If you would let me know what day he will be available, I will send a notice.  Thanks.

Matt
-----Original Message-----
From: "Roderick Cooks" <rcooks@winstoncooks.com>
To: mbaker@troycable.net
Cc: "'Lee Winston'" <lwinston@winstoncooks.com>
Sent: 6/13/2007 10:06 AM

1

EXHIBIT #5

01/24/07                 Sanders Lead Company, Inc.                    Page 1

| Employee Name | Department | Date of Birth | Date of Hire |
|---|---|---|---|
| ALEXANDER, MATTHEW D | CASTING & ALLOYING | 09/07/1978 | 06/16/2006 |
| BERRY SR, FRED L | CASTING & ALLOYING | 08/06/1956 | 09/12/2006 |
| BOSWELL, SANDY A | CASTING & ALLOYING | 12/29/1984 | 04/21/2006 |
| BOYD, JOHN E | CASTING & ALLOYING | 10/18/1964 | 05/19/2006 |
| BOYKIN, ROBERT D | CASTING & ALLOYING | 11/08/1984 | 10/24/2006 |
| BRUNDIDGE  JR, ROBERT E | CASTING & ALLOYING | 04/27/1977 | 05/05/2006 |
| CARLISLE, JAMES B | CASTING & ALLOYING | 07/20/1972 | 11/17/2006 |
| CHAMBERS, CHRISTOPHER B | CASTING & ALLOYING | 01/01/1979 | 09/22/2006 |
| CLARK, CORNELIUS | CASTING & ALLOYING | 06/23/1985 | 04/05/2006 |
| COLLINS, DEMOND T | CASTING & ALLOYING | 03/06/1974 | 03/30/2006 |
| COYLE, DAVID L | CASTING & ALLOYING | 10/31/1963 | 05/26/2006 |
| DIXON, ALENDA E | CASTING & ALLOYING | 11/04/1969 | 04/11/2006 |
| FAISON, RODERICK | CASTING & ALLOYING | 02/25/1961 | 11/27/2006 |
| FEAGIN, LONNIE C | CASTING & ALLOYING | 11/17/1958 | 07/07/2006 |
| GAMBLE  JR, TONY L | CASTING & ALLOYING | 11/23/1980 | 11/06/2006 |
| GILBERT, KENYATA | CASTING & ALLOYING | 08/09/1986 | 05/26/2006 |
| GRAHAM, TONY D | CASTING & ALLOYING | 08/25/1984 | 08/11/2006 |
| GRICE, LEDON A | CASTING & ALLOYING | 02/29/1980 | 10/20/2006 |
| HALL, ZANE B | CASTING & ALLOYING | 11/05/1986 | 10/20/2006 |
| HANNAH, JONAS R | CASTING & ALLOYING | 03/29/1976 | 10/20/2006 |
| HARLEY, II, RANDOLPH E | CASTING & ALLOYING | 11/03/1986 | 04/27/2006 |
| HARRIS, LYDELL | CASTING & ALLOYING | 08/04/1976 | 09/01/2006 |
| JACKSON, JERRELL T | CASTING & ALLOYING | 11/29/1968 | 06/09/2006 |
| JONES, JEREMIAH | CASTING & ALLOYING | 01/07/1967 | 09/01/2006 |
