IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAXIE MCNABB, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANDERS LEAD COMPANY, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NO. 2:06cv664-MHT |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, Defendant Sanders Lead Company, Inc., by and through the undersigned counsel of record, and does hereby respond to Plaintiff's Motion To Compel. In response thereto, Defendant states the following:

**STATEMENT OF FACTS**

1. On or about January 18, 2007 Defendant was served with "Plaintiff's First Set of Interrogatories and Requests for Production of Documents."

2. Included in the Requests for Production was Request number 8 which stated the following:

   "All documents reflecting personnel information of all defendant's employees wherever kept, who have been hired, transferred or promoted to vacant positions withing the division or section where the plaintiff worked from October 2005 to the present. This should include, but not be limited to, file jacket(s), medical records, payroll records, time cards, absentee and tardiness records, discipline records, etc., and any other documents relating to the terms and conditions of employment."

3. On or about the 17th day of February, Defendant responded to said interrogatories and requests. In said responses Defendant initially objected

      to Plaintiff's request number 8, although a list of employees who were hired during the time frame was produced.

4. Counsel for the Plaintiff has acknowledged receiving said responses and documents in a timely manner. *See Plaintiff's Motion to Compel, p. 1, paragraph 2.*

5. On the afternoon of June 8, 2007, nearly four months after receiving the initial responses, counsel for the Plaintiff first raised any issue he had with the responses when he e-mailed a communication and attached a letter that was also mailed. In said communication and letter he then asked Defendant to supplement said responses to include all the documents he requested in request number 8.

6. In said letter he gave his own imposed deadline of seven (7) days within which to respond.

7. Several communications were made and stated positions were given over the next several days.

8. Counsel for the Plaintiff at one time did state that he could "agree to not seek pay, medical records, health benefit information, or any thing to do with salary." However, neither the Defendant nor the Defendant's counsel ever received a formal amendment or formal request different than that of request number 8 quoted above.

9. In Plaintiff's Motion to Compel, Plaintiff's counsel stated that "Request for Production No. 8, in its pared down state, is reasonably calculated to secure or lead to relevant information regarding employment practices at the

Defendant's organization." *See p. 7 of Plaintiff's Motion to Compel*. However, prior to June 15, 2007, the deadline given by Plaintiff to respond to his request for supplemental responses and even as of the date of this filing, there has been no formal request made and certainly no pared down version of Plaintiff's request number 8.

10. Accordingly, as requested by the Plaintiff's counsel, on June 15, 2007, the Defendant supplemented its' responses to the only version of Plaintiff's Interrogatories and Requests for Production the Defendant ever received.

11. As part of its' supplemented responses, the Defendant responded to Plaintiff's request number 8 as follows:

> "Defendant objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably designed or calculated to lead to relevant and admissible discovery. The documents sought are not subject to discovery or otherwise are impermissible subjects of discovery under the rules of civil procedure. Defendant objects to this request to the extent that it seeks documents or things which constitute confidential, proprietary information, or to which Defendant has a duty or obligation of confidentiality with respect to persons or entities not parties to this litigation. This objection is made specifically, but without limitation, with respect to this request which entails disclosure of the identities or other confidential information of persons not parties to this litigation, whose privacy rights would be violated by such disclosure. Further, the information sought is privileged and protected and may be a violation of employees' privacy acts and/or HIPAA standards.
>
> Notwithstanding said objection, employee hirings were included in the original attached documents."

12. Plaintiff then filed his motion to compel on Monday, June 18, 2007.

## **ARGUMENT**

13. Essentially, Plaintiff is seeking the personnel files of every employee of

Defendant's casting and alloy department who has been hired, transferred or promoted since October of 2005.

14. First and foremost, producing all of the information requested would impose an unfair burden on the Defendant by imposing an extremely costly and time consuming task of sorting and copying all of the personnel files requested.

15. Also, the files requested contain confidential and privileged medical information and personal information of employees not subject to discovery that the Defendant has a duty to protect.

