IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAXIE MCNABB | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv664-MHT |
| | ) | |
| SANDERS LEAD COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This case is before the court on plaintiff's motion to compel (Doc. #20), filed June 18,

2007, and defendant's response (Doc. # 23), filed June 26, 2007.  Plaintiff moves the court

to compel production of all documents related to discipline, attendance, and tardiness

received by individuals hired, transferred or promoted to vacant positions within the division

or section where plaintiff worked from October 2005 to the present.[1]

Defendant's primary objection to the motion is that the requested documents are not

relevant.  Specifically, defendant maintains that plaintiff was not rehired because there were

no openings in the casting and alloy department, not because of his previous work history.

However, defendant's summary judgment brief clearly puts plaintiff's disciplinary history

– and, therefore, the disciplinary history of his comparators – at issue in this case. See, e.g.,

Doc. #10 at 2-5 (discussing plaintiff's disciplinary history at length); 5 (indicating that

---

[1] This is a narrowed version of plaintiff's request for production number 8.  See Motion
at 2.

1

employees, including plaintiff, "who had discipline problems, poor work ethic, and/or unsatisfactory production were looked at first" for the reduction in force); 6 (stating that "due to Mr. McNabb's previous work history, he would not likely have been hired even if Sanders Lead was hiring."); 9 (maintaining that plaintiff was no longer qualified for a job because he "developed discipline problems, poor work ethic, and unsatisfactory production."); 12 (stating that defendant discharged plaintiff for: "(1) discipline problems (2) poor work ethic and (3) unsatisfactory production."); and 17 (indicating that the same reasons for plaintiff's discharge – discipline problems, poor work ethic and unsatisfactory production – together with the fact that defendant was not hiring at the time that plaintiff applied for employment, are the reasons that plaintiff was not rehired.).

Defendant also contends that plaintiff's production request would "pose an unfair burden on the Defendant by imposing an extremely costly and time consuming task of sorting and copying all the personnel files requested." Response at 6. However, defendant has offered the court no basis on which to assess the actual burden of production, other than its conclusory assertions. Absent more specifics, the court is unable to conclude that plaintiff's narrowed discovery request is overly burdensome within the meaning of the Federal Rules.

Accordingly, for the foregoing reasons, it is

ORDERED that plaintiff's motion to compel be and hereby is GRANTED to the extent that defendant shall produce to plaintiff, on or before July 11, 2007, all documents related to discipline, attendance, and tardiness received by individuals hired, transferred or promoted to vacant positions within the division or section where plaintiff worked from

October 2005 to the present.  To address any privacy concerns, defendant may submit a

proposed protective order to the court.  It is further

　　ORDERED that defendant shall provide sworn responses to interrogatories as required

by Fed.R.Civ.P. 33(b)(1) by the same date.

　　DONE, this 2nd day of July, 2007.


　　　　　　　　　　　　　　　　　　/s/ Susan Russ Walker
　　　　　　　　　　　　　　　　　　SUSAN RUSS WALKER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE