**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MAXIE MCNABB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:06cv664-MHT** |
| | ) | |
| **SANDERS LEAD COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

COMES NOW, Defendant Sanders Lead Company, Inc. ("Defendant" and/or "Sanders Lead"),by and through the undersigned counsel of record, and does hereby respond to Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment. Accordingly, Sanders Lead states as follows:

**I. CASE SUMMARY**

Defendant filed a motion for summary judgment on May 25, 2007. (Doc. No. 9) A brief and evidentiary submission accompanied the motion. (Doc. No. 10) On July 2, 2007, Plaintiff Maxie McNabb ("Plaintiff") submitted a memorandum brief in response. (Doc. No. 25). Then on July 3, 2007, Plaintiff filed his evidentiary submission to support his brief. (Doc. No. 28). On July 23 and 24 of 2007, Plaintiff filed a supplemental response to Defendant's summary judgment brief (Doc. No. 33) and a supplemental evidentiary submission. (Doc. No. 34). Defendant now submits this response to Plaintiff's responses and evidentiary submissions.

## II.  INTRODUCTION

In his complaint, Plaintiff, Maxie McNabb, attempts to bring claims against Sanders Lead under "the Age Discrimination in Employment Act," (ADEA) as amended, 29 U.S.C. § 621, et seq., 29 U.S.C. §§ 215 and 216, and 42 U.S.C. §2000e-3 (a) and a retaliation claim for Sanders Lead allegedly not rehiring him months after he was discharged.  Plaintiff is attempting to prove that he was discriminated against by the Defendant for failing to rehire him because of his age and/or as retaliation for him filing an EEOC complaint.  Mr. McNabb has not and can not present the Court with sufficient evidence to support any claims against Sanders Lead.   Consequently, Sanders Lead is entitled to summary judgment on each and every claim asserted against it by Mr. McNabb.

On January 5, 2006 the Plaintiff was discharged from Sander Lead Co., Inc as part of a work force reduction.   He did eventually apply for his old job back.[1]  However, at the time he applied, there was not any openings. Additionally, at the time of his discharge, it was noted by his supervisor that he was not eligible to be rehired in the Casting and Alloy Department. Therefore, even if there were openings, the Plaintiff would not have been eligible to be considered.

Plaintiff has not offered any evidence, direct or otherwise, that he was discriminated against or retaliated against because of his age while he was employed, when he was discharged, or when he reapplied for his old job.  Therefore, each and every claim Plaintiff has made should be dismissed.

---

[1]It should be noted that the Plaintiff re-applied for his job on the afternoon of May 24, 2006. The Plaintiff had met that morning with an EEOC investigator who advised the Plaintiff that he had no claim and that he should re-apply for his old job. See attached Exhibit 1.

### III.  ARGUMENT AGAINST AGE DISCRIMINATION

The plaintiff in an ADEA case "bears the ultimate burden of proving by a preponderance of the evidence that age was a determining factor in the employer's decision to dismiss him." *Zaben v. Air Product Chemicals, Inc.,* 129 F.3d 1453, 1457 (11th Cir. 1997)(citing *Clark v.Coats & Clark, Inc.* 990 F.2d 1217, 1226 (11th Cir. 1993)).  To survive a motion for summary judgment, a plaintiff bringing an ADEA claim "must first establish a prima facie case of age discrimination" either "by presenting direct evidence of discriminatory intent, such as age-biased statements made by the decision-maker . . . [or] by presenting circumstantial evidence which complies with the test set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)." *Id.* (other citations omitted).

If a plaintiff is successful in establishing a prima facie case, "the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the plaintiff's discharge." *Id.* (citing *Clark,* 990 F.2d at 1227).  If the employer meets this burden of production, "the burden shifts back to the plaintiff to 'introduce significantly probative evidence showing that the asserted reason is merely pretext for discrimination." *Id.* (quoting *Clark*, 990 F.2d at 1228).

In his response, Plaintiff attempts to argue that Defendant failed to address the Plaintiff's failure to hire claim in Defendant's brief.  This is not the case as the legitimate non-discriminatory reasons for Defendant not re-hiring the Plaintiff after he applied were adequately addressed throughout the brief.

