# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| MAXIE MCNABB, ) | |
| ) | |
|    Plaintiff ) | CIVIL ACTION NO: |
| ) | 2:06-0664-MHT |
| v. ) | |
| ) | |
| SANDERS LEAD COMPANY, INC. ) | |
| ) | |
|    Defendant. ) | |

### MOTION TO STRIKE DEFENDANT'S REPLY BRIEF, OR IN THE ALTERNATIVE, ALLOW A SUR-REPLY

COMES NOW, the Plaintiff and requests that the Court strike the Defendant's Reply Brief in its entirety, or in the alternative allow a sur-reply. As grounds for this request the Plaintiff states as follows:

1. On December 4, 2006, this Court entered its Scheduling Order to govern the instant case. Section 2 of the Court's Scheduling Order set May 28, 2007 as the date for filing dispositive motions and all supporting evidence. (See Dock. #7). Section 7 of this order set June 29, 2007 as the deadline for the completion of all discovery in this matter.

2. On May 25, 2007, the Defendant filed its Motion for Summary Judgment and its Brief/Memorandum and Exhibits in support of same. On May 31, 2007, this Court set June 18, 2007as the date for submission of Defendant's Motion

for Summary Judgment. The Court also ordered that any opposing brief and evidentiary materials must be submitted by that date.

    3.    On June 5, 2007, the Plaintiff filed a Motion for Extension of Time to Complete Discovery in this case. Said motion was rejected as deficient and the Plaintiff filed a Motion for Reconsideration on June 7, 2007. The Defendant filed a response to Plaintiff's Motion for Reconsideration on June 11, 2007. On June 13, 2007, this Court granted Plaintiff's Motion for Reconsideration to the extent that it allowed the Plaintiff until July 2, 2007 to submit any brief and evidence in opposition to Defendant's Motion for Summary Judgment, however, the Court denied Plaintiff's motion to the extent it sought to extend the discovery period. (See Dock.# 18).

    4.    On June 18, 2007, the Plaintiff filed a Motion to Compel the production of certain personnel records, which the Defendant responded to on June 26, 2007. This Court then ordered the Defendant to produce the requested personnel records. The Plaintiff filed his Brief/Memorandum in Opposition to Defendant's Motion for Summary Judgment on July 2, 2007. Plaintiff also filed a Motion to Leave the Record Open in this case on July 3, 2007 as he had not yet received all of the requested information ordered produced by the Court.

    5.    On July 19, 2007, this Court held that the record in this action would be left open until July 23, 2007 for the Plaintiff to submit any supplemental evidence

opposing Defendant's Motion for Summary Judgment.

6. On July 23, 2007, this Court issued an order setting August 27, 2007 as the date for the Final Pretrial Conference in this matter. On this same day Plaintiff supplemented the record with additional evidence in support of his opposition to Defendant's Motion for Summary Judgment. On August 15, 2007, this Court modified the Original Scheduling Order and reset the Final Pretrial Conference for October 18, 2007, with trial reset for the November 26, 2007 term.

7. On August 23, 2007, the Defendant filed a Reply Brief in this matter and submitted additional evidence in support of its Motion for Summary Judgment. Exhibit 3 (Affidavit of Leon Bennett) and Exhibit 6 (Affidavit of Sam Kitchens) are new pieces of evidence that were obtained after the close of discovery in this case. Leon Bennett's affidavit was obtained on August 16, 2007 and Sam Kitchens's Affidavit was obtained on August 22, 2007. As mentioned above, discovery closed on June 29, 2007.

8. The Scheduling Order in this case called for any dispositive motion(s) and all evidence in support of summary judgment to be submitted by May 28, 2007 and it does not provide for any briefing beyond the non-movant's response.

9. The Defendant, without leave of the Court, has filed a Reply Brief which was not contemplated by this Court's Scheduling Order. Moreover, the Defendant

has raised new arguments in its Reply Brief for its challenged employment actions and has attached new evidence in the form of affidavits from Leon Bennett and Sam Kitchens.

10. These affidavits contain new evidence regarding the Plaintiff's ability to work and comparator information to which the Plaintiff is not able to respond within the briefing schedule. Therefore, the Court should not consider this brief or the accompanying affidavits and should grant Plaintiff's motion to strike the Defendant's entire Reply Brief, which is improperly before this Court.

11. If the Court grants the instant motion, the Plaintiff would also request that the Court award fees and other reasonable expenses associated with the preparation and argument of this motion. If the Court is not inclined to strike the Defendant's improper reply brief, the Plaintiff would request that he be allowed to depose Leon Bennett and Sam Kitchens and file a sur reply to the new arguments raised by the Defendant.

WHEREFORE PREMISES CONSIDERED, the Plaintiff's requests that the Court strike the Defendant's Reply Brief and the accompanying evidence in support thereof and award him attorneys fees and reasonable expenses incurred in the filing of this motion, or, in the alternative, allow him to depose Leon Bennett and Sam Kitchens and file a sur reply.

>                              Respectfully submitted,
>
>                              /s/Roderick T. Cooks
>                              Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

 I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and/or U. S. Mail, postage prepaid and addressed to them as follows:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116

 Done this the 28th day of August, 2007.

>                              s/Roderick T. Cooks
>                              Of Counsel