## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| MAXIE MCNABB, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:06cv664-MHT |
| | ) |
| SANDERS LEAD COMPANY, INC., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST MOTION TO STRIKE AND ALTERNATIVE MOTION TO ALLOW A SUR-REPLY**

COMES NOW, Defendant Sanders Lead Company, Inc., by and through the undersigned counsel of record, and does hereby respond to Plaintiff's First Motion to Strike and Alternative Motion to Allow a Sur-reply. In response thereto, Defendant states the following:

1. In Defendant's Motion for Summary Judgment, arguments were made regarding the inability for Plaintiff to establish prima facie cases regarding his claims.

2. Plaintiff filed his response to said Motion on July 2, 2007, 38 days after the Defendant filed its Motion for Summary Judgment and after receiving an extension to do so in order for the Plaintiff to complete discovery. During that 38 days, the Defendant took the Deposition of the Plaintiff, while the Plaintiff did not to take the depositions of anyone or send any further discovery requests or interrogatories. Plaintiff further supplemented his motion another

        21 days after his filing with other evidence allegedly supporting his claims.

3. In response thereto, the Defendant replied to Plaintiff's responses and as evidence supporting the reply, attached the affidavits of Sam Kitchens and Leon Bennett, as well as other documents either brought up in the Plaintiff's deposition or in Plaintiff's response to Defendant's Motion for Summary Judgment or his Supplemental Response.

4. The Plaintiff has now filed a Motion seeking to either dismiss the Defendant's reply for it not being contemplated by the Court's scheduling order or for raising new arguments. In the alternative, the Plaintiff asks the Court to allow depositions of the two individuals who submitted affidavits in the Defendant's Reply Brief and also file a Sur-Reply Brief.

5. First and foremost, a reply brief is a common, typical, and normally expected part of the summary judgment process and should not have to be contemplated by the Court in its scheduling order. Further, the reply was filed in a timely manner as it was filed more than ninety (90) days prior to the case being set for trial. Therefore, Plaintiff's arguments regarding the unexpectedness or untimeliness of a reply brief should be disregarded and/or denied.

6. Additionally, the only new arguments presented were to directly rebut what the Plaintiff stated in his response. The arguments evidence submitted by the Plaintiff in his Response to the Defendant's Motion were simply replied to and rebutted by the Defendant, which is the sole purpose of a reply brief.

7. As evidence in support of Plaintiff's position in his response to the

Defendant's Motion for Summary Judgment, the Plaintiff submitted a document alleging that it stated that he was eligible to be re-hired. The Defendant replied and pointed out to the Court that Plaintiff's evidence stated that he was not eligible to be re-hired at the same position.

8. The Defendant also used an affidavit of Leon Bennett, a supervisor and the first person identified in Defendant's Rule 26 Initial Disclosures and subsequently identified by adoption in the Plaintiff's Initial Disclosures, to explain why the Plaintiff was not eligible to be rehired.

9. The Defendant also used an affidavit of Sam Kitchens, the personnel manager of the Defendant and a person identified in Defendant's Rule 26 Initial Disclosures and identified by name in the Plaintiff's Initial Disclosures, to explain why the hiring process of certain individuals identified in the Plaintiff's supplemental evidentiary filing on July 23, 2007. Sam Kitchens submitted an affidavit in support of the Defendant's Motion for Summary Judgment filed on May 25, 2007. Any affidavit of his could not be considered new evidence, as his affidavit was submitted in the original filing.

10. As both Sam Kitchens and Leon Bennett were identified in both parties' initial disclosures, the Plaintiff can hardly claim surprise or new evidence when their affidavits were used. The Plaintiff had ample opportunity to depose either individual, yet chose not to do so.

11. Other evidence used by the Defendant in its reply brief included the deposition of the Plaintiff, which was not available at the time of filing the Motion for Summary Judgment, documents from the EEOC that contradicted

or supported the Plaintiff's Deposition, and the Change of Employee Status form used by the Plaintiff in his response.

12. Plaintiff's statements regarding the Defendant submitting new evidence or new arguments are due to be denied.

13. The purpose of Plaintiff's motion seems to be an effort to once again extend the Discovery process as he asks the Court as one of his prayers for relief to allow for the depositions of Leon Bennett and Sam Kitchens.

14. In mid-April of 2007, Plaintiff's counsel contacted Defendant's counsel regarding dates to depose potential witnesses.

15. Defendant's counsel responded with dates in early to mid-May, yet no notices were sent by the Plaintiff or his counsel and nothing else was said about depositions until Plaintiff filed for a Motion to Extend the Time to Complete Discovery and also to extend the time period to respond to Defendant's Motion for Summary Judgment.

16. Even after the Motion to Extend the time to Respond was granted, Plaintiff failed to schedule and take the depositions of anyone, even after the Defendant scheduled and took the deposition of the Plaintiff.

17. The Plaintiff has had ample opportunity to depose any and all individuals identified in the initial disclosures and who submitted affidavits to support the Defendant's claims, so any request to depose now, well over sixty (60) days after the close of discovery, should be denied.

WHEREFORE, for the above stated reasons, the Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike and Alternative Motion to Allow a Sur-Reply.

Respectfully submitted this the 14th day of September, 2007.

s/ N.J. Cervera
N.J. Cervera (CER001)

s/ Frank P. Ralph
Frank P. Ralph (RAL002)

s/ Grady A. Reeves
Grady A. Reeves (REE042)

s/ Matthew M. Baker
Matthew M. Baker (BAK017)

OF COUNSEL:
CERVERA, RALPH, & REEVES, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
phone (334) 566-0116
fax     (334) 566-4073

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of same by CM/ECF on this the 14th day of September, 2007:

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

s/ N.J. Cervera
OF COUNSEL
