### IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **MAXIE McNABB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:06cv664-MHT** |
| | ) | |
| **SANDERS LEAD COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>PRETRIAL ORDER</u>

COMES NOW the Plaintiff and the Defendant and jointly submit this Proposed Pretrial Order.  There is currently pending before the Court Defendant's Motions for Summary Judgment on the Plaintiff's claims which may result in some claims being dismissed and Plaintiff's Motion to Strike Defendant's Reply Brief, or in the Alternative Allow a Sur-Reply.  In the event that some of the Plaintiff's claims are dismissed, it may be necessary to revise this proposed order.

A pretrial hearing was held in this case on October 18, 2007, wherein the following proceedings were held and actions taken:

1.    PARTIES AND TRIAL COUNSEL:

For the Plaintiff:         Lee Winston, Esq.
                          Roderick T. Cooks, Esq.
                          WINSTON COOKS, LLC
                          The Penick Building
                          319-17th Street North
                          Birmingham, AL 35203


For the Defendant:        Nicholas J. Cervera, Esq.
                          Frank Ralph, Esq.
                          Grady Reeves, Esq.
                          Matthew M. Baker, Esq.

Cervera, Ralph & Reeves, LLC
914 South Brundidge Street
Troy, AL 36081

COUNSEL APPEARING AT PRETRIAL HEARING:

For the Plaintiff: (same as trial counsel)

For the Defendant:     Frank Ralph, Esq., Grady Reeves, Esq., and Matthew M. Baker, Esq.

2.     JURISDICTION AND VENUE:

Plaintiff's Position:     This is a suit authorized and instituted pursuant to the Act of Congress known as "The Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq and Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332,1343(3) and (4), 1367, 1658 and 2201 and 2202. Personal jurisdiction and venue are not contested.

3.     PLEADINGS:     The following pleadings and amendments were allowed: Plaintiff's Complaint, Defendant's Answer, Defendants' Motions for Summary Judgment, Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment, Defendant's Reply Memorandum in Support of Motion for Summary Judgment, Plaintiff's Motion to Strike Defendant's Reply Brief, or in the Alternative Allow a Sur-Reply, Defendant's Response to Plaintiff's Motion to Strike and Defendants' Reply Brief.

4.     CONTENTIONS OF THE PARTIES:

(a)     The Plaintiff:

The actions of the Defendant in this case have violated the rights of the Plaintiff as guaranteed by the Act of Congress known as "The Age Discrimination in Employment Act," as amended, 29

2

U.S.C. § 621, et seq and Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991. Specifically, the Plaintiff contends that on or around January 5, 2006, he was laid off as part of a "reduction in force but that he was eligible for rehire if the Defendant's fortunes improved.

During his layoff the Plaintiff discovered that an employee who was considerably younger than him had been called back to work. This was after, the Defendant informed the Plaintiff that it was not accepting applications. Moreover, in March 2006, the Defendant advertised in several local newspapers for positions for which the Plaintiff was qualified to fill.

The Plaintiff notified his former supervisor that he was interested in resuming his old position in the company, however, he was informed that the advertisements were incorrect. Later on in March, the Plaintiff observed another advertisement in a local newspaper regarding positions in his old department and on March 31, 2006 filed charge of discrimination with the EEOC. After filing this charge of discrimination, the Plaintiff again applied for a position with the Defendant. The Defendant informed the Plaintiff that there were indeed openings that he could fill, however, the Plaintiff never heard back from the Defendant. The Defendant continued to hire younger employees. On July 14, 2006, the Plaintiff filed a second EEOC charge alleging age discrimination and retaliation.

As a result of these discriminatory actions of the Defendant, the Plaintiff seeks back-pay (including interest), compensatory damages, punitive damages, injunctive relief, declaratory relief, costs, expenses and reasonable attorneys' fees, as well as all other such relief required to make him whole and to bar like discrimination in the future.

(b) The Defendant:

Plaintiff Maxie McNabb began working for the Defendant as a laborer in the Casting and Alloy Department in August of 1992.    The Plaintiff remained a laborer in the casting and alloy department for most of his career with the exception of a period of time in 1998 to 1999 when he worked in the laundry department.    At no time during his employment, was he ever under an employment contract. In January of 2006, management of the Defendant instituted a work force reduction in order to reduce expenses. On or about January 5, 2006, the Plaintiff, along with three other, younger employees, was laid off as part of that work force reduction.    At the time of the Plaintiff's discharge, it was noted by his supervisor that he was not eligible to be rehired.  This was due to an incident the week before where the Plaintiff blacked out and caused a potentially deadly situation while at work.

After a couple of months had passed, the Defendant had lost some employees in the casting and alloy department and the work force had dipped below satisfactory levels.  Advertisements were placed in the local newspaper seeking employment in the casting and alloy department in March of 2006.  The Plaintiff never physically applied for a job during this time period.  He claims he phoned and spoke to a Mr. Edgar Fannin, however, Mr. Fannin disputes this.  Even if the Plaintiff had applied, as noted on his discharge papers, he was not eligible to be rehired.

On March 31, 2006, the Plaintiff filed a charge of discrimination with the EEOC.  On May 24, 2006, after a meeting with the EEOC investigator wherein the investigator stated that the Plaintiff had no claim, the Plaintiff applied in person for a position in the casting and alloy department.  At the time he applied, all available positions had been filled.  However, the Plaintiff could not have been considered for any opening due to him not being eligible to be rehired in the casting and alloy department as noted on his discharge papers.

The Plaintiff has raised issues of Age Discrimination and Retaliatory actions on the part of the Defendant. Plaintiff has presented no evidence of Age Discrimination to date other than assumptions. Further, any retaliatory action by the Defendant would be impossible as it was noted on January 5, 2006, nearly three months before any action was filed with the EEOC, that the Plaintiff was not eligible to be rehired in the casting and alloy department.

5.    STIPULATIONS BY AND BETWEEN THE PARTIES:

This case arises out of the claims of age discrimination and retaliation in employment. The Plaintiff began working for the Defendant in August of 1992. For most of his career the Plaintiff worked in the Casting and Alloy department. On or about January 5, 2006, the Plaintiff was discharged as part of a work force reduction.

On or about March 31, 2006, the Plaintiff filed a charge of discrimination against the Defendant alleging that he was subjected to discrimination on the basis of his age. On or about July 14, 2006, the Plaintiff filed another charge of discrimination with the EEOC against the Defendant for age discrimination and retaliation.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last two days, are set for November 26, 2007, at 10:00 a.m. at the at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104.**

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4) The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than November 21, 2007;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 7) entered by the court on December 4, 2006; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be

binding on all parties unless this order be hereafter modified by Order of the court.

DONE this 18th day of October, 2007.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE