**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MAXIE MCNABB,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION NO. 2:06cv664-MHT** |
| | **)** | |
| **SANDERS LEAD COMPANY, INC.,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS AND EXHIBIT LIST

Pursuant to the Federal Rules of Civil Procedure and the and the Uniform Scheduling Order entered by this Honorable Court, Defendant Sanders Lead Company, Inc. ("Defendant"), by counsel, hereby formally objects to certain witnesses and exhibits on the Plaintiff's Witness and Exhibit List and does hereby show unto the Court as follows:

1.    The only witnesses listed in the Plaintiff's Initial Disclosures were the Plaintiff, Anne Baker, Joe Owens and Sam Kitchens. (See Attached Exhibit 1)  The response given to the Defendant's interrogatories regarding the identity of individuals who may have discoverable information was to "See Initial Disclosures."  (See Attached Exhibit 2)  At no time has this response been supplemented by the Plaintiff.  Therefore, the Plaintiff should be barred from being able to use these witnesses at trial for failing to disclose the witnesses in a timely manner.  The Plaintiff had ample opportunity to identify individuals likely to have discoverable

information, yet failed to do so.  It was not until the witness list was submitted on October 17, 2007 that the Plaintiff ever indicated his intention to use Nicholas O'Brian Williams,  Randolph E. Harley, III, Robert E. Brundidge, Jr., Bobby Taylor Streeter, Timothy Rayborn, Anthony L. Duncan, and Edward Meadows as witnesses.  The Plaintiff failed to identify these individuals in his Initial Disclosures, Responses to Interrogatories, or his Deposition.  At no time were any of his responses supplemented to disclose these individuals.  This severely prejudices the Defendant by not affording the Defendant an opportunity to conduct discovery upon these individuals.  The Plaintiff has ample opportunity to identify individuals likely to have discoverable information, yet failed to do so.  Therefore, the Plaintiff should be barred from using said witnesses at trial.

2.    Defendant formally objects to the witness Nicholas O'Brian Williams, the second witness listed by the Plaintiff on his witness list. (See attached Exhibit 3)  The reasons for said objection are that at no time prior to the filing of the witness list was Mr. Nicholas O'Brian Williams ever identified by the Plaintiff as a person who may have knowledge or discoverable information pertaining to the Plaintiff's claim.  The witness was not identified in the Plaintiff's initial disclosures or any supplemental disclosures.  The Plaintiff was directly asked in the Defendant's First Interrogatories the following question:

"Provide the name, and, if available to you, the address and phone

number, of each and every person who has or may have knowledge of discoverable matters pertaining to your employment with Sanders and/or the basis for your claim that Sanders has discriminated against you in any way.  This interrogatory is continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of Civil Procedure.</u>" (See attached Exhibit 4)

The response given by the Plaintiff was "See Initial Disclosures." (See attached Exhibit 2).  At no time was this interrogatory ever supplemented. The first notice given that the Plaintiff was intending to use this witness at trial was when he was identified in the Plaintiff's Witness List.  The Defendant would be severely prejudiced by not being afforded the opportunity to depose and/or discover information pertaining to this witness.  Therefore, the Plaintiff should be barred from being able to use this witness at trial for failing to disclose the witness in a timely manner.

3.     Defendant formally objects to the witness Randolph E. Harley, III, the third witness listed by the Plaintiff on his witness list. (See attached Exhibit 3) The reasons for said objection are that at no time prior to the filing of the witness list of was Mr. Randolph E. Harley, III ever identified by the Plaintiff as a person who may have knowledge or discoverable information pertaining to the Plaintiff's claim.  The witness was not identified in the Plaintiff's initial disclosures or any supplemental disclosures.  The Plaintiff was directly asked in the Defendant's First Interrogatories the following

question:

> "Provide the name, and, if available to you, the address and phone
> number, of each and every person who has or may have
> knowledge of discoverable matters pertaining to your employment
> with Sanders and/or the basis for your claim that Sanders has
> discriminated against you in any way.  This interrogatory is
> continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of</u>
> <u>Civil Procedure.</u>" (See attached Exhibit 4)

The response given by the Plaintiff was "See Initial Disclosures." (See
attached Exhibit 2).  At no time was this interrogatory ever supplemented.
The first notice given that the Plaintiff was intending to use this witness at
trial was when he was identified in the Plaintiff's Witness List.  The
Defendant would be severely prejudiced by not being afforded the
opportunity to depose and/or discover information pertaining to this
witness.  Therefore, the Plaintiff should be barred from being able to use
this witness at trial for failing to disclose the witness in a timely manner.

