# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **MAXIE MCNABB,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-0664-MHT** |
| **v.** | ) | |
| | ) | |
| **SANDERS LEAD COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS AND EXHIBIT LIST

Comes Now, the Plaintiff, by and through his undersigned counsel of record and responds to the Defendant's Objections to Plaintiff's Witness and Exhibit list. The Plaintiff would show unto the Court as follows:

1.      On December 4, 2006, this Court entered a Uniform Scheduling Order setting forth deadlines the parties were to abide by in the instant case.  One such deadline was that all discovery in this matter was due by June 29, 2007.  Another deadline was that the Parties were to exchange witness and exhibit lists forty days before trial with any objections due fifteen days before trial.

2.      On October 17, 2007, pursuant to the Federal Rules of Civil Procedure and the Uniform Scheduling Order entered by this Court, the parties exchanged witness and exhibit lists.

3.      On November 9, 2007, the Defendant filed objections to the Plaintiff's Witness and Exhibit List.  The Defendant objects to the Plaintiff being able to use the following witnesses at the trial of this matter: Nicholas O'Brian Williams, Randolph E. Harley, III, Robert Brundidge, Jr., Bobby Taylor Streeter, Timothy Rayborn, Anthony L. Duncan, Edward Meadows, and Joe Owens.

4.      The basis of the Defendant's objection with regard to each of these witnesses, with the exception of Joe Owens,  is that because they were not disclosed before the close of discovery the Plaintiff should be barred from using them at trial.  The Defendant's contention in this regard is misleading and inaccurate.

5.      First, with regard to Joe Owens, the Plaintiff served the Defendant with his Initial Disclosures on January 16, 200 and within those disclosures the Plaintiff listed Joe Owens as a witness who may have knowledge of the allegations raised in his Complaint.  The Plaintiff did not have an address or phone number for Mr. Owens and stated as much.

6.      In the Plaintiff's deposition, which the Defendant took one day before the close of discovery, the Plaintiff informed the Defendant how and where it could get in touch with Mr. Owens,  if need be.  (Ex. 1, See, Pl's. Dep. pp. 62-64).  After the Plaintiff's deposition, the Defendant chose not to attempt to contact Mr. Owens and never sought an extension of time in which to take his deposition, which it could have

2

done.  Moreover, the Defendant has not shown that the Plaintiff actively sought to conceal Owens's identity or acted in bad faith in any way.  *Anderson v. Cagle's*, 2005 WL 3873160 (M.D. Ga.).  Furthermore, any prejudice to the Defendant by not taking Owens's deposition is its own fault because as it could have requested more time if it really felt that Owens's testimony was crucial to any defenses it may assert at trial.  *See, LaMothe v. Bal Harbour 101 Condominium Ass'n, Inc.,* 2007 WL 781909 (S.D. Fla.).

7.      With regard to the other witnesses objected to, the Plaintiff learned of the names and addresses of these individuals from the Defendant itself.  On January 17, 2007, the Plaintiff served the Defendant with Plaintiff's First Interrogatories and Request for Production of Documents.  The Defendant responded to the Plaintiff's discovery request on February 16, 2007 and supplied a list of its employees delineated by name, department, date of birth and date of hire.  Because the Defendant's discovery responses were deficient, the Plaintiff, after unsuccessfully attempting to get satisfactory responses without the Court's intervention, filed a Motion to Compel the production of documents reflective of the work histories of the employees listed by the Defendant in its earlier production.

8.      While the Motion to Compel was pending, the Plaintiff used the information he had received to respond to Defendant's Motion for Summary Judgment.  Plaintiff

3

also filed a Motion to Leave the Record Open pending the Court's decision regarding his Motion to Compel. (See Doc. No. 25, 26, 27). The Court granted the Plaintiff's Motion to Compel and Ordered the Defendant to produce records relating to discipline, attendance, and tardiness received by individuals hired, transferred or promoted to vacant positions within the division where the Plaintiff worked, which it did. (See Doc. No. 24).

