# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **MAXIE MCNABB,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-0664-MHT** |
| **v.** | ) | |
| | ) | |
| **SANDERS LEAD COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S FIRST MOTIONS IN LIMINE

**COMES NOW** the Plaintiff, Maxie McNabb, in the above-styled case,

pursuant to Rules 401, 402, 403, 404, 609, and 803 of the Federal Rules of Evidence,

applicable Eleventh Circuit case law, and the Court's Scheduling Order, and moves

to exclude from the trial of this case all evidence, questioning, argument, documents

or testimony pertaining to the evidentiary matters as fully set out below.  As grounds

for this motion, the Plaintiff states the following:

## EVIDENCE REGARDING THE DETERMINATION/ DISMISSAL AND NOTICE OF RIGHT TO SUE ISSUED BY THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION TO PLAINTIFF

1.    The Defendant lists the Interview Notes from an EEOC Investigation

done with regard to the Plaintiff's allegations as an exhibit it expects to use at the trial

of this matter.  Such evidence should be excluded under Federal Rules of Evidence

403, 803(c) and applicable Eleventh Circuit law.  This Circuit has held that while

EEOC determinations are generally admissible at bench trials, they may be excluded from evidence in jury trials. *Barfield v. Orange County,* 911 F.2d 644, 648 (11th Cir. 1990), reh'g denied, 920 F.2d 13 (11th Cir. 1990). The Eleventh Circuit has clarified its position with regard to the admissibility of EEOC determinations in jury trials:

> In this circuit, it is well established that EEOC determinations are generally admissible in bench trials. We have not seen fit, however, to apply the same liberal admissibility rule to determination letters in jury trials. In particular, the distinction between a bench and a jury trial may affect the district court's analysis of a determination letter's admissibility under Federal Rule of Evidence 403.
>
> The admission of an EEOC report, in certain circumstances, may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more. *Walker v. Nations Bank of Florida,* 53 F.3d 1548, 1554 (11th Cir. 1995).

2.      Moreover, an EEOC determination may be excluded if it raises questions of trustworthiness under Fed.R.Evid. 803(8)(c). *Barfield,* 911 F.2d at 650. The EEOC Interview notes raise questions of trustworthiness as no basis for the EEOC's conclusion is given, no through explanation of the deliberative process is made, and no specific findings of fact are given with regard to Plaintiff's charge. In order to determine the trustworthiness of the document, it would require the parties to conduct a trial within a trial as Plaintiff would be required to call the EEOC investigator to testify regarding the EEO process, his/her deliberations with regard to each of the

Plaintiff's allegations and the grounds upon which he/she based the determinations. Accordingly, in the instant case, the EEOC interview notes should be excluded because they raise questions of trustworthiness and because the potential probative value of them are substantially outweighed by the danger of creating unfair prejudice in the minds of the jurors and confusion of the issues.

## EVIDENCE REGARDING WARNING NOTICES ISSUED TO MCNABB

3.     The defendant has also identified via its Exhibit List for trial its intent to introduce a stack of Warning Notices issued to the Plaintiff going back as far as ten years.  The last Warning Notice the Plaintiff received was on May 2, 2005, approximately ten and twelve months, after his reapplying for work with the Defendant.  For the reasons as set forth herein, such evidence is irrelevant, immaterial, would result in undue and unfair prejudice to the Plaintiff, and would confuse the jury and is thus due to be excluded from trial pursuant to Federal Rules of Evidence 401, 402 and 403.

4.     It is undisputed in this case that the Plaintiff was not rehired in March or May of 2006. The Defendant now wants to introduce wholly irrelevant evidence regarding the Warning Notices the Plaintiff received approximately one year earlier.

3

5.    Federal Rule of Evidence 402 states that only evidence which is relevant to the legal issues in this case may be admitted as competent evidence. "Relevant" evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it wold be without the evidence." Fed.R.Evid. 401.  As set out above, the evidence sought to be introduced by the defendant has no relevance to the legal issues at hand of whether the Plaintiff was subjected to age discrimination and retaliation nor to the Defendant's defenses to said claims.  Thus, such evidence is irrelevant and excludable under Fed.R.Evid. 401 and 402.