| JONES, TRENTON L | CASTING & ALLOYING | 04/02/1974 | 09/05/2006 |
| LIGHTFOOT, JOSEPH D | CASTING & ALLOYING | 07/20/1980 | 09/26/2006 |
| MARSHALL, RANDY | CASTING & ALLOYING | 12/17/1967 | 02/17/2006 |
| MC CRAY, MITCHELL E | CASTING & ALLOYING | 05/18/1957 | 05/12/2006 |
| MC GREW, KAUNTA K | CASTING & ALLOYING | 02/07/1977 | 03/31/2006 |
| MC NABB, DARRIAN Q | CASTING & ALLOYING | 08/06/1986 | 04/25/2006 |
| MC NABB, DESMUND T | CASTING & ALLOYING | 05/08/1988 | 08/04/2006 |
| MEADOWS  JR, EDDIE R | CASTING & ALLOYING | 01/06/1984 | 07/27/2006 |
| MINCEY, JOE F | CASTING & ALLOYING | 04/16/1963 | 11/03/2006 |
| ORUM JR, LEON | CASTING & ALLOYING | 06/22/1966 | 01/20/2006 |
| PENNINGTON, TERRANCE T | CASTING & ALLOYING | 04/23/1988 | 06/09/2006 |
| PIERRE, MANACH | CASTING & ALLOYING | 01/12/1975 | 10/06/2006 |
| PRICE, ADRIAN S | CASTING & ALLOYING | 01/28/1977 | 10/27/2006 |
| ROUSE, ELIJAH R | CASTING & ALLOYING | 05/23/1975 | 11/18/2006 |
| SCOTT, ROBERT L | CASTING & ALLOYING | 10/02/1966 | 03/24/2006 |
| SIMS, DARIUS L | CASTING & ALLOYING | 02/09/1987 | 04/15/2006 |
| SNELL, FREDERICK T | CASTING & ALLOYING | 11/05/1979 | 03/10/2006 |
| SOLOMON, FELIX J | CASTING & ALLOYING | 08/09/1983 | 06/02/2006 |
| STARKS, MICHAEL L | CASTING & ALLOYING | 11/14/1964 | 03/06/2006 |
| SWANSON, RICCO L | CASTING & ALLOYING | 05/28/1982 | 07/22/2006 |
| THOMAS, JAMES V | CASTING & ALLOYING | 04/20/1960 | 12/18/2006 |
| THOMAS, MICHAEL S | CASTING & ALLOYING | 03/13/1985 | 02/10/2006 |
| TRUITT, MITCHELL T | CASTING & ALLOYING | 12/12/1976 | 06/23/2006 |
| TYRUES, JR, LARRY G | CASTING & ALLOYING | 03/12/1973 | 11/17/2006 |
| WARREN, BERSHACT | CASTING & ALLOYING | 10/07/1982 | 10/20/2006 |
| WASHINGTON, HENRY E | CASTING & ALLOYING | 05/14/1964 | 11/17/2006 |
| WILLIAMS, ASTIN R | CASTING & ALLOYING | 08/27/1981 | 07/11/2006 |
| WILLIAMS, NICHOULAS O | CASTING & ALLOYING | 06/24/1985 | 06/12/2006 |
| ZEIGLER, DERICK D | CASTING & ALLOYING | 03/02/1983 | 09/22/2006 |
| ADAMS, JERMAINE T | FURNACE | 10/11/1975 | 07/22/2006 |