16. Further, in Plaintiff's Motion to Compel, he mistakenly argues that Mr. McNabb's work record was "the reason he was not re-hired." *See Plaintiff's Motion to Compel, p. 7*

17. As stated in Defendant's Motion for Summary Judgment, Mr. McNabb was not rehired because at the time he applied, there were no openings in the casting and alloy department. The only mention of his previous work history in regards to the re-hiring of the Plaintiff was that "due to Mr. McNabb's previous work history, he would not likely have been hired even if Sanders Lead was hiring." *See Defendant's Motion for Summary Judgment, p. 6 and also affidavits of Edgar Fannin and Sam Kitchens attached as exhibits 1 and 33 respectively to Defendant's Motion for Summary Judgment.*

18. In *Camara v. Brinker Intern.*, the Plaintiff, a female manager, sued her former employer for discrimination as she claimed she was treated differently than other similarly situated male managers. As part of her appeal, she

challenged the District Court's ruling that the personnel files of three male managers were not discoverable. 11th Circuit Court of Appeals held that the personnel files of the three similarly situated male managers were not discoverable because a significant amount of discovery had already been obtained, further discovery would not aid the Plaintiff in resolving the issues, and "even if the requested files would have been helpful to [the Plaintiff] in establishing her prima facie case, they would not have rebutted the legitimate, non-discriminatory reason for her termination offered by [the Defendant]. *Camara v. Brinker Intern.,* 161 Fed Appx. 893, C.A. 11 (Fla. 2006).

19. The Defendant's legitimate non-discriminatory reason for not re-hiring the Plaintiff was that no openings were available at the time he applied. Even if the requested documents would be helpful in establishing a prima facie case of age discrimination, which they wouldn't, they would be irrelevant to rebutting the Defendant's proffered legitimate, non-discriminatory reason for not rehiring the Plaintiff.

20. Therefore, Plaintiff's request is not reasonably designed to lead to relevant discovery as the information sought in no way helps the Plaintiff rebut the Defendant's legitimate, non-discriminatory reason for not rehiring the Plaintiff.

21. Additionally, Defendant has provided the Plaintiff with an abundance of records and documents including the names of all people hired in the time period requested. *See Exhibit 3 of Plaintiff's Motion to Compel.*

22. Nothing has prevented the Plaintiff from contacting the employees hired and discussing matters with them.

23. Further, Plaintiff's counsel has had at least two opportunities to depose Sanders Lead management to ask questions and gather information regarding all of the issues, yet has failed to make appropriate arrangements to do so.

## **CONCLUSION**

24. Plaintiff's Request for Production Number 8 would impose an unfair burden on the Defendant by imposing an extremely costly and time consuming task of sorting and copying all of the personnel files requested. Additionally, the files requested contain confidential and privileged medical information and personal information of employees not subject to discovery that the Defendant has a duty to protect. Further, a significant amount of discovery has already been produced and the Plaintiff has had an opportunity to obtain even more through depositions. Additional discovery would not aid the Plaintiff's case and is not reasonably designed to lead to relevant discovery as the information sought in no way helps the Plaintiff rebut the Defendant's legitimate, non-discriminatory reason for not rehiring the Plaintiff.

WHEREFORE, for the above stated reasons, the Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel.

Respectfully submitted this the 26th day of June, 2007.

s/ N.J. Cervera  
N.J. Cervera (CER001)

s/ Frank P. Ralph  
Frank P. Ralph (RAL002)

s/ Grady A. Reeves  
Grady A. Reeves (REE042)

s/ Matthew M. Baker  
Matthew M. Baker (BAK017)

OF COUNSEL:
CERVERA, RALPH, & REEVES, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
phone (334) 566-0116
fax     (334) 566-4073

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document to all persons listed below by CMF/Electronic Mail:

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

this the 26th day of June, 2007.

s/ N.J. Cervera  
OF COUNSEL