Sanders Lead did not rehire the Plaintiff at the time he applied because (1) there

were no positions available when he applied on May 24, 2006, (2) his job performance was inadequate at the time he left and (3) he was not eligible to be rehired as shown on his discharge papers. *See Attached Exhibit 2.* Any of the above reasons are sufficient, non-discriminatory reasons for not rehiring the Plaintiff.

At the time of his discharge, it was noted by his supervisor that he was not eligible to be rehired in the Casting and Alloy Department. *See Attached Exhibit 2.* That was because of the problems Mr. McNabb had incurred while working in the Casting and Alloy Department, including the fact that he became dizzy, did not know where he was and was unable to perform his job which led to a dangerous situation less than a week before he was discharged. *See Exhibit 3 the Affidavit of Leon Bennett, p. 1, ¶ 6 and also Exhibit 4, an excerpt from the Deposition of Maxie McNabb, p. 46, ¶ 20 to p.47 ¶19.* This fact supports Defendant's claim that he was not qualified for the position and is a legitimate non-discriminatory reason for not rehiring the Plaintiff. Therefore, Plaintiff is unable to prove a prima facie case of age discrimination or retaliation and even if he could, Sanders Lead has a legitimate non-discriminatory reason for not re-hiring him, thus shifting the burden back to the Plaintiff to prove that the legitimate non-discriminatory reason offered is pretextual.

As Plaintiff states on page 16 of his reply brief, "it is equally undisputed that Plaintiff applied for a position in the Casting/Alloy Department." Plaintiff goes on to say that "he requested to be rehired into his old position as a Casting/Alloy Operator." *See Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 16.* It is undisputed that Plaintiff was seeking to get his old job back and it is clear that he was not

eligible to be rehired for his old job.  *See Attached Exhibit 4.*

This Court has held on numerous occasions that an"employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Abel v. Dubberly, 210 F.3d 1334, 1339 n.5 (11th Cir 2000) (per curiam)(quoting Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1187 (11th Cir. 1984)).  The same rationale should apply to hiring.  Here, the Plaintiff was ineligible to be rehired.  Even if that ineligibility is based on a bad reason or erroneous facts, he is still ineligible.  However, that ineligibility was based on a good reason, namely that the Plaintiff's poor workmanship led to a dangerous situation wherein he blacked out at his station where he was handling hot, molten material. Such an occurrence could lead to complete devastation and even the loss of lives.   Such a situation cannot be tolerated or accepted and the management of Sanders Lead are unable to risk such occurrence from ever happening again due to the potential consequences.  *See Exhibit 3 the Affidavit of Leon Bennett, p.2, ¶ 7.*

Therefore, the Plaintiff is unable to show that the proffered reasons for the Defendant not rehiring him were pretextual and his claim of age discrimination is due to be dismissed.

## IV.  PLAINTIFF IS UNABLE TO SHOW THAT SIMILARLY SITUATED PERSONS OUTSIDE HIS PROTECTED CLASS WERE TREATED MORE FAVORABLY.

Even if the Court believes the Defendant's proffered reasons for not rehiring the plaintiff were pretextual, the Plaintiff's claims are due to be dismissed because he is not even able to prove a prima facie case of age discrimination.

As discussed above, the fact that the Plaintiff blacked out causing a potentially lethal

situation is proof enough that he was unqualified to work in that position. Yet, another essential element needed to prove age discrimination is to show that similarly situated persons outside of Plaintiff's protected class received more favorable treatment. To satisfy this element of the prima facie case of age discrimination, the Plaintiff must show that a proposed comparator was "similarly situated in all relevant respects." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Despite his efforts, Plaintiff is unable to prove that such an event occurred.

Plaintiff attempted to show in his Second Supplemental Evidentiary Submissions that employees Edward Meadows and Randolph Harley were similarly situated employees. However, no evidence has been presented by the Plaintiff that these employees were not eligible to be rehired as the Plaintiff was. Absent proof thereof, the Plaintiff is unable to meet his burden of establishing a prima facie case of discrimination.