4.    Defendant formally objects to the witness Robert E. Brundidge, Jr., the
fourth witness listed by the Plaintiff on his witness list. (See attached
Exhibit 3) The reasons for said objection are that at no time prior to the
filing of the witness list of was Mr. Robert E. Brundidge, Jr. ever identified
by the Plaintiff as a person who may have knowledge or discoverable
information pertaining to the Plaintiff's claim.  The witness was not

identified in the Plaintiff's initial disclosures or any supplemental disclosures. The Plaintiff was directly asked in the Defendant's First Interrogatories the following question:

> "Provide the name, and, if available to you, the address and phone number, of each and every person who has or may have knowledge of discoverable matters pertaining to your employment with Sanders and/or the basis for your claim that Sanders has discriminated against you in any way. This interrogatory is continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of Civil Procedure.</u>" (See attached Exhibit 4)

The response given by the Plaintiff was "See Initial Disclosures." (See attached Exhibit 2). At no time was this interrogatory ever supplemented. The first notice given that the Plaintiff was intending to use this witness at trial was when he was identified in the Plaintiff's Witness List. The Defendant would be severely prejudiced by not being afforded the opportunity to depose and/or discover information pertaining to this witness. Therefore, the Plaintiff should be barred from being able to use this witness at trial for failing to disclose the witness in a timely manner.

5.    Defendant formally objects to the witness Bobby Taylor Streeter, the fifth witness listed by the Plaintiff on his witness list. (See attached Exhibit 3) The reasons for said objection are that at no time prior to the filing of the witness list of was Mr. Bobby Taylor Streeter ever identified by the Plaintiff

as a person who may have knowledge or discoverable information pertaining to the Plaintiff's claim.  The witness was not identified in the Plaintiff's initial disclosures or any supplemental disclosures.  The Plaintiff was directly asked in the Defendant's First Interrogatories the following question:

> "Provide the name, and, if available to you, the address and phone number, of each and every person who has or may have knowledge of discoverable matters pertaining to your employment with Sanders and/or the basis for your claim that Sanders has discriminated against you in any way.  This interrogatory is continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of Civil Procedure.</u>" (See attached Exhibit 4)

The response given by the Plaintiff was "See Initial Disclosures." (See attached Exhibit 2).  At no time was this interrogatory ever supplemented.  The first notice given that the Plaintiff was intending to use this witness at trial was when he was identified in the Plaintiff's Witness List.  The Defendant would be severely prejudiced by not being afforded the opportunity to depose and/or discover information pertaining to this witness.  Therefore, the Plaintiff should be barred from being able to use this witness at trial for failing to disclose the witness in a timely manner.

6.    Defendant formally objects to the witness Timothy Rayborn, the sixth witness listed by the Plaintiff on his witness list. (See attached Exhibit 3)

The reasons for said objection are that at no time prior to the filing of the witness list of was Mr. Timothy Rayborn ever identified by the Plaintiff as a person who may have knowledge or discoverable information pertaining to the Plaintiff's claim.  The witness was not identified in the Plaintiff's initial disclosures or any supplemental disclosures.  The Plaintiff was directly asked in the Defendant's First Interrogatories the following question:

> "Provide the name, and, if available to you, the address and phone number, of each and every person who has or may have knowledge of discoverable matters pertaining to your employment with Sanders and/or the basis for your claim that Sanders has discriminated against you in any way.  This interrogatory is continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of Civil Procedure.</u>" (See attached Exhibit 4)

The response given by the Plaintiff was "See Initial Disclosures."(See attached Exhibit 2).   At no time was this interrogatory ever supplemented.  The first notice given that the Plaintiff was intending to use this witness at trial was when he was identified in the Plaintiff's Witness List.  The Defendant would be severely prejudiced by not being afforded the opportunity to depose and/or discover information pertaining to this witness.  Therefore, the Plaintiff should be barred from being able to use this witness at trial for failing to disclose the witness in a timely manner.

7.    Defendant formally objects to the witness Anthony L. Duncan, the seventh

witness listed by the Plaintiff on his witness list.  (See attached Exhibit 3)

The reasons for said objection are that at no time prior to the filing of the

witness list of was Mr. Anthony L. Duncan ever identified by the Plaintiff

as a person who may have knowledge or discoverable information

pertaining to the Plaintiff's claim.  The witness was not identified in the

Plaintiff's initial disclosures or any supplemental disclosures.  The Plaintiff

was directly asked in the Defendant's First Interrogatories the following

question:

> "Provide the name, and, if available to you, the address and phone
>
> number, of each and every person who has or may have
>
> knowledge of discoverable matters pertaining to your employment
>
> with Sanders and/or the basis for your claim that Sanders has
>
> discriminated against you in any way.  This interrogatory is
>
> continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of</u>
>
> <u>Civil Procedure.</u>" (See attached Exhibit 4)

The response given by the Plaintiff was "See Initial Disclosures." (See

attached Exhibit 2).  At no time was this interrogatory ever supplemented.