9.     Based on these discovery responses, the Plaintiff was able to show in his response at summary judgment that the Defendant had rehired employees with worse employment records than himself. The Defendant knew that these persons could be potential witnesses in this matter at least by July 2, 2007 because their names were mentioned in the Plaintiff's response to summary judgment. It had the identity, names, and addresses of these persons and has complete and unfettered access to them because they are its own current or former employees. For the Defendant to now cry "foul" to the Court because it has failed to talk to these persons or sought to take their deposition is disingenuous as it has known about them for approximately four months and has always had their contact information. Therefore, the Defendant's objections to the Plaintiff's witness designations should be overruled.[1]

_____

[1]If the Court were to sustain the Defendant's objections regarding these witnesses, which it should not, the Plaintiff will request at trial to use these witnesses for purposes of rebuttal and impeachment as allowed by the Federal Rules of Civil Procedure and the Uniform Scheduling

11.    The Defendant also objects to each and every one of the Plaintiff's exhibits on the basis that the Plaintiff has failed to provide copies of these documents to the Defendant and that such has severely prejudiced the Defendant in that they have not been afforded an opportunity to inspect and review said documents.

12.    The Plaintiff emailed his exhibits to the Defendant, by and through his undersigned counsel of record on October 17, 2007.  (See Ex. 2, Emails Encl. Exhibits and Witness and Exhibit List).  The Defendant's counsel's email server rejected these emails.  (See Ex. 3, Emails Rejecting Pl.'s Exhibits).  Plaintiff stated this fact in a separate email on that same day and informedthe Defendant that his witness and exhibit list would follow by mail and that they were the Plaintiff's "summary judgment exhibits."  (See Ex. 4, Email Detailing Problem).

13.    While the Plaintiff did inadvertently neglect to physically mail a copy of these exhibits to the Defendant, the Defendant already had a copy of these exhibits in its possession because the Plaintiff filed these exhibits with the Court and the Defendant as part of his response to Defendant's Motion for Summary Judgment on July 2, 2007.   They are the same documents with no additions.

---

Order of this Court.  *LaMothe v. Bal Harbour 101 Condominium Ass'n, Inc.,* 2007 Wl 78199 (S.D. Fla.).

14.    This inadvertent error was harmless and no irreparable harm has inured to the

Defendant. *AllState Insurance Co., v. Jackson,* 2007 WL 3287369 (S.D.Ala.); *Kelley*

*Foods of Alabama, Inc.v. Myers Nissi & Company, Inc.,* 2006 WL 2290835.

Therefore, any objection to these documents being used at trial for this reason or any

other reason is wholly without merit and frivolous.[2]

Based on the foregoing, the Defendant's Objections to Plaintiff's Witness and

Exhibit List are due to be overruled.

Respectfully submitted,

/s/Roderick T. Cooks
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

---

[2]Defendant specific objections to Plaintiff's Exhibits 1, 2, and 25 are equally without merit.  Plaintiff's Exhibit 1, his declaration, is proper under 28 U.S.C. § 1746.   Plaintiff's Exhibit 2 is relevant to any computation or calculation of compensatory and/or punitive damages. Plaintiff's Exhibit 25 is a sworn statement attested to by a Notary Public and it authenticity can be tested at trial.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and/or U. S. Mail, postage prepaid and addressed to them as follows:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116

Done this the 13th day of November, 2007.

/s/Roderick T. Cooks
Of Counsel

7

Ex. 1

1    Q   About how far away were y'all from Mr. Owens,

2  approximately?

3    A   Okay.  Take, for instance, you're Sam, he was

4  standing outside in the hallway.

5    Q   So if I said approximately 15 feet away, could

6  you agree to that?

7    A   That could possibly be it.

8    Q   Okay.  Have you had any discussions with

9  Mr. Owens regarding this case?

10    A   We talk.  We talk.  We don't discuss this case.

11    Q   Have you had any discussions with him regarding

12  his application?

13    A   No.

14    Q   Do you know if he was hired?

15    A   He works somewhere else.

16    Q   Did he apply?

17    A   Did he turn an application in?  I have no idea.

18    Q   But you say you both went --

19    A   We both went and got an application.

20    Q   Okay.  Where does he work?

21    A   He works in New Hope, somewhere down there.

22    Q   Does he live here in Pike County?

23    A   Yes.

24    Q   Do you know his address?

25    A   No.

63

1    Q    Do you know his phone number?

2    A    No.

3    Q    Do you know any way to get in contact with him?

4    A    Yes.  I can get in contact with him.

5    Q    How do you get in contact with him?

6    A    I just do.  If I need him today, I can get in

7    contact with some of his family members.

8    Q    Okay.  How?

9    A    How?

10    Q    Yeah.  I mean, do you physically go see them

11    and --

12    A    Yes.

13    Q    Where do you go to see them?

14    A    I go up by the Beeline.  It's a -- which is a

15    gathering place, and I can find out there.