6.    However, even if this Court finds that the above evidence has some probative value, it is still excludable under Fed.R.Evid. 403, as such evidence is substantially more prejudicial than probative and would serve only to unfairly prejudice the Plaintiff and to confuse and mislead the jurors.  Fed.R.Evid. 403 only allows for the admission of relevant evidence which is not unduly prejudicial.  As the comments to Rule 403 state, the Rule is intended to prohibit evidence which, although may have somewhat probative value, should be excluded based on the fact that it may induce a decision based on emotion or prejudice.   See, Fed.R.Evid., Advisory Committee Notes, 1972.

4

7.     Rule 403 also allows the exclusion of evidence which may confuse the jury.  In the instant case, the pertinent legal issues are whether the Defendant discriminated against the Plaintiff on the basis of his age and whether it retaliated against him for reporting and opposing said discrimination.  The subsequent Warning Notices, some of which are ten-years old, are unrelated to the above stated queries and have little, if any, probative value.  Accordingly, the potential for unfair prejudice substantially outweighs any probative value such evidence may have and it is due to be excluded under Fed.R.Evid. 403.  Further, allowing evidence which focuses on such issues will only serve to prejudice the Plaintiff and confuse the jury, as it will tend to focus the jury on the prior job performance of McNabb which is not at issue nor relevant to any element of any claim or defense in this matter.  Further, certain members of the jury may find such evidence objectionable and may decide this case on that basis.  Thus, such evidence is further due to be excluded pursuant to Fed.R.Evid. 403.

## EVIDENCE REGARDING PLAINTIFF'S PAST CRIMINAL HISTORY AND/OR ARREST RECORD

8.     At deposition Plaintiff was questioned and/or testified about his past involvement with the police, including being arrested several times in the 70's, 80's and 90's for various offenses such as  DUI, DWI, and carrying a pistol without a

5

permit. None of these instances, or any documents, testimony or other evidence regarding each of them, are admissible and should be excluded under Federal Rules of Evidence 402, 403, 404, and 609.

9.    First, such evidence is wholly irrelevant as it has absolutely no bearing on the legal issues presently at bar. As already set out herein, Fed.R.Evid. 402 states that only evidence which is relevant to the legal issues in this case may be admitted as competent evidence and "relevant" evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

10.    Plaintiff's past involvement with law enforcement is simply not relevant to the legal issues at hand of whether the Plaintiff was discriminated against and subsequently retaliated against in response to his complaint of such discrimination. Such evidence would in no way have any tendency to make any fact of consequence in this suit more probable or less probable than it would be absent such evidence; thereby rendering such evidence absent of any probative value and inadmissible under Fed.R.Evid. 402.

11.    Even if such evidence was found to be marginally relevant, it is excludable under Fed.R.Evid. 403 as it would be unduly and unfairly prejudicial to

6

Plaintiff and would serve only to confuse and mislead the jurors. In the instant case, the pertinent legal issues are whether the Defendant discriminated against the Plaintiff based on his age and whether the Defendant retaliated against the Plaintiff for his report of said discrimination.

12.    Plaintiff's past involvement with law enforcement and his arrest and/or conviction record have little, if any, probative value in this suit. Accordingly, the potential for unfair prejudice to Plaintiff substantially outweighs any probative value such evidence may have and it is due to be excluded under Fed.R.Evid. 403. Further, allowing evidence which focuses on such issues will only serve to prejudice the Plaintiff and confuse the jury, as it will tend to focus the jury on aspects of the Plaintiff's past and lifestyle which are not at issue.