01/24/07                     Sanders Lead Company, Inc.                     Page 2

| Employee Name | Department | Date of Birth | Date of Hire |
| --- | --- | --- | --- |
| ALLEN JR, THOMAS J | FURNACE | 09/14/1979 | 06/16/2006 |
| BALLARD, MICHAEL D | FURNACE | 11/23/1977 | 01/18/2006 |
| BEEMAN, RONNIE W | FURNACE | 06/26/1969 | 08/04/2006 |
| BELL, TYRESE R | FURNACE | 01/22/1974 | 03/25/2006 |
| BLAIR, JOHN D | FURNACE | 10/28/1981 | 02/21/2006 |
| BLAIR, THOMAS P | FURNACE | 11/25/1979 | 06/09/2006 |
| BOYKINS, JOHNNY R | FURNACE | 12/26/1960 | 12/18/2006 |
| BROOKS, MARCUS C | FURNACE | 12/06/1977 | 10/07/2006 |
| BROWN, AUBREY S | FURNACE | 07/07/1984 | 08/19/2006 |
| BROWN, LARRY L | FURNACE | 12/27/1978 | 02/17/2006 |
| BROWN, WILLIAM C | FURNACE | 04/29/1986 | 03/13/2006 |
| BRYANT, STEVEN D | FURNACE | 09/09/1973 | 08/23/2006 |
| CAREY, JR, NATHANIEL | FURNACE | 06/27/1954 | 07/29/2006 |
| CARLTON, DAVRELL M | FURNACE | 08/02/1986 | 12/08/2006 |
| CHAMBERS, ROBERT J | FURNACE | 09/23/1965 | 04/28/2006 |
| CLARK JR, ARTHUR L | FURNACE | 06/09/1963 | 12/09/2006 |
| COLEMAN, MAURICE L | FURNACE | 04/07/1983 | 10/27/2006 |
| COLEMAN, RICHARD D | FURNACE | 06/17/1981 | 11/03/2006 |
| COLLINS, CORNELIUS M | FURNACE | 01/24/1984 | 11/10/2006 |
| COWART, JEFFERY D | FURNACE | 02/20/1967 | 12/26/2006 |
| COWART, MARIO D | FURNACE | 11/23/1986 | 04/07/2006 |
| CRENSHAW, ANDRE L | FURNACE | 11/23/1984 | 11/01/2006 |
| CROSWELL, MICKEY L | FURNACE | 10/12/1986 | 04/08/2006 |
| CUMMINGS, FREDDIE L | FURNACE | 07/27/1966 | 02/17/2006 |
| DANIELS, ALBERT J | FURNACE | 02/17/1969 | 12/08/2006 |
| DANIELS, KENDRICK D | FURNACE | 03/30/1974 | 02/22/2006 |
| DUNCAN, ANTHONY L | FURNACE | 01/11/1971 | 03/13/2006 |
| EVANS, KEVIN D | FURNACE | 08/26/1985 | 07/17/2006 |
| FOLMAR, ADRIAN T | FURNACE | 05/17/1974 | 12/16/2006 |
| FOSTER JR, LEO | FURNACE | 10/25/1957 | 08/22/2006 |
| FOSTER, BRYANT A | FURNACE | 04/16/1986 | 06/02/2006 |
| FOSTER, GERALD D | FURNACE | 09/02/1975 | 02/24/2006 |
| FRANKLIN, ANTONIO L | FURNACE | 02/24/1970 | 11/17/2006 |
| FULLER JR, ROGER L | FURNACE | 06/03/1988 | 09/29/2006 |
| FULLER, TYRONE R | FURNACE | 12/31/1975 | 09/29/2006 |
| GARY, JOSHUA | FURNACE | 03/05/1979 | 12/15/2006 |
| GILFORD, ROBERT A | FURNACE | 01/07/1979 | 05/23/2006 |
| GINYARD, REGINALD M | FURNACE | 09/21/1983 | 10/24/2006 |
| GLENN, VINCENT E | FURNACE | 12/28/1981 | 10/17/2006 |
| HARDIMON, JOHNNY R | FURNACE | 10/30/1975 | 09/16/2006 |
| HARRIS, DONOVAN R | FURNACE | 02/12/1986 | 06/06/2006 |
| HARRIS, SEQUOIA T | FURNACE | 02/10/1985 | 09/29/2006 |
| HERNANDEZ, OSCAR M | FURNACE | 01/05/1985 | 03/18/2006 |
| HILL, VINCENT C | FURNACE | 10/26/1964 | 09/22/2006 |
| HOLLINGHEAD, COREY D | FURNACE | 05/04/1986 | 08/18/2006 |
| HOOTEN, GREGORY B | FURNACE | 10/07/1973 | 10/06/2006 |
| HUMPHREY, ALKEYOWN J | FURNACE | 12/16/1985 | 12/01/2006 |
| JACKSON, BEN FRANK | FURNACE | 02/06/1982 | 06/16/2006 |
| JOHNSON, L V | FURNACE | 09/14/1961 | 08/04/2006 |
| JOHNSON, TED M | FURNACE | 04/19/1983 | 05/15/2006 |
| JONES, JOE L | FURNACE | 11/05/1968 | 07/14/2006 |
| JORDAN, TITUS | FURNACE | 11/26/1975 | 12/08/2006 |
| JUAREZ, SERGIO | FURNACE | 04/05/1982 | 03/18/2006 |
| KING, KELVIN A | FURNACE | 01/05/1984 | 02/28/2006 |