A similarly situated employee in this instance would be an employee discharged that was not eligible to be rehired at his former position. Mr. McNabb was discharged and a notation was made that he was ineligible to be rehired to fill his same position. *See attached Exhibit 2.* Plaintiff has presented no evidence that suggests that anybody that the Defendant rehired after discharging them was ineligible to be rehired, as the Plaintiff was. Therefore, Plaintiff is unable to satisfy the elements necessary to establish a prima facie case of discrimination.

## V. ARGUMENT AGAINST RETALIATION

In order to establish a *prima facie* case for retaliation under Title VII, Mr. McNabb must show: "that (1) [he] engaged in ... statutorily protected expression; (2) [he] suffered an adverse employment action; and (3) there is a causal [connection] between the two

events." *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 715 (11th Cir.2002) (citation omitted). Once "a plaintiff makes out a *prima facie* case of retaliation, the burden shifts to the defendant to produce legitimate reasons for the adverse employment action." *Id.* (citation omitted). "If the defendant does so, the plaintiff must show that the reasons the defendant gave were pretextual." *Id.*

In this case, Mr. McNabb has not presented sufficient evidence to establish a prima facie case of retaliation. The reasons that Sanders Lead did not retaliate and for Mr. McNabb not being hired are the same as above. Sanders Lead did not rehire the Plaintiff at the time he applied because (1) there were no positions open when he applied on May 24, (2) his job performance was inadequate at the time he left and (3) he was not eligible to be rehired as shown on his discharge papers.

Plaintiff consistently states he made two applications for employment. He states that his first application was made orally over the phone in a conversation with Edgar Fannin in early March. This oral application is whole heartedly disputed by Sanders Lead as Mr. Fannin does not recall any such conversation. However, even if such a conversation took place, there could be no retaliation proven as the alleged conversation took place several weeks before the Plaintiff filed his claim with the EEOC. Plaintiff filed his EEOC claim on March 31, 2006. *See attached exhibit 5, Plaintiff's EEOC claim.* Plaintiff states that the alleged conversation took place in early March of 2006. *See Attached Exhibit 4, Deposition of Maxie McNabb, p. 51, ¶ 1-15 and also p. 54, ¶ 9-15* . Therefore, no such retaliation could have taken place as to this alleged application.

On May 24, 2006, Plaintiff applied for his old job in the Casting and Alloy

Department.  At that time all positions had been filled.  In his reply brief, Plaintiff states that

an employee, namely Kenyatta Gilbert, was hired two days after the Plaintiff submitted his

second application.  This is an untrue statement.  The date of May 26, 2006 is when

Kenyatta Gilbert started his employment with Sanders Lead.  He was actually hired on May

22 or 23, before Mr. McNabb even applied.  *See Exhibit 3 the Affidavit of Sam Kitchens,*

*p. 1, ¶ 6*

Viewing all of the evidence in the most favorable light of Mr. McNabb still does not

defeat the fact that Mr. McNabb was not eligible to be rehired for his job as is clearly stated

in his discharge paperwork.  Regardless of job openings, job qualifications, or even job

applications, Mr. McNabb simply was not eligible to be rehired at the direction of his

supervisor, Leon Bennett.  The reason for him not being eligible could not have been

retaliatory because such determination was made on January 6, 2006, many months

before any EEOC claim was filed and served against Sanders Lead.

## VI.  CONCLUSION

Plaintiff is unable to prove that Defendant's decision to not rehire the Plaintiff to his

old job was age discrimination, nor can he prove that the decision was retaliatory in nature.

The only evidence in existence shows that the Plaintiff did have problems performing his

job duties and as a result was selected to be part of the work force reduction.  The

evidence shows at the time of his discharge, the Plaintiff's supervisor stated that the

Plaintiff was not eligible to be rehired at his same job.  The evidence shows that the

Plaintiff did apply for his old job and was not rehired.  There is no evidence of

discrimination and no evidence of retaliation as the decision to not rehire the Plaintiff was

made well before he filed any complaint with the EEOC.