The first notice given that the Plaintiff was intending to use this witness at

trial was when he was identified in the Plaintiff's Witness List.  The

Defendant would be severely prejudiced by not being afforded the

opportunity to depose and/or discover information pertaining to this

witness.  Therefore, the Plaintiff should be barred from being able to use

this witness at trial for failing to disclose the witness in a timely manner.

8.    Defendant formally objects to the witness Edward Meadows, the eighth witness listed by the Plaintiff on his witness list.  (See attached Exhibit 3) The reasons for said objection are that at no time prior to the filing of the witness list of was Mr. Edward Meadows ever identified by the Plaintiff as a person who may have knowledge or discoverable information pertaining to the Plaintiff's claim.  The witness was not identified in the Plaintiff's initial disclosures or any supplemental disclosures.  The Plaintiff was directly asked in the Defendant's First Interrogatories the following question:

> "Provide the name, and, if available to you, the address and phone number, of each and every person who has or may have knowledge of discoverable matters pertaining to your employment with Sanders and/or the basis for your claim that Sanders has discriminated against you in any way.  This interrogatory is continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of Civil Procedure.</u>" (See attached Exhibit 4)

The response given by the Plaintiff was "See Initial Disclosures." (See attached Exhibit 2).  At no time was this interrogatory ever supplemented. The first notice given that the Plaintiff was intending to use this witness at trial was when he was identified in the Plaintiff's Witness List.  The Defendant would be severely prejudiced by not being afforded the

opportunity to depose and/or discover information pertaining to this witness. Therefore, the Plaintiff should be barred from being able to use this witness at trial for failing to disclose the witness in a timely manner.

9.    Defendant formally objects to the witness Joe Owens, the ninth witness listed by the Plaintiff on his witness list. (See attached Exhibit 3) The reasons for said objection are that at no time prior to the filing of this document has the Plaintiff or the Plaintiff's counsel provided the Defendant or the Defendant's counsel any address, phone number or other reasonable way to communicate with Mr. Owens for discovery purposes. Plaintiff's counsel indicated that an address for Mr. Owens was available, however none has been provided. No information has been able to be gathered on Mr. Owens since the beginning of discovery. The Defendant would be severely prejudiced by not being afforded the opportunity to depose and/or discover information pertaining to this witness. Therefore, the Plaintiff should be barred from being able to use this witness at trial for failing to disclose the witness in a timely manner.

10.   Defendant objects to each and every exhibit listed as 1 through 36 by Plaintiff in his List of Exhibits. (See attached Exhibit 3) The reasons for said objection are that as of the filing of this document by the Defendant, the Plaintiff's counsel has failed to provide copies of the exhibits as required by the Uniform Scheduling Order entered by this court. This despite the fact that the Plaintiff's counsel indicated in writing that he would mail copies of the documents. (See attached Exhibit 5)

Additionally, the Plaintiff's counsel orally stated that copies of the documents would be mailed to the Defendant's counsel. However, no such documents have been produced as required by this Court's Uniform Scheduling Order entered December 3, 2006. Therefore, the Plaintiff should be barred from being able to use the listed exhibits at trial as he has not provided them to the Defendant as he is required to do so and as Plaintiff's counsel said would be done. This severely prejudices the Defendant as the Defendant is not afforded the opportunity to inspect and review said documents.

11.    Defendant objects to exhibit number 1 on the Plaintiff's Exhibit List. Exhibit number 1 is listed as the Plaintiff's Declaration which is a writing containing the Plaintiff's contentions regarding the Defendant. Defendant objects to said declaration as it is an unsworn document. It also violates the Best Evidence Rule where the Plaintiff's testimony would clearly be the best evidence of any contention he has against the Defendant. Additionally, said document is hearsay. Therefore, the Plaintiff should be barred from using said document at trial.

12.    Defendant objects to exhibit number 2 on the Plaintiff's Exhibit List. Exhibit number 2 is described as a Yahoo Financial Document. Said document cannot be authenticated. Additionally, said document is hearsay and irrelevant to the matters at hand. Therefore, said document should not be admissible at trial.

13.    Defendant objects to exhibit number 25 on the Plaintiff's Exhibit List.

Exhibit number 25 is listed as an affidavit of the Plaintiff and Witness Joe

Owens.  Defendant objects to said affidavit as it  violates the Best

Evidence Rule where the testimony of these individuals would clearly be

the best evidence of anything that needs to be said against the

Defendant.  Further, the affidavit is not in the proper form as it is not

properly sworn or authenticated.  Therefore, the Plaintiff should be barred

from using said exhibit at trial.