16    Q    Well, there's four Beelines in town.  Which one

17    are you talking about?  There might be five Beelines in

18    town.

19    A    It would be on South Brundidge going toward the

20    curb market, if you're familiar with the curb market,

21    there's a Beeline over that way.

22    Q    Right up here?  This is -- our office here is on

23    South Brundidge.

24    A    Well, Three Notch.  Three Notch.

25    Q    Okay.  So you're talking about the one that is

1  across from what used to be the IGA?

2    A   Yes.

3    Q   And if you needed to get in touch with

4  Mr. Owens, does he live here in Troy?

5    A   Yes.

6    Q   Do you know where he lives?

7    A   I believe he lives in West End.

8    Q   Do you know which street he lives on?

9    A   No, sir.

10    Q   Does he live in an apartment?

11    A   No, sir.

12    Q   Does he live in a house?

13    A   Lives in a house.

14    Q   Would you recognize the house if you saw it?

15    A   Yes.

16    Q   And you state that you do not know his phone

17  number?

18    A   No.

19             MR. BAKER:  Okay.  All right.  Off the

20         record for a minute.

21            (A discussion took place off the

22            record.)

23            (A brief recess was taken.)

24  BY MR. BAKER:

25    Q   All right.  Mr. McNabb, while we were on that

Stephanie D. Garrett, CCR, CSR - (334)566-2039

Pl's. Ex. 2

## Roderick Cooks

| From: | Roderick Cooks [rcooks@winstoncooks.com] |
|---|---|
| Sent: | Wednesday, October 17, 2007 5:36 PM |
| To: | 'mbaker@troycable.net' |
| Cc: | 'Lee Winston' |
| Subject: | McNabb v. Sanders Lead Co., Inc. |

**Attachments:** Witness and Exhibit List.wpd; Witness and Exhibit List.wpd; Pl.'s Exs.#1-#3.pdf; Pl.'s Exs. #4-#7.pdf

Matt, attached are our witness and exhibit list and the accompanying exhibits   Just as a heads up, I am going to break up the exhibits and send them in several emails

Thanks

**Roderick T. Cooks, Esq.**
**Winston Cooks, LLC**
The Penick Building
319 - 17th Street North, Suite 200
Birmingham AL 35203
Contact:  (205) 502-0970
Cellular:  (205) 616-3349
Fax:       (205) 251-0231
Email:     rcooks@winstoncooks.com

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person or persons to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message.

## Roderick Cooks

| | |
|---|---|
| **From:** | Roderick Cooks [rcooks@winstoncooks.com] |
| **Sent:** | Wednesday, October 17, 2007 5:38 PM |
| **To:** | 'mbaker@troycable.net' |
| **Subject:** | McNabb v. Sanders Lead Co., Inc. |

**Attachments:** Pl.'s Exs. #8-#12.pdf; Pl.'s Exs. #13-#16.pdf; Pl.'s Exs. #17-#18.pdf

**Roderick T. Cooks, Esq.**
**Winston Cooks, LLC**
The Penick Building
319 - 17th Street North, Suite 200
Birmingham AL 35203
Contact:  (205) 502-0970
Cellular:  (205) 616-3349
Fax:       (205) 251-0231
Email:     rcooks@winstoncooks.com

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person or persons to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message.

## Roderick Cooks

| | |
|---|---|
| **From:** | Roderick Cooks [rcooks@winstoncooks.com] |
| **Sent:** | Wednesday, October 17, 2007 5:39 PM |
| **To:** | 'mbaker@troycable.net' |
| **Subject:** | McNabb v. Sanders Lead Co. Inc. |

**Attachments:** Pl.'s Exs. #19-#20.pdf; Supplemental Exhibit 1.pdf; Supplemental Exhibit 2.pdf

**Roderick T. Cooks, Esq.**
**Winston Cooks, LLC**
The Penick Building
319 - 17th Street North, Suite 200
Birmingham AL 35203
Contact: (205) 502-0970
Cellular: (205) 616-3349
Fax:    (205) 251-0231
Email:    rcooks@winstoncooks.com

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person or persons to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message.

11/12/2007

Pl's. Ex. 3

**Roderick Cooks**

| From: | MAILER-DAEMON@ws6-1.us4.outblaze.com |
| Sent: | Wednesday, October 17, 2007 5:40 PM |
| To: | rcooks@winstoncooks.com |
| Subject: | failure notice |

Hi. This is the qmail-send program at ws6-1.us4.outblaze.com.
I'm afraid I wasn't able to deliver your message to the following addresses.
This is a permanent error; I've given up. Sorry it didn't work out.