13.    What is more, certain members of the jury may find such evidence objectionable and may decide this case on that basis. Thus, such evidence is due to be excluded pursuant to Fed.R.Evid. 403. Likewise, such evidence is inadmissible character evidence under Fed.R.Evid. 404. Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Plaintiff anticipates the Defendant will attempt to introduce evidence of the past crimes, wrongs, or acts described above in order to show the Plaintiff's "bad" character and

to show conformity therewith, as such evidence would have no other possible relevance in this case other than to show "conformity," as is expressly precluded by the Rule. Accordingly, such evidence of Plaintiff's past arrest and/or conviction record is inadmissible character evidence under Fed.R.Evid. 404.

14.    Such evidence concerning convictions is also inadmissible pursuant to Fed.R.Evid 609(a) which states that evidence that a witness has been convicted of a crime is to be admitted only if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the Court determines that the probative value of admitting this evidence outweighs its prejudicial effect, or the crime involved dishonesty or false statement, regardless of punishment. Therefore, any evidence of Plaintiff's conviction for crimes not involving dishonesty or false statement should not be allowed.

### EVIDENCE REGARDING THE PLAINTIFF'S PAST HISTORY OF ALCOHOL AND/OR NON-PRESCRIPTION DRUG USE

15.    At deposition the Plaintiff was questioned and/or testified about his past history of alcohol and/or non-prescription drug use. (Ex. 1, McNabb Dep. pp. 23-24). None of these instances, or any documents, testimony or other evidence regarding them, are admissible and should be excluded under Federal Rules of Evidence 402, 403 and 404.

16.    Plaintiff anticipates the Defendant will try to present evidence at trial regarding the Plaintiff's use of alcohol and other drugs as set out above. Such evidence is due to be excluded as it is wholly irrelevant to this action. Federal Rule of Evidence 402 states that only evidence which is relevant to the legal issues in this case may be admitted as competent evidence. "Relevant" evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

17.    Plaintiff's use of alcohol and/or non-prescription drugs is not relevant to the legal issues at hand of whether the Plaintiff was discriminated against because of his age and whether he was subsequently retaliated against in response to his complaint of such discrimination.

18.    The Defendant has at no time plead or otherwise asserted any form of Defense to Plaintiff's claims which would conceivably establish any basis of relevance for such evidence. The Defendant has never made any assertion that any actions were taken against the Plaintiff because of his alleged use of alcohol and/or non-prescription drugs.

19.    However, even if this Court were to find that the above evidence has some probative value, it is still excludable under Fed.R.Evid. 403, as such evidence

9

is substantially more prejudicial than probative and would serve only to unfairly prejudice the Plaintiff and to confuse and mislead the jurors.  Fed.R.Evid. 403 only allows for the admission of relevant evidence which is not unduly prejudicial.  As the comments to Rule 403 state, the Rule is intended to prohibit evidence which, although may have somewhat probative value, should be excluded based on the fact that it may induce a decision based on emotion or prejudice.  See, Fed.R.Evid., Advisory Committee Notes, 1972.  Rule 403 also allows the exclusion of evidence which may confuse the jury.

20.    In the instant case, the pertinent legal issues are whether the Defendant subjected Plaintiff to discrimination on the basis of age and whether the Defendant retaliated against the Plaintiff for his report of said discrimination.  Plaintiff's struggles with alcohol and non-prescription drug use have little, if any, probative value.  Accordingly, the potential for unfair prejudice substantially outweighs any probative value such evidence may have and it is due to be excluded under Fed.R.Evid. 403.

21.    Further, allowing evidence which focuses on such issues will only serve to prejudice the Plaintiff and confuse the jury, as it will tend to focus the jury on the Plaintiff's private activities and lifestyle which are not at issue.  Further, certain members of the jury may find such evidence objectionable and may decide this case

on that basis.  Thus, such evidence is due to be excluded pursuant to Fed.R.Evid. 403.

22.    Likewise, such evidence is inadmissible character evidence under Fed.R.Evid. 404.  Specifically, Fed.R.Evid. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Similarly, under Fed.R.Evid. 404(a), other forms of circumstantial "evidence of a person's character or a trait of character" is not admissible for the same purpose.