Sanders Lead Company, Inc.

```
--------------------------------------------------------------------
Employee Name            Department          Date of Birth   Date of Hire
--------------------------------------------------------------------

LOFTIN, DAVID L          FURNACE             07/14/1969      05/19/2006
LOWERY, FREDRICK N       FURNACE             09/14/1983      07/14/2006
MADISON JR, JAMES N      FURNACE             07/30/1975      06/02/2006
MAHONE, RANDY J          FURNACE             10/04/1979      07/11/2006
MAULDEN, CHRISTOPHER D   FURNACE             06/14/1987      09/08/2006
MAY, CRAIG D             FURNACE             08/10/1965      10/27/2006
MC BRYDE, WILLIE J       FURNACE             07/09/1972      09/08/2006
MC COY, JEFFERY J        FURNACE             10/04/1987      10/27/2006
MC CRAY, GREGG           FURNACE             03/21/1976      05/19/2006
MC CULLOUGH, AUNDERAUL K FURNACE             05/07/1984      09/15/2006
MC GHEE, KENNETH L       FURNACE             01/07/1980      06/23/2006
MC NEIL, EARL O          FURNACE             04/24/1986      12/02/2006
MENDENHALL, JOHN D       FURNACE             11/25/1985      03/13/2006
MILLER, BERNARD          FURNACE             05/24/1967      10/06/2006
MILLER, DOMINIQUE  A     FURNACE             03/31/1984      10/07/2006
NICKERSON, JERICO M      FURNACE             08/30/1980      03/17/2006
OLIVER, DEMETRIUS        FURNACE             01/08/1978      05/26/2006
PEOPLES, DEVIN D         FURNACE             06/30/1984      07/14/2006
POTTS, DEVECCHIO A       FURNACE             04/28/1977      04/21/2006
PRESLEY, DANIEL A        FURNACE             12/28/1987      03/24/2006
PRITCHETT, MAREO T       FURNACE             09/25/1981      11/17/2006
RAY, BILLY J             FURNACE             11/20/1965      03/11/2006
RAYBORN, TIMOTHY         FURNACE             09/04/1978      08/14/2006
RODGERS, EDRICK D        FURNACE             11/26/1976      05/30/2006
RODGERS, JAMES E         FURNACE             05/29/1960      07/21/2006
ROGERS, FRANKLIN M       FURNACE             08/14/1986      01/18/2006
ROUSE, JAMES A           FURNACE             12/29/1979      11/10/2006
RUSSAW, AARON U          FURNACE             12/16/1980      10/10/2006
SCOTT, MARCUS T          FURNACE             01/17/1988      12/26/2006
SENN, DUSTIN T           FURNACE             09/09/1980      10/13/2006
SEYMORE, JAMES E         FURNACE             05/06/1966      03/17/2006
SMILEY  JR, HAROLD D     FURNACE             07/16/1970      02/10/2006
SMITH, DERRICK D         FURNACE             07/11/1985      11/25/2006
STILL, MELVIN            FURNACE             12/29/1970      02/01/2006
STRAUGHN, XAVIER M       FURNACE             08/03/1981      07/18/2006
STREETER, BOBBY T        FURNACE             01/12/1979      11/03/2006
STREETER, DUNCAN E       FURNACE             03/02/1963      07/28/2006
STRINGER, JIMMY D        FURNACE             03/21/1983      08/05/2006
TEAGUE, JR, WILLIE J     FURNACE             10/05/1972      05/06/2006
THOMPSON, JAMES A        FURNACE             11/23/1966      08/04/2006
TONEY JR, JOHNNIE        FURNACE             10/04/1963      02/10/2006
TONEY, DEANGELO M        FURNACE             06/17/1986      07/11/2006
VAUGHN  III, ALEX        FURNACE             05/21/1960      09/08/2006
WASHINGTON, EARNEST L    FURNACE             07/13/1970      03/31/2006
WATTS, JOHN D            FURNACE             07/07/1979      03/10/2006
WILLIAMS, RAYFUS N       FURNACE             05/27/1976      03/22/2006
WOMACK, MICHAEL B        FURNACE             02/10/1985      01/27/2006
YOUNG, EDWARD L          FURNACE             01/08/1960      11/25/2006
YOUNGBLOOD, DEVARIUS A   FURNACE             05/21/1988      09/01/2006
```

EXHIBIT #6

**Roderick Cooks**

| | |
|---|---|
| **From:** | Matt Baker [mbaker@troycable.net] |
| **Sent:** | Thursday, June 14, 2007 1:55 PM |
| **To:** | Roderick Cooks |
| **Subject:** | RE: McNabb v. Sanders Lead |

Rod:

I am planning on sending the supplemental responses tomorrow. You should receive them over the weekend. At this time, no final decision has been made as to request #8. It does seem that even if the requested information was produced, it will take many days to sort through it all. As stated previously, there does seem to be problems with your request.

First, much of the information sought seems to be privileged and protected by HIPAA and employees' privacy acts. There has been no HIPAA order requested or entered in this case. Second, your request does not seem to be narrowly tailored to fit into this lawsuit.

As to your two stated cases, the Miller case simply states the rule that "Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext." The information you are seeking is neither statistical nor minority based. It is a blanket request. Further, the rule states that such information may be discoverable. A court would need to decide whether or not the request is relevant, unduly burdensome, overly broad, etc.

As for the Burns case, that request was narrowly tailored and specific to the alleged discrimination. Again, you have provided nothing more than a blanket request of all employees in the Plaintiff's division. You have filed an age discrimination case and the request should have been specific against those employees not in the Plaintiff's protected class.

The matter is being discussed and a final decision is expected tomorrow. Any thoughts you have other than what you have previously stated may help sway our thoughts on the situation.

In the original responses, you did receive all the new hirings that you asked for.

Sincerely,

Matthew M. Baker
Cervera, Ralph & Reeves, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081

334-566-0116
334-566-4073 facsimile