WHEREFORE, ABOVE-PREMISES CONSIDERED, because Plaintiff cannot present sufficient evidence to support his claims for age discrimination or retaliation, Defendant respectfully requests this Honorable Court grant summary judgment as to each and every claim asserted against Defendant by Plaintiff in this matter and that it dismiss Plaintiff's claims with prejudice.

Respectfully submitted this the 23rd day of August, 2007.

s/ N.J. Cervera
N.J. Cervera (CER001)

s/ Frank P. Ralph
Frank P. Ralph (RAL002)

s/ Grady A. Reeves
Grady A. Reeves (REE042)

s/ Matthew M. Baker
Matthew M. Baker (BAK017)

OF COUNSEL:
CERVERA, RALPH, & REEVES, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
phone (334) 566-0116
fax     (334) 566-4073

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of same by CM/ECF on this the <u>23rd</u> day of August, 2007:

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

s/ N.J. Cervera
OF COUNSEL

PDI CONDUCTED WITH MAXIE MCNABB
MAY 24, 2006
9:00 A.M.

Charge Number:     420 2006 01686



DEFENDANT'S
EXHIBIT
1

Respondent:         Sanders Lead Company

---

Charging Party (CP) alleged that he was laid off on or about January 5, 2006. CP alleged that there was one person laid off from each shift in casting. CP alleged that everyone was called back except one who is assumed to be incarcerated and himself. CP further alleged that the Respondent (R) is advertising in the local newspaper for the same position that he held during his employment.

R denies that they discriminated against the CP. R contends that the CP was laid off during January 2006, as part of a reduction-in-force. R contends that the CP was one of four employees laid off. Of the four, two were in the PAG and two were outside the PAG. R contends that advertisements were later placed in the local newspaper, but denies that the CP ever applied for re-employment. R further contends that nothing prevented the CP from applying if he wanted his job back.

CP states that he did not apply for any position that was advertised in the newspaper. CP states that he contacted Edgar Fanning, Plant Manager Casting and Alloy informing him that he was having problems with the heat before he was laid off. CP states that the heat problem started to get better.

Investigator informed CP that of the four employees that were laid off, two were in the PAG and two were outside the PAG. CP was informed that he needed to re-apply for the position. CP was informed that he was not discriminated against because of his age (54) in violation of the ADEA.

DEFENDANT'S
EXHIBIT
2

# CHANGE OF EMPLOYEE STATUS

SLC KW-ES-10-2001PE

EMPLOYEE'S NAME  _Maxie McNabb_

DEPARTMENT
OR LOCATION  _CASt_

TIME CARD OR
PAYROLL NUMBER  _1751_

JOB TITLE

CLASSIFICATION  _Laborer/Operator Shift  2a_

TODAY'S DATE  _1-5-06_

## WAGE RATE CHANGE

PRESENT RATE ____

PERCENT RAISE ____

INCREASE AMOUNT ____

NEW RATE ____

NEW CLASSIFICATION ____

EFFECTIVE DATE OF ACTION ____

DATE OF LAST RAISE ____

## VACATION REQUEST

Date Vacation Starts ____

Pay For ____ Days Vacation

Other Information ____

Vacation Ends ____

Issue Vacation
Check on (Date) ____

## EMPLOYMENT SEPARATION

| | NUMBER OF DAYS | DATE SUSPENSION STARTS | SUSPENSION DATE EMPLOYEE IS TO RETURN | REASON |
|---|---|---|---|---|
| TYPE | | | | |

### TERMINATION
☒ Lay-Off    ☐ Fired
☐ Quit    ☐ Death

Effective Date  _1-5-06_

Gave Company ____ Days Notice

## ATTENDANCE RECORD

TOTAL DAYS OUT IN LAST SIX MONTHS ____

NUMBER OF DAYS EXCUSED ____

NUMBER OF DAYS SICK ____

NUMBER OF DAYS UNEXCUSED ____

NUMBER OF DAYS LATE ____

BLOOD LEAD ____

COMMENTS ____

## REASON FOR TERMINATION

☐ Smoking in Prohibited Area
☐ Horseplay
☐ Refusal to Work
☐ Poor Workmanship
☐ Absent Without Notice
☐ Misconduct
☐ Extending Break Periods
☐ Cutting Before Time Agreed
☐ Failure to Report Injury
☐ Wage Garnishment
☐ Absenteeism
☐ Tardiness
☐ Found Better Job
☐ Looking for Another Job
☐ Insubordination
☐ Pay Dissatisfaction
☐ Medical Recommendation
☐ Moving From Area
☐ Lack of Work
☐ Company Relocation
☒ Company Reorganization
☐ Labor Dispute
☐ Retirement
☐ Excessive Absenteeism
☐ Other
☐ Other