WHEREFORE, for the reasons stated above, the Defendant respectfully

requests that Nicholas O'Brian Williams, Randolph E. Harley, III, Robert E. Brundidge,

Jr., Bobby Taylor Streeter, Timothy Rayborn, Anthony L. Duncan, Edward Meadows,

and Joe Owens be stricken from the Plaintiff's witness list.  Additionally, for the reasons

stated above, the Defendant respectfully requests that the Plaintiff not be permitted to

use the exhibits listed as 1 through 36 by Plaintiff in his List of Exhibits.

Respectfully submitted this the 9th day of November, 2007.


                                                        s/ N.J. Cervera_____
                                                        N.J. Cervera (CER001)
                                                        Matthew M. Baker (BAK017)
                                                        Frank P. Ralph (RAL002)
                                                        Grady A. Reeves (REE042)
                                                        Attorneys for Defendant

OF COUNSEL:
Cervera, Ralph & Reeves, LLC
P. O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document to all persons listed below by CMF/Electronic Mail and/or by placing the same in the U.S. Mail, postage prepaid and properly addressed to:

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

this the 9th day of November, 2007.

s/ N.J.Cervera
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAXIE MCNABB,                        )
                                     )
         Plaintiff                   )
                                     )        CIVIL ACTION NO:
v.                                   )        2:06-0664-MHT
                                     )
SANDERS LEAD COMPANY, INC.           )
                                     )
         Defendant.                  )

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW the Plaintiff, Maxie McNabb, pursuant to Rule 26(a)(1) of the Federal Rules

of Civil Procedure, and makes the following initial disclosures:

A.    The following individuals are believed to have discoverable, non-privileged personal

knowledge concerning the factual issues raised in his complaint.

Maxie McNabb
c/o Roderick T. Cooks, Esq.
Winston Cooks, LLC
The Penick Bldg.
319-17th Street
Birmingham, AL 35203

Plaintiff, Maxie McNabb, is believed to have discoverable, non-privileged personal
knowledge concerning the factual issues raised in his Complaint.

Anne Baker
Address Unknown

Mrs. Baker is believed to have discoverable, non-privileged, personal knowledge concerning
the factual issues raised in Plaintiff's Complaint.

Joe Owens
Address Unknown

Mr. Owens is believed to have discoverable, non-privileged, personal knowledge concerning
the factual issues raised in Plaintiff's Complaint.

Sam Ktichens
Address Unknown

Mr. Kitchens is believed to have discoverable, non-privileged, personal knowledge concerning the factual issues raised in Plaintiff's Complaint.

B.    All individuals identified by Defendant in their disclosures.

C.    All the witnesses listed may have information pertaining to Plaintiff's job performance, the events and nature of the workplace while Plaintiff was employed with the Defendant, and the  circumstances surrounding the Plaintiff's claims of age discrimination, and retaliation. The Plaintiff expressly reserves the right to supplement this list as discovery progresses.

D.    The Plaintiff seeks the following relief:

Back pay and benefits (plus interest) in the amount he would have earned in the absence of discrimination and retaliation;

1.    Injunctive and declaratory relief;

2.    Compensatory and punitive damages;

3.    Reasonable attorney fees, costs and expenses.

E.    Plaintiff also seeks compensatory damages (including those relating to pain and suffering and emotional distress), punitive and/or nominal damages, declaratory and injunctive relief, costs, and attorney fees.

F.    Attached hereto are documents bates numbered 0001-0009 which reflect all documents in Plaintiff's possession, custody or control that may be used to support Plaintiff's contentions with respect to the significant factual issues raised in his Complaint.

Respectfully submitted,

/s/Roderick T. Cooks

Counsel for Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and/or U. S. Mail, postage prepaid and addressed to them as follows:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
(334) 566-4703 fax

Done this the 16th day of January, 2007.

s/Roderick T. Cooks
Of Counsel

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MAXIE MCNABB** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **2:06cv664-MHT-D** |
| **SANDERS LEAD COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### PLAINTIFF MAXIE MCNABB'S ANSWERS TO
### DEFENDANT'S INTERROGATORIES

**COMES NOW**, the Plaintiff, Maxie McNabb by and through his undersigned attorneys of record, and responds to Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.     The plaintiff objects to these interrogatories to the extent they seek information and/or documentation regarding matters about which the defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the plaintiff, so as to in effect deny the plaintiff the information requested and needed by them to answer these requests.

2.     The plaintiff objects to these interrogatories to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the plaintiff, rather than seeking this information from the plaintiff.

3.     The plaintiff objects to these interrogatories to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

**RESPONSE:**

For response to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, and unnecessarily expansive. Without waiving any of the above objections, the plaintiff would respond as follows:

To my knowledge, I have never been a party to any lawsuit other than the instant matter.