<mbaker@troycable.net>:
66.21.97.10 failed after I sent the message.
Remote host said: 554 5.7.1 This message is larger than the configured limit and has been
blocked. (Troy Cable)

--- Below this line is a copy of the message.

Return-Path: <rcooks@winstoncooks.com>
Received: (qmail 32489 invoked from network); 17 Oct 2007 22:37:42 -0000
Received: from unknown (HELO toshibauser) (rcooks@winstoncooks.com@72.12.55.140)
  by ws6-1.us4.outblaze.com with SMTP; 17 Oct 2007 22:34:00 -0000
Return-Receipt-To: "Roderick Cooks" <rcooks@winstoncooks.com>
From: "Roderick Cooks" <rcooks@winstoncooks.com>
To: <mbaker@troycable.net>
Cc: "'Lee Winston'" <lwinston@winstoncooks.com>
Subject: McNabb v. Sanders Lead Co., Inc.
Date: Wed, 17 Oct 2007 17:36:09 -0500
Message-ID: <!&!
AAAAAAAAAAAYAAAAAAAAAEshOpz7R1dOnb3BC6hjcaTCgAAAEAAAAIwNXzMb1r9GoKI8FnFjnvIBAAAAAA==@wins
toncooks.com>
MIME-Version: 1.0
Content-Type: multipart/mixed;
      boundary="----=_NextPart_000_0000_01C810E4.35319950"
X-Mailer: Microsoft Office Outlook 11
Thread-Index: AcgRDhytltqVuCd+T56Ce9zzEOYY9w==
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2900.3198
Disposition-Notification-To: "Roderick Cooks" <rcooks@winstoncooks.com>

This is a multi-part message in MIME format.

------=_NextPart_000_0000_01C810E4.35319950
Content-Type: multipart/alternative;
      boundary="----=_NextPart_001_0001_01C810E4.33365440"


------=_NextPart_001_0001_01C810E4.33365440
Content-Type: text/plain;
      charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable

Matt, attached are our witness and exhibit list and the accompanying
exhibits   Just as a heads up, I am going to break up the exhibits and =
send
them in several emails=20

=20

Thanks

=20

Roderick T. Cooks, Esq.

1

**Roderick Cooks**

| | |
|---|---|
| **From:** | MAILER-DAEMON@ws6-1.us4.outblaze.com |
| **Sent:** | Wednesday, October 17, 2007 5:42 PM |
| **To:** | rcooks@winstoncooks.com |
| **Subject:** | failure notice |

Hi. This is the qmail-send program at ws6-1.us4.outblaze.com.
I'm afraid I wasn't able to deliver your message to the following addresses.
This is a permanent error; I've given up. Sorry it didn't work out.

<mbaker@troycable.net>:
66.21.97.10 failed after I sent the message.
Remote host said: 554 5.7.1 This message is larger than the configured limit and has been
blocked. (Troy Cable)

--- Below this line is a copy of the message.

Return-Path: <rcooks@winstoncooks.com>
Received: (qmail 11429 invoked from network); 17 Oct 2007 22:41:02 -0000
Received: from unknown (HELO toshibauser) (rcooks@winstoncooks.com@72.12.55.140)
  by ws6-1.us4.outblaze.com with SMTP; 17 Oct 2007 22:36:10 -0000
Return-Receipt-To: "Roderick Cooks" <rcooks@winstoncooks.com>
From: "Roderick Cooks" <rcooks@winstoncooks.com>
To: <mbaker@troycable.net>
Subject: McNabb v. Sanders Lead Co. Inc.
Date: Wed, 17 Oct 2007 17:39:03 -0500
Message-ID: <!&!
AAAAAAAAAAAYAAAAAAAAAEshOpz7R1dOnb3BC6hjcaTCgAAAEAAAAKfW63e1xe1Hv0ZOC/hM/fEBAAAAAA==9wins
toncooks.com>
MIME-Version: 1.0
Content-Type: multipart/mixed;
        boundary="----=_NextPart_000_000A_01C810E4.9EA34FF0"
X-Mailer: Microsoft Office Outlook 11
Thread-Index: AcgRDoSkaWLdxMt2QgSDQB9eAJgKEg==
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2900.3198
Disposition-Notification-To: "Roderick Cooks" <rcooks@winstoncooks.com>

This is a multi-part message in MIME format.