23.    Despite the absolute irrelevancy of said evidence, Plaintiff anticipates the Defendant may attempt to introduce such evidence, either circumstantially or via evidence of past acts, in order to show the Plaintiff's alleged "bad" character and to show conformity therewith, as such evidence would have no other possible relevance in this case other than to show "conformity," as is expressly precluded by the Rule. Accordingly, such evidence of Plaintiff's use of alcohol and/or non-prescription drugs is inadmissible character evidence under Fed.R.Evid. 404.

WHEREFORE, PREMISES CONSIDERED, pursuant to Rules 401, 402, 403, 404, 609, and 803 of the Federal Rules of Evidence and applicable Eleventh Circuit case law, the Plaintiff respectfully requests this Honorable Court to enter an Order excluding from the trial of this case all evidence and questioning relating to any of the evidentiary matters as addressed above.

11

Respectfully submitted,

/s/Roderick T. Cooks
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and/or U. S. Mail, postage prepaid and addressed to them as follows:

Matthew M. Baker, Esq.
Cervera, Ralph & Reeves, LLC
P.O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116

Done this the 13th day of November, 2007.

/s/Roderick T. Cooks
Of Counsel

Pl's. Ex. 1

22

1    Q   Crenshaw County?

2    A   I believe I have a nephew live over there.

3    Q   What's his name?

4    A   James Terry.

5    Q   Anybody else in Crenshaw County?

6    A   No.

7    Q   All right.  Elmore County?

8    A   No.

9    Q   All right.  Mr. McNabb, have you ever filed for

10  bankruptcy?

11    A   No.

12    Q   Have you ever been to see a psychiatrist or a

13  psychologist for any reason?

14    A   No.

15    Q   In your lifetime?

16    A   No.

17    Q   Have you ever been treated for depression by any

18  physician?

19    A   No.

20    Q   Including for this lawsuit?

21    A   No.

22    Q   All right.  Have you ever been diagnosed with

23  any mental illness in your lifetime?

24    A   Mental illness?  No.

25    Q   Have you ever sought treatment for alcohol or

23

1    drugs in your lifetime?

2       A    Yes.

3       Q    When was that?

4       A    It was in the '90.  '92.

5       Q    '92?

6       A    '92.

7       Q    Was that after you started your first job at

8    Sanders Lead?

9       A    Yes.  I worked there a month, I resigned, and

10   then I went into rehab.

11      Q    And I'm gonna show you what's now called a

12   change of employee status form that they have at the

13   lead plant.  And this shows on October 15th of '92, you

14   left for the reason of going to drug treatment or

15   alcohol treatment program.

16      A    Uh-huh.

17      Q    Do you agree with everything on there?

18      A    It's all right.

19      Q    That's okay with you?

20      A    Yeah.

21            MR. BAKER:  Okay.  I'm gonna mark that

22         as Defendant's Exhibit 3.

23              (Defendant's Exhibit No. 3 was marked

24              for identification.)

25   BY MR. BAKER:

      Stephanie D. Garrett, CCR, CSR - (334)566-2039

1    Q   Other than that time in the early '90s where you

2  sought treatment for alcohol or drugs -- was that time

3  alcohol or drugs?  Do you remember?

4    A   It was both.

5    Q   All right.  Other than that time, have you

6  sought treatment since then?

7    A   No.  No.  I'm clean and sober.

8    Q   All right.  After you got --

9    A   I mean, yes, I've had -- I had some relapses in

10  the '90s, but since then, I've been clean and sober for

11  at least since the late '90s.

12    Q   As part of -- you testified earlier that you do

13  remember getting arrested for two DUIs or DWIs.

14    A   Yes.  Yes.

15    Q   As part of either of those sentences, were you

16  ordered to complete an alcohol program?

17    A   Well, I could -- oh, for the county?  Yes.

18    Q   Did you complete those?

19    A   I completed all but one day.

20    Q   All but one day?

21    A   One day.  I had my license reinstated.

22    Q   What was your reason for not completing that

23  last day?

24    A   I don't recall.

25    Q   All right.  Are you currently employed?