## EMPLOYMENT RECOMMENDATIONS

| | Very Good | Average | Below Average |
|---|---|---|---|
| Attendance | ✓ | | |
| Attitude | ✓ | | |
| Job Knowledge | ✓ | | |
| Quality of Work | ✓ | | |
| Production Rate | | ✓ | |
| Leadership | | ✓ | |
| Decision Making | | ✓ | |
| Getting Along With Fellow Workers | ✓ | | |

Eligible for Rehire This Job?
Yes ☐    No ☒

Other Position With Company?
Yes ☒    No ☐

Additional Comments  _Reduction in work force_

Signature of Supv  _Jim Barnett_   Date _1-5-06_

Title ____   Date ____

Approved ____   Title ____   Date ____

Approved ____

DEFENDANT'S
EXHIBIT
3

**STATE OF ALABAMA**       )
                          )
**COUNTY OF PIKE**         )

### AFFIDAVIT OF LEON BENNETT

Personally appeared before me, the undersigned attesting officer duly authorized by law to administer oaths, Leon Bennett, who is known to me, after being first duly sworn, deposes and under oath states as follows:

1.  My name is Leon Bennett. I am a resident and citizen of the State of Alabama, and I am over twenty-one years of age. I have personal knowledge of the facts contained in this affidavit.

2.  I have been employed at Sanders Lead Company, Inc. for over 28 years and for the last 4, I have been employed as a shift supervisor for the casting and alloy department at Sanders Lead Company, Inc.

3.  As a shift supervisor, I am in charge of overseeing all personnel, their production and the day to day operations in the casting and alloy department.

4.  I personally know Mr. Maxie McNabb and have personal knowledge of the events surrounding his termination.

5.  I have been the department head for Mr. McNabb's department for over approximately 8 months.

6.  Approximately 1 month before Mr. McNabb was discharged, I had an experience with Mr. McNabb where he was unable to do his job because he got dizzy and did not know where he was. This was not the first time that happened. Instances like this have happened on at least three other

occasions.

7.  On his discharge papers, I could not recommend that he be rehired for his old job because of the instances where he got dizzy and did not know where he was. That is a very dangerous situation and did not feel comfortable with him working there.

8.  Mr. McNabb was not terminated because of his age or ineligible to be rehired because of his age. Mr. McNabb's age played no part whatsoever in the decision to terminate his employment.

9.  To my knowledge, Sanders Lead Company, Inc. does not discriminate in anyway whatsoever. Any form of discrimination including, but not limited to, race, color, sex religion, national origin, age, physical or mental disability, or veteran status is not tolerated. Mr. McNabb was not discriminated against because of his age.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of August, 2007.

_Leon Bennett_
Leon Bennett, Affiant

STATE OF ALABAMA    )
COUNTY OF PIKE       )

Before me, the undersigned authority, in and for said State and County, personally appeared Leon Bennett, who being by me first duly sworn, deposes and says that the facts alleged in the foregoing affidavit are true and correct to the best of his knowledge and belief.

Sworn to and subscribed to before me this 16th day of August, 2007

_Brenda B. Dunn_
Notary Public
My Commission Expires:
9/28/2010



DEFENDANT'S EXHIBIT

4

1        <u>IN THE UNITED STATES DISTRICT COURT</u>

2       <u>FOR THE MIDDLE DISTRICT OF ALABAMA</u>

3             <u>NORTHERN DIVISION</u>

4

5                           ORIGINAL

6    MAXIE McNABB,

7          Plaintiff,

8       vs.         CIVIL ACTION NO. 2:06cv664-MHT

9

10   SANDERS LEAD COMPANY, INC.,

11         Defendant.

12

13     *    *    *    *    *    *    *    *

14              June 28th, 2007

15          Deposition of Maxie McNabb

16     *    *    *    *    *    *    *    *

17

18

19

20     The deposition of **MAXIE MCNABB** was taken

21  before Stephanie D. Garrett, CCR, AL-CSR-311, as

22  Commissioner, on Thursday, June 28, 2007, commencing at

23  approximately 1:00 p.m., in the law offices of Cervera,

24  Ralph & Reeves, Troy, Alabama, pursuant to the

25  stipulations set forth herein.