3.      Provide the name, and, if available to you, the address and phone number, of each and every person who has or may have knowledge of discoverable matters pertaining to your employment with Sanders and/or the basis for your claim that Sanders has discriminated against you in any way. This interrogatory is continuing in nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedures.

**RESPONSE:**

For response to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, and unnecessarily expansive. Without waiving any of the above objections, the plaintiff would

respond as follows:

      See Plaintiff's Initial Disclosures.

4.     With respect to each and every person listed above and in you Rule 26 Initial Disclosures, state in detail what knowledge you believe each could have related to your claims against Sanders.

**RESPONSE:**

     For response to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, and unnecessarily expansive. Without waiving any of the above objections, the plaintiff would respond as follows:

Anne Baker was present when Joe Owens and I picked up applications.

Joe Owens was with me when I picked up an application from Sanders and heard Sam Kitchens state that there were openings in Casting and Alloy and that he would get back to me.

5.     State the name, address, and phone number of each person whom you know or believe has signed a statement related to the subject matter of this lawsuit.

**RESPONSE:**

     For response to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence

and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, and unnecessarily expansive. Without waiving any of the above objections, the plaintiff would respond as follows:

Joe Owens signed a statement along with myself regarding our trying to apply for a job with Sanders. I will get his contact information to my lawyer.

6.     Since your application for employment with Sanders to the present, state the dates of each period you have actively sought employment. State in detail every reason you ceased actively seeking employment.

**RESPONSE:**

For response to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, and unnecessarily expansive. Without waiving any of the above objections, the plaintiff would respond as follows:

I found work with Wal-Mart as a stocker on May 2006 and am still employed there. I also sought employment with Henderson, Black and Green before I got on with Wal-Mart but was not hired.

7.     Describe in detail, and please include, each date, every person contacted, the nature

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MAXIE MCNABB, | ) |
| | ) |
| Plaintiff | )     **CIVIL ACTION NO:** |
| | )     **2:06-0664-MHT** |
| v. | ) |
| | ) |
| SANDERS LEAD COMPANY, INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S WITNESS AND EXHIBIT LIST**

Comes Now, the Plaintiff in the above captioned matter, by and through his

undersigned counsel of record, pursuant to Rule 26(a)(3) of the Federal Rules of Civil

Procedure and in accordance with the Scheduling Order governing this action and

hereby provides the Defendant with the following list of witnesses and exhibits that

may be used by the Plaintiff at trial.

A.    Below are the names of each individual that may be called by the Plaintiff as

a potential witness at the trial of this matter:

    1.    Maxie McNabb
          c/o Winston Cooks, LLC
          The Penick Bldg.
          319-17th Street North
          Birmingham, AL 35203

    2.    Nicholas O'Brian Williams
          104 Park Street, Apt. #02
          Troy, AL 36081

3.   Randolph E. Harley, III
     318 County Road 4409, Lot #9
     Burndidge, AL 36010

4.   Robert E. Brundidge, Jr.
     628 E. Madison Street
     Troy, AL 36081

5.   Bobby Taylor Streeter
     405 Alphonse Byrd Dr.
     Troy, AL 36041

6.   Timothy Rayborn
     211 John Lewis Dr.
     Troy, AL 36081

7.   Anthony L. Duncan
     203 Segars Lane
     Troy, AL 36081

8.   Edward Meadows
     Route 2, Box 137
     Troy, AL 36079

9.   Joe Owens
     Address Unknown

10.  Anne Baker
     Sanders Lead Company, Inc.
     1 Sanders Road
     Troy, AL 36079

11.  Sam Kitchens
     Sanders Lead Company, Inc.
     1 Sanders Lead Company, Inc.
     Troy, AL 36079

B.    Any witnesses listed by the Defendant on its witness list.

C.    Plaintiff reserves the right to call any witnesses needed for the purpose of

rebuttal or impeachment.

## **LIST OF EXHIBITS**

A.    Below are the exhibits that may be used by the Plaintiff at the trial of this

matter:

1.    Declaration of Maxie McNabb;

2.    Yahoo Finance Document regarding Sanders Lead Company, Inc.;

3.    Job Description for Casting/Alloy dated February 5, 2002;

4.    Pike Internal Medicine, P.C.-Medical Examinations certifying that Maxie McNabb was medically approved to continue working his job on April 21, 2005 and October 12, 2005;

5.    McNabbAnnual Employee Evaluations for September 8, 2005 and November 29, 2005;

6.    Letter from Sam Kitchens dated January 17, 2006 regarding work reduction and company reorganization;

7.    Letter from Sam Kitchens dated May 2, 2006 regarding reduction in force;

8.    Notice of Claim and Request for Separation Information from Unemployment Compensation Division dated January 10, 2006;