------=_NextPart_000_000A_01C810E4.9EA34FF0
Content-Type: multipart/alternative;
        boundary="----=_NextPart_001_000B_01C810E4.9EA34FF0"

------=_NextPart_001_000B_01C810E4.9EA34FF0
Content-Type: text/plain;
        charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable

=20

=20

Roderick T. Cooks, Esq.

Winston Cooks, LLC

The Penick Building

319 - 17th Street North, Suite 200

Birmingham AL 35203

1

## Roderick Cooks

| | |
|---|---|
| **From:** | MAILER-DAEMON@ws6-1.us4.outblaze.com |
| **Sent:** | Wednesday, October 17, 2007 5:43 PM |
| **To:** | rcooks@winstoncooks.com |
| **Subject:** | failure notice |

Hi. This is the qmail-send program at ws6-1.us4.outblaze.com.
I'm afraid I wasn't able to deliver your message to the following addresses.
This is a permanent error; I've given up. Sorry it didn't work out.

<mbaker@troycable.net>:
66.21.97.10 failed after I sent the message.
Remote host said: 554 5.7.1 This message is larger than the configured limit and has been
blocked. (Troy Cable)

--- Below this line is a copy of the message.

Return-Path: <rcooks@winstoncooks.com>
Received: (qmail 12864 invoked from network); 17 Oct 2007 22:41:28 -0000
Received: from unknown (HELO toshibauser) (rcooks@winstoncooks.com@72.12.55.140)
  by ws6-1.us4.outblaze.com with SMTP; 17 Oct 2007 22:35:21 -0000
Return-Receipt-To: "Roderick Cooks" <rcooks@winstoncooks.com>
From: "Roderick Cooks" <rcooks@winstoncooks.com>
To: <mbaker@troycable.net>
Subject: McNabb v. Sanders Lead Co., Inc.
Date: Wed, 17 Oct 2007 17:37:35 -0500
Message-ID: <!&!
AAAAAAAAAAAYAAAAAAAAAEshOpz7R1dOnb3BC6hjcaTCgAAAEAAAAJf3RKimJhdNsM9wscfZZBMBAAAAAA==@wins
toncooks.com>
MIME-Version: 1.0
Content-Type: multipart/mixed;
        boundary="----=_NextPart_000_0005_01C810E4.692242A0"
X-Mailer: Microsoft Office Outlook 11
Thread-Index: AcgRDk/mGShKH/ZhS5CfQOJZuP9LeA==
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2900.3198
Disposition-Notification-To: "Roderick Cooks" <rcooks@winstoncooks.com>

This is a multi-part message in MIME format.

------=_NextPart_000_0005_01C810E4.692242A0
Content-Type: multipart/alternative;
        boundary="----=_NextPart_001_0006_01C810E4.692242A0"


------=_NextPart_001_0006_01C810E4.692242A0
Content-Type: text/plain;
        charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable

=20

=20

Roderick T. Cooks, Esq.

Winston Cooks, LLC

The Penick Building

319 - 17th Street North, Suite 200

Birmingham AL 35203

1

Pl's. Ex. 4

## Roderick Cooks

| From: | Roderick Cooks [rcooks@winstoncooks.com] |
|---|---|
| Sent: | Wednesday, October 17, 2007 6:13 PM |
| To: | 'mbaker@troycable.net' |
| Subject: | McNabb v. Sanders lead Compnay, Inc. |

Attachments: Witness and Exhibit List.wpd; Letter Regarding Witness and Exhibit List.wpd

| Tracking: | **Recipient** | **Read** |
|---|---|---|
| | 'mbaker@troycable.net' Read: 10/18/2007 12:55 PM |

Matt the files containing our trial exhibits that I have sent to you are too big because your server is rejecting them.   Enclosed with this email is the witness and exhibit list and  a cover letter.  I will mail the exhibits to you tomorrow.  They are our summary judgment materials.

thanks

**Roderick T. Cooks, Esq.**
**Winston Cooks, LLC**
The Penick Building
319 - 17th Street North, Suite 200
Birmingham AL 35203
Contact:  (205) 502-0970
Cellular:  (205) 616-3349
Fax:       (205) 251-0231
Email:     rcooks@winstoncooks.com

This email is covered by the Electronic Communications Privacy Act. 18 U.S.C. §§2510-2521 and is legally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person or persons to whom this email message is addressed. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message.