2

```
 1              *      *      *      *      *      *      *

 2                          APPEARANCES

 3       Representing the Plaintiff:

 4           MR. RODERICK T. COOKS
             MR. LEE D. WINSTON
 5           Attorneys at Law
             Winston Cooks, L.L.C.
 6           The Penick Building
             319 17th Street North
 7           Birmingham, Alabama  35203

 8       Representing the Defendant:

 9           MR. MATTHEW M. BAKER
             MR. GRADY A. REEVES
10           Attorneys at Law
             Cervera, Ralph & Reeves
11           914 South Brundidge Street
             Post Office Box 325
12           Troy, Alabama  36081

13

14

15

16

17

18

19

20

21

22

23

24

25
```

46

1    A    No.

2    Q    So you deny all those?

3    A    I deny all that.

4    Q    At any time during your employment, did you ever

5    complain that you could not do the work because of the

6    heat?

7    A    No.

8    Q    At no time at all did you ever complain about

9    the heat?

10   A    No.

11   Q    Okay.  Are you a diabetic?

12   A    Yes, I am.

13   Q    Type I or II?

14   A    I'm a Type II.

15   Q    Do you take insulin?

16   A    Yes, I do.

17   Q    Did you ever forget to take your insulin while

18   you were working?

19   A    No.

20   Q    Do you think that your diabetes ever interfered

21   with your performance of work?

22   A    No.

23   Q    Not in any way whatsoever?

24   A    Well, just one time.  I got a little

25   disoriented, and I went to the doctor on that.  I was

47

1   taking shots and I wasn't eating properly, but I got it

2   taken care of.

3       Q   When did you get disoriented?

4       A   That was late December.

5       Q   Of?

6       A   '05.

7       Q   Right before you got terminated?

8       A   Yes.

9       Q   Did you attribute that disorientation to your

10  diabetes?

11              MR. COOKS:  Object to the form.  You can

12          answer.

13              THE WITNESS:  Probably so.  Yes.

14  BY MR. BAKER:

15      Q   Okay.  So I'm gonna ask you again.  Do you think

16  that your diabetes ever interfered with your

17  performance at work?

18              MR. COOKS:  Object to the form.

19              THE WITNESS:  Yes, sir.

20  BY MR. BAKER:

21      Q   After your discharge, did you receive

22  unemployment?

23      A   Yes.

24      Q   All right.  How much unemployment did you

25  receive?

51

1    Q   Did you apply for those advertisements --

2 positons?

3    A   I called Edgar Fannin.

4    Q   When was that?

5    A   That was in March.  Or soon after the

6 advertisements started showing up, I called him.  Which

7 is no secret to the people who work in casting, because

8 they normally just call, if he needs some men.  And he

9 would have them right on the spot like that.  So I

10 called him, and he told me it wasn't nothing to that.

11    Q   Did you come in and apply?

12    A   He took my number down, which I thought that was

13 kind of -- I felt like he already had my number, so he

14 just let it go.  I did not hear from him, but he knew

15 where I was.

16    Q   When you saw those advertisements, did you

17 physically go down to Sanders Lead and apply?

18    A   I called Edgar Fannin.

19    Q   I'm gonna ask you again.  Did you physically go

20 down to Sanders Lead and apply?

21               **MR. COOKS:**  Object to the form.

22               **THE WITNESS:**  Not in March or April.  I

23       went in May.