9.    Letter from Defendant's Attorneys to the EEOC dated May 4, 2006;

10.    Change of Employee Status Form date January 5, 2006;

11.  Newspaper ad dated March 7, 2006 soliciting workers for the Defendant's Casting/Alloy Department and Furnace Department;

12.  U.S. Department of Justice Employment Eligibility Verification Form;

13.  Proof of Publication of Advertisement for The Greeneville Advocate dated March 11 and March 15 2006;

14.  Proof of Publication of Advertisement for The Luverne Journal dated March 16, 2006;

15.  Proof of Publication of Advertisement for The Troy Messenger dated June 7, 9, 11, 14, 16, and 18 2006;

16.  Proof of Publication of Advertisement for The Greeneville Advocate dated June 10, 14, and 17;

17.  Proof of Publication of Advertisement for The Luverne Journal dated June 15 and 22, 2006;

18.  Proof of Publication of Advertisement for The Troy Messenger dated March 22, 24, 26, 29, and 31, 2006;

19.  Proof of Publication of Advertisement for The Greeneville Advocate dated March 22, 25, and 29, 2006;

20.  Proof of Publication of Advertisement for The Luverne Journal dated March 23 and 30, 2006;

21.  Proof of Publication of Advertisement for The Troy Messenger dated March 10, 12 and 15, 2006;

22.  Sanders Lead Employee Master List for Casting/Alloy and Furnace Department;

23.  Charge of Discrimination-dated March 31, 2006;

24.    Notice of Charge of Discrimination April 5, 2006;

25.    Affidavit of Joe Owens and Maxie McNabb;

26.    Charge of Discrimination-dated July 13, 2006;

27.    Plaintiff's First Interrogatories and Request for Production;

28.    Defendant's Verified Responses to Plaintiff's First Interrogatories;

29.    Application of Nicholas O'Brian Williams;

30.    Application of Randolph E. Harley, III;

31.    Application of Robert E. Brundidge, Jr.;

32.    Application of Bobby Taylor Streeter;

33.    Application of Timothy Rayborn;

34.    Application of Anthony L. Duncan;

35.    Disciplinary Actions for Eddie R. Meadows; and

36.    Disciplinary Actions for Randolph Harley.

B.    Any and all exhibits that the Defendant identifies as exhibits it may use at the

trial of this matter.

Respectfully submitted,
/s/Roderick T. Cooks
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by Electronic Mail:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
mbaker@troycable.net

Done this the 17th day of October, 2007.

s/Roderick T. Cooks
Of Counsel

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAXIE MCNABB, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | **)** | **2:06cv664-MHT-D** |
| | ) | |
| SANDERS LEAD COMPANY, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### DEFENDANT'S INTERROGATORIES TO PLAINTIFF MAXIE MCNABB
_____

COMES NOW Defendant, Sanders Lead Company, Inc. ("Sanders"), by and through undersigned counsel of record, and propounds the following requests for production of documents and things to Plaintiff Maxie McNabb to be answered in accordance with Rule 34 of the Federal Rules of Civil Procedure:

### DEFINITIONS

The following words, when used in these Requests for Production, unless otherwise indicated, shall mean:

(a)    "Incident":-the event or events, transactions or occurrences made the basis of this suit.

(b)    "Injury" - any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c)    "You" or "your" - the plaintiff or any agent or employee of the plaintiff, including any experts whom you expect to be called as witnesses at trial, attorneys, and persons who have access to the information requested from whom the plaintiff can obtain such information.

(d)    "Document" and "documents" - all written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters,

photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analysis, evaluations, contracts, agreements, jottings, guidelines, charges, manuals, maps, brochures, publications, drafts, newsletters, proofs, galleys, or other pre-publication forms of materials, telephone, lists or indexes, Rolodex indexes, books of account, records or invoices reflecting business operations, purchase orders, bills, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witness, findings of investigation, insurance polices, accident reports, claims forms, bills of lading, way bills, minutes of any corporate meetings minutes of meetings, or board of directors of corporations, records of negotiations, reports of experts, reports of consultants, all notes or drafts relating to any of the foregoing, all things similar to the foregoing, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure of any kind or character in your possession, custody or in control or known by you to exist.

(e)    "Describe" or "description" - to (1) provide a narrative statement of the matter in question; (2) identify all documents relating to or referring thereto; (3) identify all persons having knowledge thereof, stating the subject matter of each such person's knowledge and the manner in which his knowledge was obtained; and (4) state what acts were done by each person who, in any way, participated in the matter in question.