24 BY MR. BAKER:

25    Q   May 24th, 2006?

Stephanie D. Garrett, CCR, CSR - (334)566-2039

1                MR. COOKS:  Object to the form.

2  BY MR. BAKER:

3    Q    It's either a yes or no.

4    A    No.

5    Q    According to these notes, it states that you

6  never applied for any position based on the

7  advertisements that were placed in the local newspaper.

8  Do you agree with that?

9    A    Yes, I did apply.

10    Q    All right.  As of May 24th, 2006, at

11  9:00 a.m. --

12    A    I applied -- I applied in March.

13    Q    All right.  Do you have a copy of that

14  application?

15    A    No, i don't.

16    Q    Did you ever fill out an application in March?

17    A    No.

18    Q    Well, what it says in here is that you did not

19  apply, and you state that you didn't apply.

20               MR. COOKS:  Object to the form.

21  BY MR. BAKER:

22    Q    Do you have any evidence to dispute that?

23    A    No, sir.

24    Q    It also states that you told the person

25  conducting the interview that you spoke with

DEFENDANT'S EXHIBIT
5

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 420-2006-01686 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Maxie McNabb | (334) 807-0526 | 08-30-1951 |

| Street Address | City, State and ZIP Code |
|---|---|
| 109 Crowe Street | Troy, AL 36081 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SANDERS LEAD COMPANY | 500 or More | (334) 566-1563 |

| Street Address | City, State and ZIP Code |
|---|---|
| #1 Sanders Road | Troy, AL 36081 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 03-01-2006  Latest 03-01-2006

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by the above employer in August 1992 in Casting/Alloy. On or around January 5, 2006, I was laid off. There were three co-workers on my shift with less seniority. There was one person from each shift laid off in Casting. I was the oldest person laid off. All of the persons who were laid off in both Casting and Alloy have been called back except one who is assumed to be incarcerated and myself. The employer has been advertising for positions in Casting and Alloy in the local newspaper on March 10th and 30th. I called and spoke with the Supervisor of Casting and Alloy concerning the ad and he stated there was nothing to it. However, people are being hired for these positions.

No reason has been given for the above actions.

I believe that I have been discriminated against because of my age, 54, in violation of the Age Discrimination in Employment Act.

RECEIVED
EEOC
MAR 31 2006
BIRMINGHAM DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Mar 31, 2006 — Date — Charging Party Signature

McNabb v. Sanders Lead Co., Inc.

0024

**STATE OF ALABAMA** )
                           )
**COUNTY OF PIKE** )



DEFENDANT'S EXHIBIT
6
tabbies

## <u>AFFIDAVIT OF SAM KITCHENS</u>

Personally appeared before me, the undersigned attesting officer duly authorized by law to administer oaths, Sam Kitchens, who is known to me, after being first duly sworn, deposes and under oath states as follows:

1.     My name is Sam Kitchens.  I am a resident and citizen of the State of Alabama, and I am over twenty-one years of age.  I have personal knowledge of the facts contained in this affidavit.

2.     I am employed as the personnel manager at Sanders Lead Company, Inc. and have been for approximately six years.  As personnel manager, I am in charge of recruiting, managing, and training the employees of Sanders Lead Company, Inc.

3.     One of the aspects of my job is to fill vacant positions at the company.  How this works is prospective employees come in and fill out an application.  If they are qualified and I have something available, I fill the position.  A vacancy is filled on a first come, first serve basis.  Accordingly, most vacant positions are filled very early in the week.

4.     Regarding the hiring of Kenyatta Gilbert, I was the one who hired him.

5.     It was either a Monday or Tuesday of that week which would have been May 22 or 23, before Maxie McNabb on May 24, 2006.

6.     The May 26, 2006  date for Kenyatta Gilbert refers to when he actually began his job.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _22_ day of August, 2007.

_____
Sam Kitchens, Affiant

STATE OF ALABAMA        )
COUNTY OF PIKE          )

Before me, the undersigned authority, in and for said State and County, personally appeared Sam Kitchens, who being by me first duly sworn, deposes and says that the facts alleged in the foregoing affidavit are true and correct to the best of his knowledge and belief.

Sworn to and subscribed to before me this _22_ day of August, 2007

_____
Notary Public
My Commission Expires: 05/12/08