(f)    "Identify"-

(1)    when used in reference to an individual shall mean to state his or her full name, and the present residence address;

(2)    when used in reference to a corporation, shall-mean to state its full name, the names of each partner, and its principal place of business, and its business address;

(3)    when used in reference to a partnership, shall mean to state its full name, the names of each partner, and its principal place of business;

(4)    when used in reference to a person other than an individual, corporation or partnership, shall mean to state its official name, its organizational form and its address;

(5)    when used in reference to an act, shall mean to state the time and place of the act, the nature of the act, the name of the person or persons performing or joining in the act, and the names of all persons witnessing or having knowledge of such act.

## INTERROGATORIES

1.    Please state your name, resident address, date of birth, Social Security Number and marital status, including the name, address and place of employment of your spouse.

2.    If you have ever been a party to a lawsuit, either as a plaintiff or as a defendant, please state with respect to each lawsuit:

(a)     The style of the case, including the name of the court and jurisdiction where the case was filed;

(b)     The nature of the case; and

(c)     The results of the case, including the amount of any settlement or judgment.

3.      Provide the name, and, if available to you, the address and phone number, of each and every person who has or may have knowledge of discoverable matters pertaining to your employment with Sanders and/or the basis for your claim that Sanders has discriminated against you in any way. This interrogatory is continuing in nature pursuant to Rule 26(e) of the <u>Federal Rules of Civil Procedure.</u>

4.      With respect to each and every person listed above and in your Rule 26 Initial Disclosures, state in detail what knowledge you believe each could have related to your claims against Sanders.

5.      State the name, address, and phone number of each person whom you know or believe has signed a statement related to the subject matter of this lawsuit.

6.      Since your application for employment with Sanders to the present, state the dates of each period you have actively sought employment. State in detail every reason you ceased actively seeking employment.

7.      Describe in detail, and please include, each date, every person contacted, the nature of the contact, and the result of every effort you have made to secure employment since your application for employment with Sanders including, but not limited to, every application or resume you submitted to a prospective employer or employment agency, every phone call you made to a prospective employer or employment agency, every visit you made to a prospective employer or employment agency, and any other contact you have had with a prospective employer or employment agency.

8.      Since your application for employment with Sanders to the present, state whether you have declined, resigned, refused or otherwise rejected any opportunity or offer of new or continued employment.

9.      If the answer to the preceding interrogatory is in the affirmative, state each and every date, the name of each employer offering employment, the terms and conditions of the employment offered, and every reason you did not accept the offered employment.

10.     From the time of your application for employment with Sanders to the present, state the name of each of your employers, the dates you were employed by each employer, your total compensation to date from each employer, and every reason for your separation from the employer.

11.     For each employer listed in the preceding interrogatory, state each and every position

you held with each employer, the dates you held each position, your duties and responsibilities in each position and any changes therein, your rate of pay in each position and any changes therein, all other benefits you received in each position and any changes therein, and the number of hours per week you worked in each position and any changes therein.

12.    From the time of your application for employment with Sanders to the present, state the dates of each and every period in which you were self-employed and describe in nature of such self-employment, including, but not limited to, your duties and responsibilities and any changes therein.

13.    For each period of employment listed in the preceding interrogatory, state the number of hours per week you worked during each period of self-employment and any changes therein, your earnings from each period of self-employment, the name of each person employed with or by you during each period of self-employment, and the compensation or earnings of each person employed with you or by you during each period of self-employment.

14.    Since your application for employment with Sanders to the present, state the total amount of compensation earned from all sources.

15.    If you allege or contend an employee at Sanders racially harassed you, please state as to each act of harassment:

(a)    The date, time and place of such act;

(b)    The name, job title and a detailed description of each agent or employee of Sanders who was involved in any way in each such act;

(c)    The detailed facts of each such act of each such agent or employee of Sanders;

(d)    The name and address of each person who was a witness to or was involved in any way in each such act;

(e)    The detailed facts of the observation and knowledge of each such witness to each act.

16.    If you allege or contend Sanders discriminated against you, please state as to each act of discrimination:

(a)    The date, time and place of such act;

(b)    The name, job title, and a detailed description of each agent or employee of Sanders who was involved in any way in each such act;

(c)    The detailed facts of each such act of each such agent or employee of Sanders;

(d)    The name and address of each person who was a witness to or was involved in any way in each such act;

(e)    The detailed facts of the observation and knowledge of each such witness to

each act.

17.    If you allege or contend Sanders retaliated against you in any way, please state as to each act of retaliation:

   (a)    The date, time and place of such act;
   (b)    The name, job title and a detailed description of each agent or employee of Sanders who was involved in any way in each such act;
   (c)    The detailed facts of each such act of each such agent or employee of Sanders;
   (d)    The name and address of each person who was a witness to or was involved in any way in each such act;
   (e)    The detailed facts of the observation and knowledge of each such witness to each act.

18.    Please state whether or not you reported any alleged racial harassment. If your answer is in the affirmative, please state:

   (a)    The name of the person with whom you spoke;
   (b)    The date you reported the allegations;
   (c)    Where you were at the time of the report and the location of the person to whom you spoke; and
   (d)    The substance of your report. If applicable, please provide this information for each separate report made.

19.    If you reported the allegation, please state what, if any, subsequent action was taken by Defendant.

20.    State with specificity and detail each and every fact and produce a copy of each and every document which you contend supports your allegation an employee with Sanders racially harassed you.

21.    State with specificity and detail each and every fact and produce a copy of each and every document which you contend supports your allegation an employee with Sanders discriminated against you.

22.    State with specificity and detail each and every fact and produce a copy of each and every document which you contend supports your allegation an employee with Sanders retaliated against you.

23.    If any person has given a statement to you, your attorneys, or anyone acting on your behalf regarding the facts and circumstances underlying this lawsuit, please provide the name and address of each person giving a statement, the substance of each statement and the manner in which each statement was given.

24.     State all persons with whom you have discussed the allegations of your Complaint. Give the name, address, and telephone number of each person.

25.     Identify every person you intend to call as an expert witness at the trial of this case, and for each expert please state:

(a)     His or her name and business address;
(b)     The subject matter on which he or she is expected to testify;
(c)     The substance of the fact and opinions to which he or she is expected to testify;
(d)     A summary of the grounds for each opinion;
(e)     His or her occupation; and
(f)     The education and experience or other background which you contend qualifies such person to testify as an expert witness.

26.     Describe, in detail, each item of damage you claim you sustained as a result of the alleged discrimination. Please provide the calculations upon which you base your damages and the evidence and facts in support thereof.

27.     Other than the damages shown in response to the preceding interrogatory, state all other relief you are seeking in this lawsuit.

28.     Identify and describe in detail (including, but not limited to, the date, author, recipient, whereabouts if known, and substance) each and every document of which you are aware that reflects in any way the damages suffered by you related to your claims in this lawsuit, or in the alternative, attach a copy of each document to your response to these interrogatories.

29.     Identify by name and address each and every doctor, therapist, counselor or other professional that you have seen or consulted for the last seven years.

30.     With respect to each person identified in the preceding interrogatory, state the reason you saw or consulted each person identified and the results, outcome, advice, diagnosis, treatment and/or conclusions given to you by each person identified.

31.     State whether you have ever filed for bankruptcy. If so, state:

(a)     The date(s) you filed;
(b)     The court( s) you filed in;
(c)     The bankruptcy you sought protection under; and
(d)     The current status of your bankruptcy.

32.     State whether you have ever filed for unemployment compensation. If so, state:

(a)     The date(s) you filed;

    (b)    The address where you filed;

    (c)    The amount of compensation you received; and

    (d)    The current status of your unemployment compensation.

33.    Have you ever been arrested and/or convicted of any crime? If so:

    (a)    State the date of your arrest and/or conviction;

    (b)    What was the charge of the arrest and/or conviction;

    (c)    Describe in detail the events leading to the arrest and/or conviction; and

    (d)    Provide the name of the jurisdiction where the arrest and/or conviction took place.

34.    Do you understand these Answers are given under oath and may subject you to civil and criminal penalties for perjury?

_____

Matthew M. Baker (BAK017)

Grady A. Reeves (REE042)

OF COUNSEL:

**Cervera, Ralph & Reeves, LLC**

914 South Brundidge Street

P.O. Box 325

Troy, Alabama 36081

(334) 566-0116 *telephone*

(334) 566-4073 *facsimile*

CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the ___26th___ day of April, 2007.

Roderick T. Cooks, Esq.

WINSTON COOKS, LLC

The Penick Building

319 17th Street North

Birmingham, Alabama 35203

_____

OF COUNSEL

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person or persons to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message.

-----Original Message-----
**From:** Roderick Cooks [mailto:rcooks@winstoncooks.com]
**Sent:** Wednesday, October 17, 2007 5:13 PM
**To:** mbaker@troycable.net
**Subject:** McNabb v. Sanders lead Compnay, Inc.


Matt the files containing our trial exhibits that I have sent to you are too big because your server is rejecting them. Enclosed with this email is the witness and exhibit list and a cover letter. I will mail the exhibits to you tomorrow. They are our summary judgment materials.

thanks

**Roderick T. Cooks, Esq.**
*Winston Cooks, LLC*
*The Penick Building*
*319 - 17th Street North, Suite 200*
*Birmingham AL 35203*
*Contact: (205) 502-0970*
Cellular: (205) 616-3349
*Fax: (205) 251-0231*
*Email: rcooks@winstoncooks.com*

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person or persons to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message.